UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIVIL RIGHTS COMPLAINT
"AMENDED COMPLAINT"

ANDRES R. SOSA.#260589
    Plaintiff(s)

V.

Corr Officer Christopher Sweet et al.                    Case No. 3:20-CV-00382-VLB.

Corr Officer David Evans.                                        "JURY DEMAND"

Corr Officer L'T Brian Stadalnik.

Corr Officer  L'T Raun Kudzal.

Warden ROBERT MARTIN.

DOC Dir of Security ANTONIO SANTIAGO.

Corrigan Corr Health Svs administrator-
RONALD J. LABONTE.

Corr Counselor MICHELLE KING.

Corr Commissary Lead Operator
KEITH STACK.

Corr Commissary Manager Supervisor
MIKKI PLUS.

A.PARTIES

1. ANDRES R. SOSA.#260589 is a citizen of New York, Miami, Dom-Rep Who
    (Plaintiff)                                  (State)

presently resides at  900 Highland Avenue-Cheshire, Connecticut. 06410-1668.
                                      (mailing address)

2. Defendant  C/O Christopher Sweet, et al. is a citizen of  Connecticut and/or RI
                  (name of first defendant)                        (State)

whose address is  986 Norwich-New London TPKE--Uncasville, Conn. 06382.

and who is employed as  Connecticut Correctional Officer for DOC
                              (title and place of employment)

SCANNED at Cheshire CJ
and Emailed
9-15-2020  by MT . 134 pages
 date        initials   No.

1

CONTINUANCE FROM FIRST PAGE _____: "A.PARTIES".

PETER J. MURPHY
DISTRICT ADMINISTRATOR FOR DIST-II

MICKEY GILLETTE
CORRECTIONAL-LIEUTENANT

JOSEPH IOZZIA
CORR OFFICER LIEUTENANT

MR, CHRONIN CORR-
LIEUTENANT

CHRISTOPHER MUCKLE
1st shift property officer

MR, BAUER CORR-OFFICER

JEFFREY ZEGARZEWSKI
CORR DEPUTY WARDEN

MS, COLLINS CORR-COUNSELOR
REHABILITATION PROCESS PROGRAMS & ADDICTION SVS

SHARONDA CARLOS
CORR-WARDEN

TIMOTHY HALLORAN CORR-LIEUTENANT

STEPHEN FAUCHER
CORR-WARDEN

MR, MARKOVITZ CORR-OFFICER

ANETA DHILLON CORR-REGISTER NURSE
DONNA ADAMS CONAHAN
CORR-REGISTER NURSE BSN.

KRISTINE BARONE
CORR-WARDEN

KARA PHILLIPS CORR-REGISTER NURSE

ANGEL QUIROS
CORR-DEPUTY COMMISSIONER

JENNIFER BENJAMIN RN, MSN, DPN, CLNC,
CORR-HEALTH SVS PROGRAM DIRECTOR,
HEALTH & ADDICTION SVS UNIT

MS,T.RAMOS
CORR-COUNSELOR

COLLEEN GALLAGHER, MA, CADAC, CCHP, CORR-HEALTH SVS
PROGRAM DIRECTOR QUALITY IMPROVEMENT HEALTH SERVICES.

MR,DUMAS
CORR-COUNSELOR

MARY ELLEN CASTRO DNP, APRN, ASSISTANT DIRECTOR FOR THE
CLINICAL SERVICES FOR DOC CMHC/URC

JASON NEMETH
CORR-DISCIPLINARY
OFFICER-INVESTIGATOR

MS, EBERLE CORR-LIEUTENANT DISCIPLINARY HEARING OFFICER

LAURA PALMISANO
CORR-COMMISSARY ACCOUNT MANAGER )
FOR KEEFE GROUP COMPANY

(Dr. JOHNNY WU DIRECTOR OF UCONN HEALTH CLINICAL SERVICES
FOR THE DOC CMHC/URC

JENNINE BRENNAN CORR-NURSE
MEDICAL ADMINISTRATIVE REMEDIES COORDINATOR

SHANNON CATHER
CORR-COMMISSARY OPERATOR

RICHARD Fisher DDS CORR-DENTIST

DONALD WILLIAMS
CORR-CAPTAIN
2nd shift commander

RICHARD P. BENOIT D.M.D
Dir of Dental Services Corr Managed Health Care-(CMHC)
University of Connecticut Health Center

EDWARD MALDONADO
CORR-DISTRICT-2
ADMINISTRATOR

BARCELONA NUT COMPANY/KEEFE PRISON VENDOR
BALTIMORE, MD.21223.

KEEFE DISTRIBUTOR GROUP COMPANY
ST. LOUIS, MO 63132

KIMBERLY DALY
CORR-COUNSELOR
ADMINISRATIVE REMEDIES-
COORDINATOR

CORR-OFFICER MR, CASSIDY

CORR-COUNSELOR MS, D.CRANE

**CONTINUANCE FROM FIRST PAGE "A.PARTIES"**

NEIL PERILLE
ASSISTANT ATTORNEY GENERAL

MOHEGAN TRIBES RESERVATION

NEIL KLINE
ATTORNEY FOR CHRO

RONALD McDANIEL
MAJOR CITY OF UNCASVILLE

SHANNON BOWER
CORRECTIONAL OFFICER

JOHN DOE
CORRECTIONAL OFFICER

MR. MORIN
CORRECTIONAL OFFICER

Christina Carole Wright, PSY-APRN.

Craig Burns, Psychiatric MD, PhD.

Robert Berger, Psychiatric MD, PhD.

Andrea C. Reischerl, PMHCNS-BC Psychiatric APRN.

Second defendant: stay that way for months to a year or more, c/o Evan violated my 14th, 8th, &-1st Amend to my U.S. Const Rights, **he is being suit in his Individual & Official Capacities as an employee for the State of Conn DOC & as an employee for the town of Uncasville, Conn.**

**4). Defendant:** CORRECTIONAL LIEUTENANT OFFICER **BRIAN STADALNIK,** is a citizen of: Connecticut
Name of 3rd Defendant
(State)

Whose Address is 986 Norwich-New London TPKE Uncasville, CT. 06382

and who is employed as the State of Connecticut Corrupt DOC custody supervisor for the twon of-Uncasville Conn.

(title and place of employment).

**At the time the claim(s) alleged in this complaint arose,** was this defendant acting under color of state law? **XX** Yes. If yes briefly explain:

On June 16, 2016 on/or around 3:30 P.M Stadalnik came to my cell we two of his subordinates while I was housed in H-108 cell & unit at Corrigan CC I was scort to the jail A&P where this defendant is the manager if that area and a custody supervisor he not only had the power but he at all times had the authority to order his subordinates not to do what they did to me, but instead he did approved all & every moves his subordinates in his eyes did to me he was present On 11/16/2015 when I was transfered to that prison from #136-Garner C.I with a broken right hand he was there when on 11/16/15 his subordinate 2nd shift property c/o Raun Kudzal did inventory my personal property and allowed me to keep the snekeakers black Nike Hyperfusions c/o Sweet &-Evan took from me and he did nothing he also did nothing On 11/16/15 about my broken right hand in which I didn't get no treatment at all there not even ice to put on in which I was force to carry around 200 pounds of my on personal property to the A-unit I was going to be housd at. so this defendant at all times was prsent there aware by having a clear state of mind as to the wrong done to me and instead co-conspired with his subordinates to violated my U.S. Const Rights **His being suit in his Individual & Official Capacies as a DOC employee ands as An employee for the twon of Uncasville.**

**5). Defendant:** Corr Officer **RAUN KUDZAL,** is a citizen of: Connecticut
Name of 4th Defendant
(State)
Whose Address is: 986 Norwich-New London TPKE Uncasville, CT. 06382

and who is emplyed as: a Conn Corrupt DOC Officer for the town of Uncasville Conn.

(title and place of employment

At the time claim(s) alleged in this complaint arose, was this defendant acting under color of state law? **XX** yes. If yes briefly explain:

Kudzal at the time was the 2nd shift property officer who on 11-16-2015 when the plaintiff first transfer there from #136-garner C.I, Kudzal did inventory the plaintiff personal property and give the plaintiff the property kudzal did authorized for the plaintiff to have and one of thos those things were the black Nike Hyperfusion sneakers left leg lift and soles c/o christopher-sweet did confiscated on 6-16-16 from the plaintiff and issued the plaintiff a class "B" offense disciplinary report for contraband for some shoes he allowed the plaintiff to keep while at Corrigan C.I and which sneakers the plaintiff had with him already while housed in general population there for almost eigth-(8) months & which sneakers they had inventory, check, and at the same time search before by him and his co-workers c/o sweet & c/o evans plenty of time during court trip's & even inmate property matrix inventory in the unit's and never it was any issues, so he could had stop his co-workers from doing what he allowed them to do to the plaintiff do the simple fact that at all times he was the only authorired officer to do any property deprivation since per the prison deputy warden in charged assigned him to do so on 2dn shift and not c/o sweet or c/o evan who were only assigned to admission and strip search one of each. **C/o KUDZAL is being sued in his Individual & Official Capacities as a DOC employee and as an employee for the twon of Uncasville CT.**

1

## CONTINUANCE FROM SECTION: (A). PARTIES

6). Defendant: <u>Warden Robert Martin</u>, is a citizen of: <u>Connecticut</u>
          Name of 5th defendant           State

Whose Address is: <u>1106 North Avenue Bridgeport CT. 06604.</u>

and who is employed as: <u>a DOC/Warden for the Connecticut State for the town of-</u>
<u>Uncasville Conn at the time the plaintiff Const Rights Violations Occured, and-</u>
<u>now he is at the town of Bridgeport Conn.</u>
          (title and place of employment).
At the time the claim(s) alleged in this complaint arose, was this defendant –
acting under color of state law? **XX Yes.** If yes briefly explain:

On November 16, 2015, June 16, 2016, until the plaintiff was transfer out On June 5th, 2017 to
#125-Cheshire C.I the defendant was the duputy warden of operations, and the facility incoming

property review coordinator-(FIPRC) as permitted by the Conn DOC Commissioner, pursuant to the

Administrative Directive 6.10 Inmate Property Sec: (3)-(C), and per the warden, he was responsi-

ble for the authorizing or denying of all request for incoming property items, including but not

limited to, outside tapes and compact disc's. His is **being suit in his Official and Individual-**

**capacities .**

7). Defendant: **ANTONIO SANTIAGO**, is a citizen of: <u>Connecticut</u>
          Name of 6th defendant         State

Whose Address is: <u>24 Wolcott Hill Road, Wethersfield CT. 06109</u>

and who is employed as: <u>The Director of security for Conn DOC for the town of Wethersfield and</u>
<u>at the time the plaintiff Constitutional rights violations did occured he was employed as the</u>
<u>Corrigan CC for the town of Uncasville Conn</u>
          (title & place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color
of State law? **XX yes** If yes briefly explain:

On Nov 16, 2015 & On June 16, 2016 until the plaintiff was tranfer out on June 5th, 2017 to #125-

Cheshire C.I. the defendant was the warden at Corrigan C.C. he as the chief in charged and Unit

Administrator of the prison failed to remedy & correct the wrong as respondeat superior he was

put on notice by the plaintiff of his subordinates wrong doing verbally, by reports, & appeals

filed by the plaintiff, since he was the last person to which his administrative remedies

coordinator's report all the investigator's for grievances & property claims filed by inmates at

his jail. he was aware thata his subordinates took away the plaintiff first and 2nd pair of

sneaker's, lift & insoles, which items the plaintiff showed this defendant proof of evidence, the

plaintiff had all those items when this defendant used to be the deputy warden of Operations

there back in 2010. e.g., plaintiff had the white Jordans-sneaker, lift & insoles confiscated on

11-16-15 he did nothing about it he was aware of the plaintiff serious medical needs e.g.s,

broken hand, spine injuries, he knew that plaintiff had a settlement agreement to order sneaker's

side 12-c from an outside vendor as they're unavailable at the commissary, he denied the

plaintiff from ordering **))))))))))**

2

## "A-PARTIES"

CONTINUANCE FROM PAGE-2 SECTION: (3) DEFENDANT

Continuance from defendant No. 6: His size of Sneakers from eastbay, by making false-statement's that commissary sale plaintiff size when evidence showed not to. He failed to order his subordinates to release the plaintiff sneaker's, left leg lift, & arch support-insoles his subordinates are still holding in property till this date, he failed to take care of plaintiff medical needs & as a result the plaintiff have sustained permanent physical injury, e.g., Pinched-nerves to his spine, Disc Damage with injuries are for life requiring daily pain medication treatment. HE IS BEING SUIT IN HIS INDIVIDUAL & OFFICIAL CAPACITIES, as an employee of DOC for the State of Connecticut, & as an Employee for the towns of Uncasville-& Wethersfield, in Connecticut.

8). Defendant: Ronald J. LABONTE, is a citizen of: CONNECTICUT
name of 7th Defendant                              (STATE)

Whose address is: 986 Norwich-New London TPKE Uncasville, CT. 06382. and who is employed as:- A negligible nurse for the state of Conn, DOC with a jail/prison title as Health Services-administrator a job title not recognize by the Conn Department of Public Health. he work at the Town of Uncasville Conn at Corrigan Correctional Center at the time that the plaintiff U.S. Constitutional Violation's Occured.
(title and place of employment).

At the time claim(s) alleged in this complaint arose, was this defendant acting under color of State Law? YES. If yes briefly explain: He was the supervisor for the medical Dep't at Corrigan CC, his job as a health Svs administrator for the Dep't was to make sure patients are getting the medical care treatment required & met all their needs, his job was to make sure I get the treatment I need & assist me in getting it by contacting the director or assistant director at Uconn Health Center and let them know my needs, he had the power to authorize for me to have my sneakers, leg lift, & soles or allow me to just reorder my sneaker's & order a New leg-lift. even though he posses the power of authority inside this prison wall's over a real Doctor who have a better education, but due to the prison custom policies & polity e.g., they CMHC/URC would have a published list in the computer that will tell any Doctor's in DOC what to or not to prescribed to the prisoner even if the prisoner need it, making it impossible for a Doctor to provide a treatment that amount to the community standard. but instead he chose to not do that i.e., deciding not to help the plaintiff to get the proper medical attention, treatment & medical equipment the plaintiff need. he did co-conspired with custody and co-signed all their denial & rejections e.g., access to outside sneakers, & much more. HE IS BEING SUIT IN HIS INDIVIDAUL & OFFICIAL CAPACITIES, AS A DOC EMPLOYEE & AS A UCONN HEALTH EMPLOYEE & AS AN EMPLOYEE FOR THE TOWN OF UNCASVILLE.

## CONTINUANCE FROM SECTION: "A. PARTIES"

**9).** Defendant: **MICHELLE KING**, is a citizen of Connecticut
<u>Name of schoolofhoul</u>                                    (State)

Whose address is ___986 Norwich-New London TPKE Uncasville, CT. 06382___
                                            Mailing address
and who is employed as: Correctional Counselor Officer for DOC
                          (title and place of employment)

At the tme claim(s) alleged in this complaint arose, was this defendant acting under color of

state law? **XX** Yes. If yes briefly explain: at the time she was a corr counselor officer at #140-
Corrigan CC and also was serving as the inmates grievances administrative remedy coordinator, who
job on that field is to be the warden eyes and served as his/her investigator for any internal
complaint inmates' file against staff, property items, prison confinement and then she will bring
her finding over to the warden to sign off on her investigation and disposition issued by the
coordinator, her.
Counselor Ms. KING did violated the plaintiff due process procedure, at the same time in a
discriminatory and retaliatory manner deprived the plaintiff of equal protection of the law in
the manner describe as follow: she did denied, rejected, or just not process at all every claim
the plaintiff filed against the other defendants, e.g., staff conduct grievances, Lost/Damaged-
Property Investigation Form CN 9609, her excuse of many was oh you-(plaintiff) must attempt
informal resolution before filling it, write to A/P Supervisor. who at the time was defendant-
Stadalnik, I told her plenty of time that I had wrote to every single soul she did direct me to
write prior of me filling my claims, and that none of them did return back any reply.

I give every defendant I wrote the 15-business days prior of me filling the grievances and Ms.-
**King** did returned me back without disposition-(RWD) every grievance I filed against every single
one defendants mention in this claim, she denied me the right to exercise my right to expression
she did throw away sexually none pictures I got rejected by mail room staff after I did provided

a self address envelope to be mail to an attorney of ILAP it never got there she claim it was not
my pictures cause the pictures where never in my position even though I paid for it out of my
inmate account, she did unlawfully did placed me on 2-23-16 until 8-23-16 and had defendant Mr.-
Santiago signed on it. I appeal to the Dist Adm At the time defendant Peter J. Murphy who on -
3-16-16 did denied my appeal even though I provide evidence to had filed less grievance then the
ones Ms. King claimed I did filed which she stated to be a total of seven-(7).

as soon CC Ms. King was removed as grievance coordinator as well as CC Ms. Kimberly Daly, every
single grievance I file or property claim it was ruled in my favor even though the warden defen-
dant Santiago denied to came in to a compromise settlement. I do understand the fact that Ms. King
might has been under presure by her coworker due to the fact she is afemale working in a male
environment, don't want to acted like she is against them, but also that she just happen to be
out of a drug rehab for heroin used, her baby father a hispanic puerto rican male did died out of
an overdose around the sametime she was on the rehab process on methadone and where they did or
used to reside that town of Willimantic aka WilliRico & the heroin capitol city on the U.S. at
some point, but still even though there are others correctional with issues, I the plaintiff did
still need it my sneakers & medical devices', instead she did coconspired with he coworkers and
supervisors,
she did lied during the course of and investigation, alter & falsify documents, all while acting
under color of state law this is enough for her to be dismissed of her duties as a correctional
officer, e.g., she wrote that my Jordan sneakers were mailed home based on safety and security,
per my request and I can show she lie and both of my sneakers plus other property items are still
being held at Corrigan CC still til this day they have hold & kept my property hostage and do not
want to release it.
The defendant's property appeal and grievance process is discriminatory and violate, denied due
process procedure in a reasonable manner, since it doesn't allow enought time for exhaustion any
property at any prison level statewide only give you thirty-(30) days to hold your property and
you to provide them with a mailing address or your stuff will be lost/destroy so I ...

4

CONTINUANCE FROM SECTION: "A.PARTIES"

be force to mail my property out the prison when my appeal process are still going on is a 120-days process to be completed, therefore if the district administrator happen to upheld my appeal my property will be already gone so I lose anyway. The policy alone violated my due process. Steward V. McGinnis, 5 F.3d at 1037; Farid V. Smith, 850 F.2d at 925 (evidence that - prison officials made prisoners send alleged contraband out immediately and routinely denied their subsequent grievances raised a factual question whether due process was violated). Correctional Counselor Ms. KING, did subjected the plaintiff to cruel & unusual punishment, did in fact cause permanent physical damage & injuries to the plaintiff, did co-conspired with her co-workers in doing so, she is being suit in her Individual & Official capacities, as a DOC employee and as an employee for the town of Uncasville Conn.

10. Defendant: KEITH STACK, IS A CITIZEN OF CONNECTICUT
        name of 9th Defendant.      (State)
Who address is: Cheshire Corr Inst 900 Highland Ave, Conn. 06410.
and who is employed as: a Conn DOC lead Commissary Operator.
               (title and place of employment)
at the time claim(s) alleged in this complaint arose, was this defendant acting under color of State Law? XX Yes. If Yes briefly explain: Mr, STACK was the lead commissary Operator for District-3 who sale commissary to all prison on that District on behalf of the KEEFE Group Company Distributor's located in the town of Niantic Conn. his job included saling items to Inmates for their basic human need's e.g., FOOD, FOOT-WEAR, CLOTHING, HYGIENE ITEM'S, all item's protect by the U.S. Constitution 8th amendment. Mr. STACK is being sued in his Individual and Official capacities as a DOC employee and as an employee for the town of Niantic, and for the town of Uncasville Conn.

11. Defendant: MIKKI PLUS IS A CITIZEN OF CONNECTICUT
        name of 10th -      (State)
        Defendant.
Who address is: 201 West Main Street, Niantic,CT. 06357.  Tel: (860) 691-6967.
and who is employed as: a Conn DOC Commissary Operator Supervisor /Manager for District-3, in
         the town of Niantic Conn.
         (title and place of employment)
at the time claim(s) alleged in this complaint arose, was this defendant acting under color of State Law XX Yes. If yes briefly explain: Ms, PLUS is the manager for commissary Dep't serving Corrigan Corr Center she was defendant KEITH STACK boss her jod is to managed the warehouse that sale basic human need's item's to inmates e.g., FOOTWEAR, etc on behalf of the KEEFE Group Company Distributor's, she is to make sure those basic human need's item's are available someway some-how. since those hygiene item's are protect by the U.S. Const 8th Amend. she is being suit in her Individual And Official capacities as a DOC employee and as an employee for the town's of Niantic and for the town of Uncasville, CONN.

5

## CONTINUANCE FROM SECTION: "A. PARTIES"

**12).** Defendant: <u>LAURA PALMISANO</u>  is a citizen of  <u>New Jersey</u>
name of 11th                               (State)
Defendant

TEL: (732) 248-2323
(800) 831-1728
FAX: (732) 248-6998

whose address is  <u>301 Mill Road Edison, NJ 08837-3814.</u>

and who is employed as <u>an Account Manager for the Keefe supply company/Keefe Commissary Network</u>
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color
of state law? **XX** Yes. if your answer is "Yes," briefly explain:

Keefe is the major supplier for the commissary warehouse's here in the Connecticut State under-
**Contract Award No.: 03PSX0264  Contract Value: $27,000,000.00**, these peoples are the major-
**Contractor** under contract with the State of Connecticut **Department of Administrative Services,**
who is consider to be acting under color of state law due to this contract as permit by law
therefore according to the contract  the Contractor(s) shall not make any unauthorized substitut-
tions, unless or until the contractor has successfully contacted the Commissary Service's
Manager **(860-692-6886)** for this contract and present the products and received permission for the
substitutions.  as the 3rd party beneficiary herein stated that it is hard to believe that the
defendants was going to be able to get the plaintiff size 12-c if their vendor's within the same
contract do not stock this size and doing any purchase out of this contract will be consider to
be a breach of such.

this showed clearly that the defendants at all times didn't had the minumum intentions in getting
the size the plaintiff need it from the start it seen that their were just giving the plaintiff
the run around, why-(?), only the defendants have the answer. **Ms. PALMISANO is being suit in her**
**Individual & Official Capacities** , while acting in her official capacity and exercising her
responsability pursuant to state law since as a wrong doer she is clothed with the authority
of state law, is action taken under color of state law. **Screws V. U.S.**, 325 U.S. 91, 111, 65 S.Ct.-
1031 (1945); accord, **Dang Vang V. Vang Xion X. Toyed**, 944 F.2d 476, 479 (9th Cir. 1991)–
(The Supreme Court has also equated "color of law" with the "pretense" of law. **Id.**
People and corporations who work in the prison or perform required services for prisoners act
under color of state law even if they are private contractors and not employees. **Islam V. Jackson-**
782 F.Supp. 1111, 1113 (E.D. Va. 1992)(private food services company that provided jail food acted-
under color of law. PALMISANO IS BEING SUIT IN HER OFFICIAL & INDIVIDUAL CAPACITIES AS AN EMPLOYEE-
OF DOC FOR THE STATE OF CONNECTICUT. & AS A RESIDENT OF THE STATE OF NJ.

**13).** Defendant: **PETER J. MURPHY**, is a citizen of <u>Conn</u>
name of 12th                 (state)
Defendant

whose address is  <u>944 Highland Ave, Cheshire, CT. 06410</u>
and who is employed as <u>District 2 Administrator for the DOC</u>
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under

color of state law) **XX** Yes. if your answer is "Yes," briefly explain:

The defendant know me for over a decade he was the warden At #137-Macdougall C.I in the town of

Suffield, CT. and most of my almost 23 years of incarcerration I spend it there when I was

transfer out of that facility he was still the acting warden there, then at the time I was at –

#140-Corrigan CC he was the active District Administrator there. **He is being suit in his –**

**Individual & official Capacities as an employee for the Conn DOC, and as an employee for the**
**town of suffield, Uncasville, & Cheshire, Conn.**

6

### CONTINUANCE FROM SECTION: "A. PARTIES"

**14).** Defendant: **JOSEPH IOZZIA, is** a citizen of Conn
          name of 13th                    (state)
          Defendant
whose address is 986 NORWich-NewLoNdon TPKe, uNcasvilLe, CT. 06382
and who is employed as a Corrupt DOC lieutenant of The State of CT
                    (title and place of employment)
at the time the claim(s) alleged in this complaint arose, was this defendant
acting under color of state law **XX** yes. if your answer is "Yes," briefly explain:

he is lieutenant was the unit manager when the plaintiff was transfer there in F-unit he used to
be a 2nd shift property c/o there as well back in 2009 and he knew what the plaintiff had there
before and every single personal property item that it was confiscated by the defendant's there
the plaintiff had the same items there in 2009 when Iozzia was the property officer, it could
it be that the defendant it is now retaliating since this is going to be the 2nd time that the
plaintiff had sued this individual for taking away my property which it usually happen when you
get transfer there or when you be placed in segregation cause that is the only time the coward
have full access to your property by they self to do as they please.

Defendant **Iozzia is being suit in his Individual & Official capacities as an employee for the
Conn DOC, and as an employee for the town of Uncasville CT.**

**15).** Defendant: **Christopher Muckle** is a citizen of Conn
          name **of** 14th defendant            (state)
whose address is: 986 NORWich-NewLoNdon TPKe UNcasville, CT. 06382
and who is employed as a 1st - shift Correctional Property officer
                    (title and place of employment)
at the time the claims(s) alleged in this complaint arose, was this defendant acting under color
of state law? **XX Yes.** if your answer is "Yes," briefly explain:
He is the 1st shift property officer at #140-corrigan CC and had the power if he choose to do so
to release the plaintiff sneakers at least the medical devices lift, & insoles but instead he
choose to agreed with his supervisor & co-workers as the record show defendant Iozzia contacting
Muckle as to coach him about not allowing the plaintiff to get any shoes/sneakers , not the
ones they're still holding, not to order no new pair. **Muckle is being suit in his Individual &
Official capacities, as an employee for the Conn DOC, and as an employee for the town of Uncasville.
CT.**

**16).** Defendant: **JEFFREY ZEGARZEWSKI** is a citizen of Conn
          name of 15th defendant            (state)
Whose address is 201 West Main Street Niantic, CT. 06357
and who is employed as A Deputy Warden Corr Officer who area of responsibilities are Programs &-
                    treatments, e.i., medical, basic human needs like sneakers, rehabilitation-
programs, food, & others
                    (title and place of employment)
at the time the claim(s) alleged in this complaint arose, was this defendant acting unders color
of state law? **XX** Yes. if your answer is "Yes," briefly explain:

Defendant zegarzewski duties within his area of responsabilities was to make sure the plaintiff
receive proper medical treatment, footwear, rehabilitation programs, and things like it or similar
but instead he choose to conspired with his coworker's i.e., superiors & with his subordinates
e.g., like to speak with defendant's **Ronald J. Labonte** who was his prison health services admin-
istrator, with defendant Mr. Stack & Ms. Plus of commissary to see why they can't get or can get
the plaintiff proper size footwear, to order property defendants to release the plaintiff sneakers
they still have in captivity, to make sure I was given immediate medical outside care for my right
hand as soon he was put on notice. but instead he permit the plaintiff to suffered physically &
mentally. **this defendant is being suit in his Individaul and Official Capacities as an eployee for
Conn DOC and as an employee for the town of Uncasville, CT.**

7

### CONTINUANCE FROM SECTION: "A.PARTIES"

17). Defendan: <u>SHARONDA CARLOS</u>, IS A CITIZEN OF <u>Conn</u>
           Name of 16th defendant          (State)

Whose address is: <u>944 Highland Ave Cheshire, CT, 06410.</u>
and who is employed as: <u>  District Administrator </u>
                (title and place of employment)

at the time claim(s) alleged in this complaint arose, was this defendant acting under color of State law, **XX yes.** if your answer is "YES" briefly explain:

At the time the plaintiff unconstitutional violation arose she was the correctional counselor Supervisor at Corrigan C.C for the town of Uncasville CT, she was in charged as the coordinator for the American Disabilities Act in that prison who Inmates' write to requesting any need it accomodations, he was one of the main custody staff, who duties was to make sure I get the proper size foot wear, lift, and any medical need's I the plaintiff was in need of, but instead she denied and failed to process any of the plaintiff request for aid in regard of his medical needs, if you ask me I don't believe she knew what she was doing or need it to do. she was in the area of responsibilities to ensure inmates get proper programs and treatment, e.g., medical, basic human needs, clothing, food, rehabilitation programs, and other's I don't even think she was trained for those duties she was only given the title. she did co-conspired with her co-workers to deprived the plaintiff of his U.S. Constitutional Right's. resulting in the plaintiff getting permanent life injuries for life.
**She is being suit in her Individual & Official Capacities as a DOC employee and as an employee for the town of Uncasville Ct.**

18). Defendant: <u> Stephen Faucher </u>, is a citizen of <u> Conn </u>
           name of 17th defendant        (State)

Whose address is: <u>59 Hartford Road Brooklyn Ct. 06234</u>
and who is employed as: <u>The Warden/Unit Administrator</u>
at the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law **XX yes.** if "YES" briefly explain:

This defendat became the new Warden after defendant Antoni Santiago, I let this defendant know about what has been going on, about me needing to be allow to order my size 12-C sneakers from an outside vendor, about the lack of medical treatment I wasn't getting for my serious medical needs, about the lack of my tint glasses, he denied me legal calls to my embassy, on 5-11-17 so he did co-conspired with his subordinates Corr Counselor Supervisor MS. LACY, Corr Counselor-(CC) Ms. K.-Daly, CC Ms. M. King, by saying is not a legal call to call my embassy or the general counsel of the Dominican Republic, by denying my grievance's. **He is being suit in his Individual and Official-capacities as an employee of DOC for the State of Conn and as an employee for the town of Uncasville at the time the COnstitutional Violation did take** ~~patween~~ PIOCCL .

8

CONTINUANCE FROM SECTION: "A.PARTIES"

19. Defendant: <u>DONALD WILLIAMS</u>, IS A CITIZEN OF <u>CONNECTICUT</u>
   Name of 18th Defendant       (State)

Who address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382.</u>

and who is employed as: Corr Officer Captain second Shift Commander, his responsibility is to
         Command all and every officer's on that shift nothing can take place
can take place in the institution without his authorization first since he is the higher rank
officer in the whole institution who give the order's
           (title and place of employment)

at the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain: He is the 2nd shift commander for the
Corrigan Corr Center a Captain who back in 2009 when he was a lieutenant back in 2009 he was
very familiar with the plaintiff and the plaintiff personal property items and issues since
he was assigned by former <u>deputy warden chris corey</u> to handled any issue's that rise in that
facility in between the plaintiff and any staff's and/or his subordinates since he was also
the lifer's group program coordinator.
Mr. Williams is being suit in his Individual and Official capacities as an employee for the
of Conn DOC, and as an employee for the town of Uncasville.

20. Defendant: <u>KRISTINE BARONE</u>, IS A CITIZEN OF  <u>CONNECTICUT</u>
   Name of 19th Defendant       (State)

Who address is: <u>1153 East Street South-Suffield, CT. 06080</u> .

and who is employed as: <u>Corr</u> Officer Deputy warden who area of responsibilities are programs-
         & treatments, e.g., Medical care, Basic Human need's protect by the 8th-
amend to the U.S. Const, such as Rehabilitation programs, fodd, etc.
          (title and place of employment)

at the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain: Ms. BARONE since 2009 was very familiar
with the plaintiff since at the time she was a counselor supervisor and the plaintiff unit
manager she was very familiar with the plaintiff personal property, e.g., Sneaker's, tint-
glasses, medical needs for sneaker's & more she move up to the DOC FOI ADMINISTRATOR plaintiff
spoke with her over the phone few times as such administrator, she then moved up to the rank of
deputy warden did work at other facility & she then end up returning back to Corrigan CC as a
Deputy Warden still, that give her the power and authority within her area of responsibilities
she knew the plaintiff was right & her subordinates were wrong only abusing their power of
authority over the plaintiff, she could have make things right is she want it to do so but
instead decide no to. She is being suit in her Individual & Official capacities as a Conn DOC
employee and as an employee for the town's of; UNCASVILLE, WETHERFIELD, HARTFORD, and now for
the town of SUFFIELD.

21. Defendant: <u>ANGEL QUIROS</u>, IS A CITIZEN OF  <u>CONNECTICUT</u>
    Name of 20th-       (State)
    Defendant

Who address is: <u>24 Wolcott Hill Road, Wethersfield, CT. 06109.</u>

and who is employed as: <u>Deputy Commissioner for the Connecticut DOC</u>
       (title and place of employment)

at the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of State Law? XX Yes. If Yes Briefly explain: at the time he was the District Administra-
tor who area of responsibilities was to review inmates administrative remedies appeal's, -

CONTINUANCE FROM SECTION: "A.PARTIES"

report's, e.g., Disciplinary appeal's, SRG-appeal's, Inmates Grievance Level's 1 & 2 appeal's amount other's.

Mr. QUIROS is being suit in his Individual & Official capacities as a Conn DOC employee and as employee for the town's of UNCASVILLE, WETHERSFIELD, SUFFIELD, CHESHIRE.

22. Defendant: Ms. **Eberle**, IS A CITIZEN OF  CONNECTICUT
            Name of 21st-           (State)
            Defendant

Who address is: 24 Wolcott Hill Road, Wethersfield, CT. 06109.

and who is employed as: A Lieutenant disciplinary hearing officer for the DOC.
             (title and place of employment)

at the time the claim(s) alleged in this complaint arose, was this defendant acting under color of State Law? XX Yes. If Yes briefly explain: She was the Disciplinary Hearing Officer-(Herein and after DHO) On June 29, 2016 for the hearing in regard of the disciplinary report report No.: CRCC1606061, by defendant Correctional Officer CHRISTOPHER SWEET, offense Class-B Contraband for my own authorized sneakers he confiscated from the plaintiff in June 16, 2016.

She is being suit in her Individual and official capacities as a Conn DOC employee for the State State of Conn, and as an employee for the towns' of uncasville, and Wethersfield, Conn.

23. Defendant: JASON NEMETH, IS A CITIZEN OF CONNECTICUT
            Name of 22nd-         (State)
            Defendant

Whose address is: 986 Norwich-New London TPKE, Uncasville Conn. 06382.

and who is employed as:  Correctional Officer Disciplinary Investigator.
            (title and place of employment)

at the time the claim(s) alleged in this complaint arose, was this defendant acting under color of State Law? XX Yes. If Yes briefly explain: During the time defendant Officer Mr. - SWEET issued this plaintiff a Disciplinary Report-(herein and after DR) report No.: CRCC1606061 class-B offense contraband for the already authorized sneaker's .

He is being suit in his individual and Official capacities as a DOC employee for the State of Conn, and as an employee for the town of Uncasville, Conn.

24. Defendant: Corr Counselor Ms. RAMOS , IS A CITIZEN OF  CONNECTICUT
            Name of 23rd Defendant        (State)

Who address is:  986 Norwich-New London TPKE Uncasville, CT. 06382

and who is employed as: a Conn Dep't of Correction Counselor
            (title and place of employment)

at the time the claim(s) alleged in this complaint arose, was this defendant acting under color of State Law? XX Yes. If yes briefly explain: She was the plaintiff advocate that this plaintiff did choose to served as investigator on behalf of the plaintiff to investigate the false accusations against the plaintiff in regard of the DR issued to this plaintiff by her co-worker defendant CHRISTOPHER SWEET , for contraband DR-report No.: CRCC1606061 .

she is being suit in her individual and official capacites as an employee for DOC in the State of Conn, and as an employee for the town of Uncasville, CT.

CONTINUANCE FROM SECTION: "A.PARTIES"

25. Defendant: Corr Counselor Mr. DUMAS , IS A CITIZEN OF  CONNECTICUT
             Name of 24th Defendant                    (State)
Whose address is: 986 Norwich-New London TPKE Uncasville, CT. 06382

and who is employed as: a Conn Dep't of Correction Counselor
                    (title and place of employment)

at the time claim(s) alleged in this complaint arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain: On June 29, 2016 the date of the plaintiff
Disciplinary Hearing due to the DR Report No.: CRCC1606061 issued by defendant Mr. SWEET
defendant DUMAS did replaced the advocate-(defendant Ms. RAMOS) choose by the plaintiff to
served as his representative.

he is being suit in his Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town of Uncasville, CT.

26. Defendant: Corr Counselor Kimberly Daly, IS A CITIZEN OF CONNECTICUT
             Name of 25th Defendant                      (State)

Whose address is: 986 Norwich-New London TPKE Uncasville, CT. 06382

and who is employed as: a Conn Dep't of Correction Counselor
                    (title and place of employment)

at the time claim(s) alleged in this complaint arose, was this defendant acting under color
of State Law? XX Yes. If Yes briefly explain: at the time she was my unit correctional
counselor, and the administrative remedy coordinator, for the prison at #140-Corrigan CC
assigned to performed such task by the warden-(defendant ANTONIO SANTIAGO) her area of
responsibilities was to conduct any investigation against any of her co-worker's filed by the
prisoner(s) e.g., grievances under the PLRA, lost/damages property investigation claim's and
document her findings, issued her dispositions report it to the warden so the warden can
signed off on her founding /report's.

The dispositions can be any of the followings: REJECTED, DENIED, COMPRIMISED, UPHELD.

she is being suit in her individual and official capacities as a DOC employee in the State
of Conn, and as an employee for the town of Uncasville, CT.

27. Defendant: Jennifer Benjamin, RN, MSN, DPN, CLNC , IS A CITIZEN OF CONNECTICUT
             Name of 26th Defendant                          (State)

Whose address is: 24Wolcott Hill Road, Wethersfield, CT. 06109

and who is employed as: The Correctional Health Services Program Director, Health and
                    Addiction Services, for the entire Conn DOC
                    (title and place of employment)

at the time claim(s) alleged in this complaint arose, was this defendant acting under color
of State Law? XX Yes. If Yes briefly explain: she is in charged of the Conn DOC Health -
Services the programs director, as well for the Health & addiction services unit at the DOC
central office.
she is being suit in her Individual and Official capacities as a DOC employee in the State
of Conn, and as an employee for the town of Wethersfield, CT.

CONTINUANCE FROM SECTION: "A.PARTIES"

28. Defendant: Mary Ellen Castro, DNP, APRN , IS A CITIZEN OF CONNECTICUT
                    Name of 27th Defendant

Whose address is: Uconn Health 263 Farmington Ave Farmington, CT. 06030-5386

and who is employed as: Assistant Director of Clinical Services for correctional -
                    Managed Health Care/Uconn Health
Email: <mecastro@uchc.edu>, (860) 679-5547 Tel, (860) 679-5552 Fax.
                    (title and place of employment)

at the time the claim(s) alleged in this complaint arose, was this defendant acting under
color of State Law XX Yes. If Yes briefly explain: at the time she was under a contract in
between Uconn health and the Conn Dep't of Corr to provide medical care to the inmates
prison population the program was call correction managed health care-URC.

she is being suit in her Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town's of Uncasville, Farmington, & Wethersfield,
in the State of Conn.

29. Defendant: Johnny Wu , IS A CITIZEN OF CONNECTICUT
                    Name of 28th-                    (State)
                    Defendant

Whose address is: Uconn Health 263 Farmington Ave Farmington, CT. 06030-5386

and who is employed as: The Clinical Director for Medical Services for the Correctional -
                    Managed Health Care at Uconn Health
Email: <johnny@uchc.edu>
                    (title and place of employment)

at the time the claims(s) alleged in this complaint arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain: at the time he was the clinical director
for medical services he was the one with the last word to denied and/or approved any medical
care treatment an inmate need it in the whole DOC system e.g., Non-formulary  medications
i.e., he will generate a list of the only allowed medication are care Doctor's or APRN can
used to prescribed it to inmates' so if any inmate is in need of any other medication's
and the medication is not on that already approved list, then it is consider to be a Non-
formulary so that doctor/APRN will need to prepare a non-formulary form to then forward that
form to Mr. WU , so is defendant WU doesn't approved it then those inmates are to just be
out of luck left to suffer with-out the medical care they need in lot's of cases it had let
to the inmate's to died the main reason'(s) as to why sometime in June of 2018 that contract
with Uconn Health-CMHC/URC was terminated due to several wrongful death lawsuit's against
DOC & CMHC/URC-Program.

he is being suit in his Individual and Official capacities as an employee for DOC, as an
employee of Uconn-Health Care, and as an employee for the town's of Uncasville, Farmington,
Wethersfield, in the State of Conn.

12

CONTINUANCE FROM SECTION: A.PARTIES"

30. Defendant: <u>Aneta Dhillon RN</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 29th Defendant        (State)

Whose address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382.</u>

and who is employed as: <u>A Correctional Register Nurse for DOC</u>
        (title and place of employment)

at the time the claim(s) alleged in this complaint arose, was this defendant acting under color of State Law? XX Yes. If Yes briefly explain: She was as a first shift nurse at #140-Corrigan Corr Center where she did co-conspired with with most of all of the already mention defendant's to violated the plaintiff U.S. Const Right's in the denial of the plaintiff Sneaker's, left leg lift, and insoles.

she is being suit in her Individual and Official capacities as an employee for DOC in the State of Conn, and as an employee for the town of Uncasville.

31. Defendant:  <u>Corr Counselor Ms. COLLINS</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 30th Defendant        (State)

Whose address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382.</u>

and who is employed as: <u>a rehabilitation process programs & Addiction Services Correctional-Counselor for Corrigan CC</u>
        (title and place of employment)

at the time the claim(s) alleged in this complaint arose, was this defendant acting under color of State Law? XX Yes. If Yes briefly explain: She was the primary addiction services and rehabilitation Correctional Counselor for the whole Corrigan CC.

she is being suit in her Individual and Official capacities as an employee for DOC in the State of Conn, and as an employee for the town of Uncasville.

32. Defendant: <u>Kara Phillips, RN</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 31st Defendant        (State)

Whose address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382.</u>

and who is employed as: <u>A Correctional Register Nurse for DOC</u>
        (title and place of employment)

at the time the claim(s) alleged in this complaint arose, was this defendant acting under color of State Law? XX Yes. If Yes briefly explain: she was the first shift nurse-supervisor at Corrigan CC with the title of nurse correctional.

she is being suit in her Individual and Official capacities as an employee for DOC in the State of Conn, and as an employee for the town of Uncasville.

## CONTINUANCE FROM SECTION: A.PARTIES"

33. Defendant: <u>Timothy Halloran</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
    Name of 32nd Defendant    (State)
Whose address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382.</u>

and who is employed as: <u>A lieutenant for DOC</u>
     (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under color of State Law? <u>XX</u> Yes. If Yes briefly explain: at the time he was a DOC

Corr Officer with the rank of a lieutenant custody supervisor and his area of resposibilities was being the unit manager for the unit the plaintiff was housed in at Corrigan CC, he failed to protect the plaintiff and the plaintiff right's by failing to provide for the plaintiff basic human needs, he failed to act within his statutory duties.

he is being suit in his Individual and Official capacities as an employee for DOC in the State of Conn, and as an employee for the town of Uncasville.

34. Defendant: <u>Richard Fisher</u>, DDS , IS A CITIZEN OF <u>CONNECTICUT</u>
    Name of 33rd Defendant   (State)

Whose address is: <u>900 Highland Ave Cheshire, Ct. 06410</u>

and who is employed as: <u>A Dentist Doctor by Uconn Health CMHC/URC for DOC</u>
    (title and place of employment)

at the time the claim(s) alleged in this complaint arose, was this defendant acting under color of State Law? <u>XX</u> Yes. If Yes briefly explain: at the time he did extracted my left bottom tooth he was providing his services inside the DOC prison wall's under the contract that used to exist in between Uconn Health CMHC/URC program and the DOC.

he is being suit in his Individual and Official capacities as an employee for DOC in the State of Conn, and as an employee for the town of Uncasville, and Farmington.

35. Defendant: <u>BARCELONA NUT COMPANY</u>  IS A CITIZEN OF <u>Baltimore</u>
    Name of 34th Defendant   (State)

Whose address is: <u>Barcelona Nut Company Baltimore, MD. 21223</u>

and who is employed as: <u>A Supplier of Nuts for Keefe Distributor Group Company</u>
    (title and place of employment)
at the time claim(s) alleged in this complaint arose, was this defendant acting under color of State Law? <u>XX</u> Yes. If Yes briefly explain: at the time the incident that let to the lost of my left bottom tooth the company was a private provider under contract with Keefe - Company to sale inmates good's in this case it was Nut's.

this company is being suit in their Individual and Official capacities.

CONTINUANCE FROM SECTION: "A.PARTIES"

36. Defendant: Keefe Distributor Group Company, IS A CITIZEN OF Missouri
          Name of 35th Defendant         (State)
Whose address is: Keefe Distributor Group Company st. Louis, Mo. 63132
          (title and place of employment)

and who is employed as: The main provider for the whole nationwide prison's Dep't of
               Commissary in the U.S. they sale inmates basic human need's such
as Food items, Clothing items, Footwear items, Cosmetic's/Hygiene items, Electronic's items,
etc
          (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain: The company operate under contract with

the prison system in america U.S. department of Corrections' they supply good's to the prison
commissary's that operate inside this prison wall's who then sale's the Keefe items to the
inmate general population in the system.

37. Defendant: Mickey Gillette, IS A CITIZEN OF: CONNECTICUT
          Name of 36th-         (State)
          Defendant
Whose address is: 986 Norwich-New London TPKE Uncasville, CT. 06382.

and who is employed as: A lieutenant for DOC
          (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain: at the time he was a DOC Corr Officer
with the rank of a lieutenant custody supervisor and his area of responsibilities was being
the unit manager for the unit the plaintiff was being housed in, at corrigan CC, he failed to
protect the plaintiff, and the plaintiff right's by falling to provide for the plaintiff
basic human needs, or to aid by doing so he failed to act within his statutory duties.

he is being suit in his Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town of Uncasville.

38. Defendant: Corr Officer Mr. BAUER , IS A CITIZEN OF CONNECTICUT
          Name of 37th Defendant        (State)
Whose address is: 986 Norwich-New London TPKE Uncasville, CT. 06382.
and who is employed as: A Correctional Officer
          (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain: He is a correctional officer at Corrigan CC
where he did deprived me of a basic human need protect by the 8th amendment to my U.S.
Constitutional right's.

he is being suit in his Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town of Uncasville.

15

## CONTINUANCE FROM SECTION: "A.PARTIES"

39. Defendant: <u>Corr Officer Mr. CHRONIN</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 38th Defendant                      (State)
Whose address is: <u>986 norwich-New London TPKE Uncasville, CT. 06382</u> .
              (iitle and place of employment)

and who is employed as: <u>A Correctional Officer with the Rank of Lieutenant</u>
              (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? <u>XX</u> Yes. If Yes briefly explain: The defendant is a Corr Officer with the
rank of lieutenant who did subjected the plaintiff to be confined to unconstitutional living
condition's in violation of the plaintiff 8th amendment U.S. Constitutional Right by placing
the plaintiff for days inside a cell with no light and no operating plumbing by removing the
plaintiff from the assigned cell by the A&P which cell was operating find to placed the
plaintiff inside a none working cell.

he is being suit in his Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town of Uncasville.

40. Defendant: <u>Edward Maldonado</u> IS A CITIZEN OF <u>CONNECTICUT</u> .
         Name of 39th Defendant           (State)
Whose address is: <u>944 Highland Ave Cheshire, CT. 06410</u>.

and who is employed as: <u>A Corr Officer acting as the District Administrator for the 2nd</u>
              <u>District</u>
              (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? <u>XX</u> Yes. If Yes briefly explain: He is the staff in charged to review
inmates appeal's such as Grievance's appeal's for level 2/3, Disciplinary Report appeal's,
Security Risk Group affiliation appeal's, he had the last word on any of the above process
to determining if the inmate'(s) did or did not received a proper due process.

he is being suit in his Individual and Official capacities as an employee for DOC in the State
State of Conn, and as an employee for the town's of Cheshire, Uncasville, and Wethersfield.

41. Defendant: <u>Monica J. Farinella Do. Dr</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 40th Defendant           (State)
Whose address is: <u>Uconn Health 263 Farmington Ave, Farmington, CT. 06030-5386.</u>

and who is employed as: <u>Director of Medical Services for Correctional Managed Health Care.</u>
            (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? <u>XX</u> Yes. If Yes briefly expalin: She is the person in charged of approving
or denying the clinical care treatments for the entire inmates general population  females,
and males, in the system for the whole State of Conn. she became in charged of such position
after defendant **Johnny Wu** left the job for whatever personal or political's reasons.

she is being suit in her Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the towns' of Uncasville, Farmington, and Wethersfield.

## CONTINUANCE FROM SECTION:A.PARTIES"

42. Defendant: <u>Richard P. Benoit D.M.D</u>, IS A CITIZEN OF <u>CONNECTICUT</u>
       <span>Name of 41st Defendant</span>                    (State)
Whose address is: <u>Uconn Health 263 Farmington Ave, Farmington, CT. 06030-5386</u>

<u>and</u> who is employed as: <u>Uconn Health Director of Dental Services for the Correctional Managed</u>
                    <u>Health Care/URC</u>
                    (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? <u>XX</u> Yes. If Yes briefly explain: He is who determined the denial and/or
approval of the inmates dental procedures care and quality care, for the Correctional Managed
Health Care, he supervised all dental Doctor's who provide dental care services to the inmate
general population prison system.

he is being suit in his Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town's of Farmington, and the town of Uncasville.

43. Defendant: <u>Donna Adams Conahan</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
       <span>Name of 42nd Defendant</span>                (State)
Whose address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382</u>

and who is employed as: <u>A Correctional Register Nurse</u>
                    (title and place of employment)
at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? <u>XX</u> Yes. If Yes briefly explain: at the time she was acting under color of
state law her savior to denied treatment to the plaintiff as a register nurse, BSN at Corrigan-
CC she was the 2nd shift nurse supervisor.

she is being suit in her Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town's of Uncasville.

44. Defendant: <u>Jennine Brennan</u> IS A CITIZEN OF <u>CONNECTICUT</u>
       <span>Name of 43rd Defendant</span>              (State)
Whose address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382</u>
and who is employed as: <u>A Correctional Register Nurse</u>
                    (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? <u>XX</u> Yes. If Yes briefly explain: she is a register nurse who at the time
was serving as the active Medical Administrative Remedies Coordinator pursuant to their policy
Administrative Directive 8.9, and who was also acting and/or impersonating to be a License-
mental health professional counselor after the real one who was Michelle Binezewski Palko left
then defendant Brennan took that impersonation to assist psychiatry-APRN <u>CHRISTINA CAROLE -</u>
<u>WRIGHT, APRN.</u>

she is being suit in her Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town of Uncasville.

### CONTINUANCE FROM SECTION:A."PARTIES"

45. Defendant: <u>Colleen Gallagher, MA,CADAC,CCHP</u> IS A CITIZEN OF <u>CONNECTICUT</u>
               Name of 44th Defendant             (State)
Whose address is:<u>24 Wolcott Hill Road, Wethersfield, CT. 06109</u>
and who is employed as: **Correctional Health Services Program Director, Quality Improvement-**
          **Health Services Program Director, in central Office for the entire**
<u>Conn Dep't of Corr. Email: Colleen.Gallagher@ct.gov, Tel: 860-692-7448, Fax: 860-692-7646.</u>
              (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain: she work for the whole DOC as a director
for Health, ADA, and quality improvement services she is the supervisor for every single ADA-
Coordinator at every single jail, prison, Institution, Facility, and else for the Conn, DOC
she is to make sure all of her subordinates are properly assigned and/or train to deal with
Administrative Directive 8.9 Administrative Remedy for Health Services, Administrative-
Directive 10.19 Americans With Disabilities Act, so inmates like my self can get the proper
process, procedures, and relief's this two-(2) Directives are able to afford inmates with if
not somebody like the plaintiff get's no relief.

**S**he is being suit in her Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town's of Uncasville, and Wethersfield.

46. Defendant: <u>Shannon Cather</u> IS A CITIZEN OF <u>CONNECTICUT</u>
              Name of 45th Defendant         (State)
Whose address is: <u>201 West Main Street., Niantic, CT. 06357</u>
and who is employed as: <u>A Commissary Operator for Keefe and the DOC</u>
            (title and place of employment)
at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain: she is incharged of distributing the
commissary item's ordered by inmate's at #140-Corrigan CC, her supervisor's are defendant's
Ms. <u>PLUS</u> and Mr. <u>STACK</u>.

she is being suit in her Individual capacities as an employee for DOC in the
State of Conn, and as an employee for the town's of Uncasville, Niantic.

47. Defendant: <u>Correctional Officer Mr. Cassidy</u> IS A CITIZEN OF <u>CONNECTICUT</u>
             Name of 46th Defendant        (State)
Whose address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382</u>
and who is employed as: <u>A Correctional Officeer.</u>
           (title and place of emplyment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain: he was a Corr Officer in Corrigan CC
where the plaintiff was housed in where he deprived the plaintiff of a basic human need
protect by the 8th amend U.S. Const.

he is being suit in his Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town of Uncasville.

CONTINUANCE FROM SECTION:A."PARTIES"

48. Defendant: <u>Correctional Officer Mr. Markovitz</u>, IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 47thh Defendant                              (State)
Whose address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382</u>
and who is employed as: <u>A Correctional Officer</u>
                  (title and place of employment)

at the time the claim(s) alleged in this complin arose, was this defendant acting under
color of State Law? <u>XX</u> Yes. If Yes briefly explain: he was a correctional Officer at Corrigan-
CC where the plaintiff was housed and subject to cruel and unusual punishment.

he is being suit in his Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town of Uncasville.

49. Defendant: <u>Neil Parille</u>      , IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 48th Defendant                    (State)
Whose address is: <u>110 Sherman Street Hartford, CT. 06105-2294</u>
and who is employed as: <u>Assistant Attorney General for the State Of Connecticut</u>
                  (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? <u>XX</u> Yes. If Yes briefly explain: He was the assistant attorney general who
did used his Power and Authority, plus influence to manipulate the court's system at State and
Federal Court's level, he conspired with the Uconn Health Correctional Managed Health Care,
with Conn DOC, with Keefe-Commissary to deprived the plaintiff of plaintiff constitutional
right's and care treatment leading to plaintiff permanent physical injuries pain & suffering

he is being suit in his Individual and Official capacities as an employee of the State of
Conn, and as an employee for the town's of Uncasville, and Hartford.

50. Defendant: <u>Mohegan Reservation Tribes</u> , IS A CITIZEN OF <u>THEIR OWN SOVEREIGN TERRITORY</u>
         Name of 49th Defendant                    SOVEREIGN-STATE
Whose address is: <u>79 Elm Street Hartford, CT. 06106-5127</u>
and who is employed as: <u>Self-Government as an independence State</u> .
                  (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? <u>XX</u> Yes. If Yes briefly explain: Mohegan Reservation in Uncasville is one
of the Six's Indian's Reservation's in the State of Connecticut, The Mohegan Tribes allowed
for the State of Conn to run a County/Prison Correctional Facility inside their reservation
at Uncasville, Conn where the plaintiff was subjected to numerous, number of cruelty against
humanity to his person and his U.S. Const Right's as a Citizen in this Nation of America.

the tribe of Mohegan is being suit in their sovereign capacities, Individual, and Official.

CONTINUANCE FROM SECTION:A."PARTIES"

51. Defendant: <u>Neil Kline</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
          Name of 50th -                (State)
          Defendant
Whose address is: 450 Columbus BLVD, Suite-2, Hartford, CT. 06103
and who is employed as: State of Conn investigator for the Commission of Human Rights and Equal
                    Opportunities
                    (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain:
On 2/7/2018 him as  an investigator for the CHRO in the case of
ANDRES SOSA V. STATE OF CT. DOC CHRO#1640350, did dismissed the plaintiff complaint's against
the named defendant's in that original complain based on his believe and conclusions that
there was NO REASONABLE CAUSE for believing that everything the defendant's did to the
plaintiff at: CORRIGAN CC was not a discriminatory practice committed by the defendant's
against the plaintiff as it was alleged in the complain, he never did conduct any investiga-
tion as far of not speaking to any of the plaintiff witness or else.

he is being suit in his Individual and Official capacities as an employee for the State of
Conn, and for the town's of Hartford, and Uncasville.

52. Defendant: <u>Ronald McDaniel Jr</u> ,IS A CITIZEN OF <u>CONNECTICUT</u>
          Name of 51st Defendant        (State)
Whose address is: Town Hall, 310 Norwich-New London TPKE, Uncasville, CT. 06382
and who is employed as: Mayor for the City of Uncasville Conn.
                  (title and place of employment)

at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly explain: he is the mayor for the town of
Uncasville Conn the town where Corrigan CC        is located he got the jurisdiction
over those Correctional Officer's as State employee's under the same jurisdiction of his
town where the plaintiff was subjected to numerous number's of cruelty against humanity to
his person in violation of his U.S. Constitutional Right's, Declaration of Independence,
The Universal Declaration of Human Rights On December 10, 1948 Article'(s): (3),(5),(6),(7),-
(12)..and in violation of: "MAGNA CARTA" from John in 1215 Article-(40). and the
Constitution of the State of Conn .

he is being suit in his Individual and Official capacities as an employee for the State of
Conn, and as an employee for the town of Uncasville.

53. Defendant: <u>Corr Officer Ms. Shannon Bower</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
          Name of 52nd Defendant        (State)
Whose address is: 986 Norwich-New London TPKE Uncasville, CT. 06382
and who is employed as: A Correctional Officer
                  (title and place of employment)
at the time the claim(s) alleged in this complain arose, was this defendant acting under
color of State Law? XX Yes. If Yes briefly expalin: she work as a Corr Officer at Corrigan CC
and On 10/21/16 she did placed the plaintiff in segreagtion and pack his personal property.

she is being suit in her Individual and Official capacities as an employee for DOC in the
State of Conn, and as an employee for the town of Uncasville.

CONTINUANCE FROM SECTION: A. "PARTIES"

54. Defendant: <u>Corr Officer Mr. John Doe</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 53rd Defendant              (State)
Whose address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382</u>
and who is employed as: <u>A Correctional Officer</u>
           (title and place of employment)

at the time claim(s) alleged in this complain arose, was this defendant acting under color of State Law? <u>XX</u> Yes. If Yes briefly explain: he work as a Corr Officer at Corrigan CC, he admitted that on October 21, 2016 he was present as the rover helping in packing defendant Ms. Bower packed the plaintiff personal property.

he is being suit in his Official capacity as an employee for DOC in the State of Conn, and as an employee for the town of Uncasville.

55). Defendant: <u>Corr Officer Mr. Morin</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
        (Name of 54th Defendant         (State)
Whose address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382</u>
and who is employed as: <u>A Correctional Officer</u>
           (title and place of employment)

at the time claim(s) alleged in this complain arose, was this defendant acting under color of State Law? <u>XX</u> Yes. If Yes briefly explain: he work as a Corr Officer at Corrigan CC,

he is being suit in his Official capacity as an employee for DOC in the State of Conn, and as an employee for the town of Uncasville.

56. Defendant: <u>Christina Carole Wright, Psy-APRN</u> , IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 55th Defendant         (State)
Whose address is: <u>986 Norwich-New London TPKE Uncasville, CT. 06382</u>
and who is employed as: <u>A Correctional Psychiatry APRN</u>
           (title and place of employment)

at the time claim(s) alleged in this complain arose, was this defendant acting under color of State Law? <u>XX</u> Yes. If Yes briefly explain: She work as a Correctional Psychiatry-APRN at Corrigan CC , she On October 26, 2016 did stop my psychiatry mental health care treatment and just discontinued my Wellbutrin 450mg and Zolof 150mg cold turkey for unknown reason's to the plaintiff, she is an APRN and not a Psychiatry Doctor to do such thing she isn't license to stop & discontinued my treatment and/or make any diagnosed but it seen that she just did it on her own will.

she is being suit in her Individual and Official capacities as an employee for DOC in the State of Conn, as an employee of Uconn Health at the time and as an employee for the town's of Uncasville and Farmington.

CONTINUANCE FROM SECTION:A."PARTIES"

57. Defendant: <u>Craig Burns, Psychiatric Doctor</u>, IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 56th Defendant                (State)
Whose address is: <u>24 Wolcott Hill Road, Wethersfield, CT. 06109</u>
and who is employed as: <u>Chief of Psychiatric Services for the Department of Correction in CT</u>
           (title and place of employment)

at the time claim(s) alleged in this complain arose, was this defendant acting under color
of State Law? <u>XX</u> Yes. If Yes briefly explain: He is the chief of Psychiatric Services for the
Department of Correction his duties and responsibilities is to oversee the care provided to
the inmates general population by the Uconn Health care center-Correctional Managed Health -
Case/URC.  he is also the primary supervisor for all & every Psychiatric and Psychologist
who work within the Department of Correction Wall's in the State of Conn Prison System.

he is being suit in his Individual and Official capacities as an employee for DOC in the
State of Conn, as an employee for the town's of Wethersfield, and Uncasville.

58. Defendant: <u>Robert Berger, Psychiatric Doctor</u>, IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 57th Defendant                (State)
Whose address is: <u>Uconn Health Center 263 Farmington Ave, Farmington, CT. 06030-5386</u>
and who is employed as: <u>The Director of Psychiatric Services for Uconn -CMHC</u>
           (title and place of employment)
at the time claim(s) alleged in this complain arose, was this defendant acting under color
of State Law? <u>XX</u> Yes. If Yes briefly explain: He was the direct supervisor for Defendant
<u>Christina Carole Wright</u> since he was the director of psychiatric services for Uconn Health -
Center for the Correctional Managed Health Care program/URC.

he is being suit in his Individual and Official capacities as an employee for DOC in the
State of Conn, as an employee of Uconn Health Center, and as an employee for the town's
of Farmington and Uncasville.

59. Defendant: <u>Andrea C. Reischerl, PMHCNS-BC Psychiatric APRN</u>, IS A CITIZEN OF <u>CONNECTICUT</u>
         Name of 58th Defendant                (State)
Whose address is: <u>24 Wolcott Hill Road, Wethersfield, CT. 06109</u>
and who is employed as: <u>The assistant for defendant Dr, Mr. Burns in the DOC Central Office</u>
           (title and place of employment)

at the time claim(s) alleged in this complain arose, was this defendant acting under color
of State Law? <u>XX</u> Yes. If Yes briefly explain: she is the assistant of the chief of Psychiatric
Service office for the DOC in Conn Part of her duties is responding to offender's letters,
oversee the care provide by the Uconn Health Correctional Managed Health Care/URC to ensure
persons incarcerated receive appropriate care from the contracted health care vendor, the
Correctional Managed Health Care-(CMHC).

she is being suit in her Individual and Official capacities as an employee for the DOC in the
State of Conn, and as an employee for the town's of Wethersfield, and Uncasville.

22

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? **XX** Yes _____ No. If your answer is "Yes," briefly explain:

On June 16, 2016 around 3:30 P.M I was scort to the Corrigan CC A&P are the I was striped by c/o Evan & c/o Bradgon who did took away the black Nike Hyperfusions with medical lift & the insoles, he brought it to the back where property is, leaving me bear-foot the admision c/o sweet came to the bullpen and ask me about the sneakers I told him I was allowed to order my sneaker from an outside vendor & I used eastbay he question the price I said less then $100.oo

3. Defendant **C/O DAVID EVAN** _____ is a citizen of **Connecticut**
        (name of second defendant)                                    (State)
        **Corrigan Corr Center**
whose address is **986 Norwich-New london TPKE Uncasville, CT. 06382.**

and who is employed as **Another of Connecticut Corrupt Correctional Officer.**
                (title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? **XX** Yes _____ No. If your answer is "Yes," briefly explain:

**On June 16, 2016 on/or at: 3:30 P.M** me & my cellmate was scort to the facility A&P area by L'T Brain Stadalnik & two-(2) c/o's I was placed in a holding cell & c/o Evan start to strip searching me I did as I was told & he just took my sneakears size 12-c Nike Hyperfusions with medical lift-for my left leg & insoles leaving me there barefoot for hours I never got nothing back & had to **CONTINUED)))))))))))))))))))))**

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

_____ **XXXXXXXXXX** 42 U.S.C. § 1983 (applies to state defendants)

_____ ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal defendants)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

28 U.S. C § 2284, 28 § 1343 (1)(2)(3),(4), 28 § 1332 ,(5),(1),(2),(3),(4). 28 U.S.C. § 1367, § 1391(b)(2)
28 C.F.R. § 35.101 et seq    28 C.F.R. § 35.103, 28 C.F.R. Part 35, 28 C.F.R. Part 42.501 et seq.-
42 U.S.C. § 1981(a), § 1985(1),(2),(3)(4), § 1985(3), § 12102(1)(A), § 12132(1)(B) § 12102(3), § 12112,
42 U.S.C. § 12102(B)(1)(C), § 12102(4)(A), § 12101, § 12102(4)(E)(i), (4)(E)(ii), § 12132, § 12102(1),
42 U.S.C. § 12131 (emphasis supplied), § 12201(a), 29 U.S.C. 794(a), § 794, Title II-(ADA),
TITLE V of the Rehabilitation Act of 1973 (29 U.S.C. 790 et seq), 29 U.S.C. 794(a), § 794
45 C.F.R. Part 84, Publ. No.110-325, § 2, sept. 25, 2008, 122 stat. 3553, 28 U.S.C. § 1921(c)(2)
42 U.S.C § 1985, § 1986, § 1985(2), § 1997-(a-c), APA 5 U.S.C. § 702, § 706, 5 U.S.C. § 557
SECTION 504 of the Rehabilitation Act of 1973, as amended, 18 U.S.C. § 3621 (1994)

CONTINUED →

CONTINUANCE FROM PAGE-2 SECTION: "B. JURISDICTION"

42 U.S.C. §1997, §1997j, §5780a, §12133
18 U.S.C. §§1001 Lying and covering up, §1505 Obstruction of Justice
18 U.S.C. §241 Conspiracy against right to citizens. 7 U.S.2 (1866)
28 U.S.C. §2201, §§1331 & 1343, 1339, 1357, 18 U.S.C. §§1961-68-(Rico act)
28 U.S.C. §1350 "Sec.1.,"sec.2."(a)-"(J),"(c)."Sec.3."(b)-"(J),"(2)-"(A),"(B),"(D)
28 U.S.C. §1360-(c), 18 U.S.C. §3621 (1994), 18 U.S.C. §3582 (1994)
42 CFR § 51-7 Eligibility for Protection & advocacy services.
18 U.S.C. §242-(criminal penalties), Model penal Code § 2.02 (2)(C)-
(Consciously disregard a substantial risk of serious harm)

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.
Is in regard of violation of my 8th & 14th to my U.S. Const Right against cruel & unusual punish-
ment, deliberate indifference, inadequate medical & denial, denial of reasonable medical accomoda-
tion, treatment, violation of my right to proper medical care at least to satisfy the community-
standard, deliberate indifference to my serious medical needs, failure to provide the proper medi-
cal care devices' in a proper & timely manner, deprivation of already prescribed medical treatment,
devices e.g., leg lift, soles, sneakers, resulting in permanent pinch nerves damages for life,
interfering with medical treatment & equiment by prison guards/custody, medical malpractice, &;
Negligence. deprivation of personal property in an unauthorize illegal manner, violation of my 1st-
ament to my U.S. Const Rights by retaliating, which acted was done wanton, reckless with a -
Malicious mental State done with the improper self serving purpose to inflicted pain by acting in
outside the scope of their employment-duties & granted Statutory Authority since there is no esta-
blished law, statutes authorizing the defendants to do what they did to me & my health cause me
an emotional stress disorder to the point I was inchs from conducting bodylly harm on my violators
and my former cellmate let the defendants know what I was up to at the time the harms to me was-
done by them KKK NAZIS in corrigan!!! **D. CAUSE OF ACTION**

I allege that the following of my constitutional rights, privileges, or immunities have been
violated and that the following facts form the basis of my allegations:  (If more space is needed
to explain any allegation or to list additional supporting facts, continue on a blank sheet which
you should label "D.  CAUSE OF ACTION.")

**Claim I:**  Violation of my 1st, 8th, & 14th Amendment's to my United States Constitution,
Deliberate Indifference, to my serious medical needs, reckless, wanton, willful,
violations of plaintiff rights only for the very purpose to created intentional
infliction of emotional distress since the defendanc/o Mr. Sweet knew or should

have know his conduct will result in the plaintiff tremendous emotional distress and;
physical pain and suffering. and Other's! Claim-I Thru Claim-LVII are incorporated by
reference as if fully re-stated herein.

Supporting Facts:  (Include all facts you consider important, including names of persons
involved, places, and dates.  Describe exactly how each defendant is involved.  State the facts
clearly in your own words without citing legal authority or argument.)On June 16, 2016 2nd shift while
housed in #140-Corrigan Corr Center in Unclesville Conn, defendant C/O **CHRISTOPHER SWEET** was
the admission officer at the jail front desk & while another c/o David Evan, was stripping
me with c/o Bradgon sweet took it upon him self to confiscated my size 12-c Nike Hyperfusion
sneakers with the lift for my left leg and insoles for the very purpose of causing harms &
mental anguish in which he was very secessful since I got permanent injury for life he did
acted in execess of his statutory authority since he was not the property c/o or the A&P,
strip-search c/o at the time he did confiscated my shoes & medical equipment he came up to
me saying I can't have them sneakers cause it cost over $100.oo U.S dollars once I proved
him I paid less he then address their safety & security trick that the sneakers have hiding
compartment/pockets-(if there were secret pockets how he find them so easy), I told him that
the property c/o Raun Kudzal inspect them when I got there in November 16th, 2015 from #136-
Garner C.I, on 2nd shift kudzal was right there when c/o sweet was telling me that also the
A&P manager & custody supervisor lieutenant Brian Stadalnik was present on 11/16/15 when I
was allowed to kept those sneakers & they took the White/grey/chrome Nike team Jordan sneak-
ers, he didn't care and minutes later did bring me an Inmate Property Status and Receipt,-
Form CN 61002 in the present of L'T Stadalnik & c/o Kudzal that my shoes where unauthorized
& I need to mail them home I refused to sign the form and as a result I was issued a class-
B Disciplinary report  signed by one of his accomplice L't Stadalnik in which they falsify
& alter documents e.i., date & times. Report No. CRCC1606061. **the defendant c/o Christopher-
Sweet is being suit in his Individual & Official Capacities.** Casey V. Lewis, 834 F. -
(1) Supp. 1477. 1545 (D. Ariz. 1993).

**Claim II**: Violation of my 1st, 8th, and 14th amendment to my U.S.
Constitutional Right, Deliberate Indifference to my serious medical-
need's, for the very purpose of causing harm to thie plaintiff in a willful,
wanton and reckless way and more Claims÷I & Claim-II are incorporated by
reference as if fully re-stated herein.

Supporting Facts: C/O Evans on 6/16/16 2nd shift was working at #140-Corrigan CC
in the A&P area as usual as the strip-search officer and who took my black
Nike sneakers with left leg lift & soles away from me and handed it over to
his others co-conspiratos defendants mention in this §1983 claim.
Casey V. lewis 834 F. supp, 1477, 1545 (D. Ariz. 1993)(Making of medical
Judgments by security staff could constitute deliberate indi-
fference). Brock V. Wright, 315 F.3d 158, 163 (2d Cir. 2003),
Estelle V. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285 (1976)
However the 8th amendment prohibits the "unnecessary and wanton infliction of pain, **Id** at 104.

**Claim III**:   Violation of my 1st, 8th, & 14th amend to my U.S. Const Right's,
Deliberate Indifference to my serious medical need's for the very purpose
of causing harm to the plaintiff in a willful, wanton & reckless way while intrust to his
care as a DOC custody supervisor.
Claim-I thru claim-III are incorporated by reference as if fully re-stated herein.

Supporting Facts: Defendant B.Stadalnik on 11/16/15 & On 6/16/16 was at all times the Unit-
Manager at #140-Corrigan CC for the jail A&P area also is a custody superv-
isor with the lieutenant rank he was put on that post by the Facility Incoming Property Review
Coordinator D/W ROBERT MARTIN, he had the power & authority to tell his subordinates what to do
and not to do, also to tell them what property to take from me and not to take from me but
instead allowed his subordinate to continued the violation to my U.S. Const Rights, as to be
free from cruel & unusual punishment, he saw me On 11/16/15 with a broken right hand & instead
of asking the CIU c/o who drop me off E.PEREZ what happen to me before I got there, and instead
of getting me medical attention when he had two-(2) nurses right in front of him he decide to
co-conspired with his subordinates and allowed the wrong doing to me to continued for years til
this day since 11-16-15 they are still holding all of my personal property and do not want to
forward it to me at the facility I was transfer to. as a supervisor he failed to train and to
supervise, he failed to inforce plaintiff rights against his subordinates instead he did partic-
ipated and was personally involved, he have the ability to end the constitutional violation his
subordinates put the plaintiff through leaving plaintiff with permanent bodyly harm injury for
the rest of his life having to take medical daily treatment and pain medication for the rest of
plaintiff life, the defendant failed to take actions to prevent predictable violations of
rights within his areas of responsablitys. (2)

### CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

**Claim IV:** violation of my 14th, 8th, & 1st Amend to my U.S. Const Right's, Deliberate Indifference to my serious medical needs, reckless, wanton, willful, only for the purpose to created-intentional infliction of emotional distress, pain & suffering, cruel & unusual punishment that have result in plaintiff obtain physical and permanent injuries. claim-I thru claim-IV are incorporated by reference as if fully re-stated herein.

Supporting Facts: Defendant Raun Kudzal was the 2nd shift property officer at #140-corrigan CC, On 11-/16-15 & On 6-16-16 when the plaintiff got transfer there from corrigan CC kudzal was the officer who inventory the plaintiff property confiscated the Jordan & with the lift & insoles that were inside he only let the plaintiff with the pair of sneakers he was wearing the Black-Nike Hyperfusion that on 6-16-16 in his presented his co-worker c/o Mr. Sweet did issued the plaintiff & disciplinary report for contraband class-B in which the plaintiff was found guilty and punished with additional sanctions for it & kudzal as the property c/o in charged failed to prevent the predictable violation against plaintiff within his area of responsabilities, in top of that kudzal did at least three times for the period the plaintiff was there cell's matrix-property check in which you have to bring everything out of your cell and placed it inside five boxes and whetever doesn't fit or you leave in your cell will be throw away in the garbage so he witness the plaintiff having for over a eight-months period those same sneakers, the plaintiff did also provided evidence of old property inventory sheet signed by L't J. Iozzia when iozzia,- was the property c/o at the time there that shows the plaintiff had the same pair of white jordan sneakers in that same jail, that was futile til this date both pair of sneakers are being held at corrigan.

when he did allowed other inmates to wear jordan sneaker in the same unit the plaintiff was housed in that jail, the plaintiff also did provide evidence from central office of DOC in regard to the fact that there was no policy that placed that allowed the defendants to take away my shoes only cause the brand is Jordan I FOI such police from the former Director of security division for the Dep't in which the FOI administrator and attorney confirmed the defendants were on the wrong, but still the defendant's did used individual discrimination toward the plaintiff and did not return back nothing, my sneakers did not post any safety or security to the institution nor did the defendants provide evidence the former Dir of security stated sneakers can be taking on a one on one basis if any inmate do something but not take other's inmates shoes cause of what another inmate did.

Under the **Turner**, standard, when prison restrictions are challenge officials must justify their policies and provide factual support for their arguments. the defendants did created their own unconstitutional custom police as to claim a policy that do not existed nor was being use with others prisoner's, but only with me the plaintiff., his thing was to target **"LATINOS/HISPANOS"** kudzal did conducted periodically inmates matrix inspection as I said, another time he confiscated the plaintiff beardtrimmer. also c/o Kudzal saw me with a swollen broken hand and also did not bother in getting me medical care.

**Claim V:** violation of my 14th, 8th, & 1st Amend to my U.S. Const Right's, Deliberate Indifference to my serious medical needs, reckless, wanton, willful, and malicious while having a clear

state of mind only for the very purpose to caused harmed & permanent physical injuries to this plaintiff spine the type of injuries that required daily pain medication treatment since he will be in pain on a daily basis for the rest of his life. **Claim-I thru Claim-IV are incorporated by reference as if fully re-stated herein.**

Supporting Facts: Defendant **Robert Martin**, at the time the plaintiff was at corrigan he was the Deputy Warden of Operation & at the time was the facility incoming property coordinator designated as such per defedant Antonio Santiago in accordance with A.D. 6.10 inmate property, he was responsible for the authorization of denying of all incoming propertyitems. [si] On 11/19/15 I send Martin a request-(CN9601), in regard of his subordinates' e.g., R.KUDZAL and others as to the abused they was doing to me discrimination, deprivation of already authorized property, about the unconstitutional discriminatory custom policy in a maliciously & sadistically manner, which policy couldn't had been employ by his subordinates unless he was who ordered, &

## CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

authorized them to do so Defendant Martin did exhibited deliberate indifference as respondent superior to my rights by failing to act on information indicating unconstitutional act's toward me by his subordinates were occurring. **Colon V. Coughlin, 58 F.3d 865 (2d Cir. 1995),** instead he forward my request to his subordinate, Defendant B.Stadalnik, one of the main individuals I was complaining to defendant Martin.

Defendant Martin as well as the rest of his subordinates at property did allowed others inmates whites, & blacks to wear Jordans and order the same and/or other brands of sneakers from an outside vendor due to settlement agreement, (the same as me), or sneakers pass issued by medical but refused to honor this plaintiff part of his settlement agreement so I at least would had be able to order me some new pair of sneakers from an outside vendor of my size 12-C.

instead him and his subordinates, e.g., property, commissary, medical, and even his own supervisor the warden kept saying commissary can order my size 12-c by placing a special order that never got there leaving the plaintiff with no shoes to wear for around a year, with no lift no insoles inas a result the plaintiff did and are still suffered til this date emotional stress-disorder, pain and suffering mental anguish, hated, and more mental disturbance feeling like a raped-victim.

defendant Martin and subordinates acted in a retaliatory manner, also used individious discrimat-ion: (discrimination that is offensive or objectionable esp. because it involves prejudices or stereotyping--Black's Law Dictionary (3rd Pocket Ed. 2006). [sic]

Defendant martin failed to take action to prevet violations of rights within his area of responsibility. **Meriwether V. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989)(warden and commissioner-could be held liable for foreseeable retaliatory beating by officers).** Martin knew or should have known the task of my property issues was not getting done by his subordinate. **Lamarca V. Turner,- 995 F.2d at 1537-38 (superintendent could be held liable in part because he failed to ensure that his direct subordinates carried out his policies),** and I the plaintiff did placed martin on notice of need for action.

Martin had the power to correct the violation and duty to act and choose not to as the deputy-warden of Operation for the whole prison. Officials who set policy, write regulations, or give orders may be liable, even if he are not directly involved in enforcing them against you. see;- **Martin V. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985)(" A prison warden can be held liable for-policy decision's which create unconstitutional conditions); Duchesne V. Sugarman, 566 F.2d 817-830-32 (2d Cir. 1977)** in fact when prison employees act pursuant to orders, policy or regulations, the order-giver or policy maker may be the only person who can be held liable. A policy need not be formal or written to serve as the basis for liability **Leach V. Shelby County Sheriff, 891 F.2d-1241, 1246 (6th Cir. 1989)(evidence that the sheriff "implicitly authorized, approved or-knowingly acquiesced" in his subordinates' actions could support his liability),** cert. denied,- **495 U.S. 932 (1990).** "Tacit authorization" may be sufficient **Fruit V. Norris, 905 F.2d 1147, 1151-(8th Cir. 1990).**

former deputy warden Martin,R. did in fact violated by all mean my 14th, 8th, and 1st Amend to the U.S. Const. he also was aware I came to his facility with a recently broken right hand that need it emergency medical care also he did not care it took weeks for me to go it #137-Macdougall-C.I another prison in suffield Conn to see an specialist who only took x-rays ans did nothing my broken hand reach to the point that bones did not want to heal they had to start to give me calcium pills, I even put Martin on notice that his subordinates on 6-16-16 throw away some legal documents, box's, legal files & folders all he said was that was not legal to have my legal stuffs **Claim VI:** Violation of my 14th, 8th, & 1st, Amendments to my U.S. COnst Right's, as to be free-from cruel & unusual punishment, Deliberate Indifference to my serious medical needs, reckless, -wanton, willful, and malicious clear state of mind for the very purpose of causing harms' and permanent physical injuries to this plaintiff, which injuries required daily painfull medical -medication treatment since those injuries pinch nerves on plaintiff spine will never go away for the rest of plaintiff life in this miserable world. **Claim-I thru Claim-VI are incorporated by ref-erence as if fully re-stated herein.**



(4)

## CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

Supporting Facts: Defendant **Antonio Santiago,** at the time was the warden of #140-Corrigan CC, and did subjected the plaintiff to individious discrimination intentionally for the very purpose of causing harm the plaintiff did and are still suffering emotional stress disorder since he did sustain permanent life injuries that required daily medical pain medication treatment  do to the damage cause, by the cruel and unusual punishment the plaintiff did experience in the custody of this defendant and his subordinates to the point this plaintiff thought I was going to died, next at their hand that mentally I saw no more other exit then to used violance, against my abusers, as a result couples weapons were recovered after who was my cell mate at the time **Roland Evell-D.O.B 4-14-1993,**  lead the defendants to it I was then secure in the prison Restrictive housing Unit,    arrested and charge, by the state police in which I received a one-(1) year sentence as part of a plead deal.

I let this defendant know  in regard of his subordinates intentional unauthorized deprivations of my personal property , and what I need is the return of my property since it constitute irreparable harm, On December 22, 2015 this individual told me that my SONY BOOMBOX was returned to me my Ray Ban glasses never follow me from garner C.I. when I got transfer, and that my sneakers, were going to be held until a decision is made, I let him know manny other inmates got jordan's I ask him to allowed me to order a pair of sneakers size 12-c in accordance with my settlement he declined that I have to purchase my sneakers from the commissary who sale my size, he also make clear to me that if the attorney general office leave it up to him I won't get nothing at all, and that he don't care if I go back on a hunger strike cause that was my right and I can starve to death.

I showed this individual that the sneakears and property items his subordinates took away from me I had it when I was there from 2009 to 2011 and he was the deputy warden of operation, and I was allowed to even ordered a pair of sneakers, all my intent was futile, he know I had a broken hand my right hand that I need it expedite medical care the only thing he told the plaintiff while looking at my swollen right hand that he was not going to authorized a transportation to no hospitals straight from his prison!. SANTIAGO -
          authorized for other's inmates similarly situated to this plaintiff to wear Jordans, this defendant did in fact violated my constitutional rights by failing to take action to prevent predictable violations of rights in his prison within his areas of responsabilities as the warden and the duty to protect the plaintiff in his care. **Johnson V. Johnson**, 385 F.3d 503, 526 (5th Cir-2004); **Valdes V. Crosby**, 450 F.3d 1232, 1239-43 (11th Cir. 2006)(warden could be held liable for beating of prisoner based on inaction and weakening of protective measures in the face of information suggesting widespread abused); **Sash V. U.S.**, 674 T.Supp.2d 531 544 (S.D.N.Y. 2009).

Santiago was personally involved in the deprivation of my personal property, medical devices, and U.S. Const Right deprivation, since he created a policy or custom under which unconstitutional practices occured and allowed such policy or custom to continued. **Colon V. Coughlin**, 58 F.3d 865,- 873 (2d Cir. 1995).
**Santiago as the warden at the time** intentionally did discriminated me, he had the ultimate authority he was the order-giver, policy maker, set policies within his prison walls, write regulations as well within the same prison walls, all in which make him liable as a superior even if he was not directly involved in enforcing them against me. **Brock V. Wright**, 315 F.3d 158, 165-66 - (2d Cir. 2003), and did so in a manner that itself violated the Constitution. **Ashcroft V. Iqbal**, _____ U.S. _____ , 129 S. Ct. 1937 (2009). defendant Santiago also failed to act on report - and appeals this plaintiff filed in regard of all of the above. **Wright V. Smith**, 21 F.3d 496, 502- (2d Cir. 1994) (quoting **Williams V.smith**, 781 F.2d 319, 323-24 (2d Cir. 1986)).

The defendant Santiago as the Unit Aministrator of his prison failed to take corrective action after learning of a subordinates' unlawful conduct, did instead supported the creation of a policy or custom fostering the unlawful conduct, he acted with gross negligence in supervising his subordinates who commited unlawful acts, or deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates. **Hayut V. State Univ. of** -

CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

New York, 352 F.3d 733, 753 (2d Cir. 2003)-(citing Monell V. Dep't of Soc. Servs. of New York,- 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Defendant Santiago keep on saying that the plaintiff sneakers size were available and sold by the prison commissary without any evidence, to then admited the size not to be available, the defendant was operating a prison facility without an adequate medical care system with "[Sy]stemic deficiencies in procedures which did subjected the plaintiff to unnecessary suffering this is a inevitable deliberate indifference action toward this plaintiff. **Todaro V. Ward**, 565 F.2d 48, 52 (2d Cir. - 1977), quoting **Bishop V. Stoneman**, 508 F.2d 1224, 1226 (2d Cir. 1974); accord, **Harris V. Thigpen**,- 941 F.2d 1495, 1505 (11th Cir. 1991). The Defendant Denied me access to Rehabilitation- Programs.even known, my Existence was compromised I.C# No: 140-17-070 AR. Plaintiff injuries significantly affects his daily activities. **Momoum County Institution Inmates- V. Lanzaro**, 834 F.2d at 347 (medical need is serious if it imposes a "life-long handicap or - permanent loss").

**Claim VII:** Violation of my 8th, 14th, & 1st Ament to my U.S. Const Rights' as to be free from cruel & Unusual Punishment, Deliberate Indifference to my serious medical needs, reckless, wanton, will and malicious infliction of pain for the very purpose to only cause permanent harm & physical injuries to this plaintiff, which injuries do required daily medical treatment to included the administration of daily medication to treat the pain & suffering of my pinch nerves in my spine. **Claim-I thru Claim-VII are incorporated by reference as if fully re-stated herein.** **Supporting Facts:** Defendant **Ronald Labante**, at the time was the Health Services Administrator at #140-Corrigan CC for the town of Uncasville Conn, from 11/16/16 till the plaintiff got transfer out of that prison, Labante did failed to act within his area of responsibilities I wrote to him plenty of times, he knew or should have known the medical problems I have to included plantar facittis, instead he only did send me a flyer of the sneakers sold by the commissary which did not include the plaintiff size 12-c in question.

Labante did acted with deliberate indifferent toward my serious medical needs, as to be free from cruel and unusual punishment but as a medical professional he did nothing but help in inflicting and prolonging unnecessary and wanton pain & suffering prohibit by the 8th amend. **Estelle V. - Gamble**, 429 U.S. 97, 104 (1976). neither did try to attempt to accommodate my needs. see; **Faraday V. Commissioner of Corr**, 288 Conn. 326. **Archer V. Dutcher**, 733 F.2d 14, 16-17 (2d Cir.- 1984), **Bass by Lewis V. Wallenstein**, 769 F.2d at 1184-86 (damages aweared against assistant warden- and medical administrator based on deficiencies in sick call procedure). On 7/7/16 I wrote to Labante to let him know that one of his subordinates Nurse **KARA PHILLIPS**, in a retaliatory manner stop the medically institutional laundry process that was getting done due to my skin contact dermatitis problems he only direct me to speak with a custody unit manager.

I been diagnosed with: Sacralization of the L5 bilaterally, with evidence of bilateral pseudarthrosis. with mild scoliosis of the lumbar spine, concave to the right and centered at L3 level, I got mild disk space narrowing L5-S1. The visualized lower lumbar spine and sacrum suggests a - transitional lumbar spine vertebra distally. wire sutures are noted in the midline just anterior to the lower sacrum. There is a slight curve of the dorsal spine convex to the right.

There is an ½ inch discrepancy of my left leg which chronic pain arise due to the plaintiff planta fasciitis, high arch. also my Last lumbar vertebral body is sacralized bilaterally with

the sacral ala, mild loss of lumbar lordosis, and Mild facet arthropathy throughout. instead the defendant Labante did coconspired with the defendant e.g., Co-workers, DOC Custody, and the Attorney General Office agreeing by false statement that the plaintiff sneakers size 12-c was available at the commissary prolonging plaintiff pain & suffering and as a result I got permanent nerves damages for life in my spine plus I lost the reflects in my right knee which test was conducted by **Ms. ILONA FIGURA, M.D.** while housed at #-140 Corrigan.

## CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

**Claim VIII:** Violation of my 14th, 8th, & 1st Ament to my U.S. Const as to equal protection of the law violation, Cruel & Unusual Punishment, Deliberate Indifference to my serious medical needs, reckless, wanto, willful, & malicious infliction of pain for the very purpose to only cause harm- & permanent physical injuries to this plaintiff which injuries do required daily medical treatment to include the administration of daily medication to treat the pain & suffering of the pintch nerves in my spine an injury that don't have a cure, emotional stress disorder, violation of due-process, retaliation, prejudice, discrimination, humiliation amount others. **Claim-I thru Claim-VIII are incorporated by reference as if fully re-stated herein.**

**Spporting Facts:** Defendant **Michelle King,** at the time of the claims in this complain arose she was a Correctional Counselor and at the same time was serving as the administrative remedy coord-inator who was to investigate any inmates grievances file against staff and prison confinement condictions, she did co-conspired with her co-workers as mention in this complaint to violated the plaintiff rights under the U.S. Const, she did denied the plaintiff due process of the law by not processing any of the claims i.e., inmate grievances & property claims filed by the plaintiff against her coworkers, the other defendants mention in this complaint, she did rejected any and every grievance'(s) the plaintiff filed telling the plaintiff to first write this or that person & get informal resolution first when the plaintiff had told her that he did wrote to those - defendants, note and document every time he did speak to them as well and that none of those defendant did file any respond back, and that the 15-business days as required per Administrative-Directive 9.6 Administrative Remedies had expired for them to return me an answer she still did not care.

she was sent plenty of times to speak with the plaintiff and course me in to ordering a pair of sneakers from the commissary telling the plaintiff that his size 12-c doesn't exist in this world they figure I will sign & she will tald me in to doing it since she is a cuty & I been in prison with no female intimate contact for two-(2) decates, (it didn't work) that way. she either went to the extreme as to falsify documents, committed perjury while acting under color of state law, and while under oath, On 12/17/15 I filed a Lost/Damaged Property Investigation Form (CN9609), On 1/13/16 she reply by stating: **BASED ON SAFETY & SECURITY YOUR JORDAN SNEAKERS WERE SENT HOME-PER YOUR REQUEST-(Property Investigation Number: 140-16-015P).**
when all that is a lie I got evidence by other staff's from other facility were the staff at #140-Corrigan CC admited to still be holding my both pair of sneakers and other property items that my stuff are not lost neither damage, so why-(?) they still haven't release my personal property that is theaf/larceny.

Multiple times she used to come to the cell I was housed & unit and saw me in extreme pain to the point I was not able to move in a normal way, she saw me holding a bottle full of hot water that I had placed on my back to easy the pain a little since that was the only thing I had available to my self for the pain it was time she used to back away from the cell door thinking I had a conceal object behind my back. she retaliate by putting me on grievance restriction for a six-(6)-months period from May 17, 2016 until November 17, 2016 pursuant to A.D 9.6 Section: (6), parag-raph O, Abuse, #1. because according to her math she did received seven-(7) grievance from me from March 21, 2017, and May 11, 2017 to included an eighth one  dated 5/15/2017 but as this court can see she same me a notice of restriction a year prior to she receiving the grievances. I try to let another corr counselor know Ms. **Kimberly Daly,** not alone to say I showed her I did not filed that much grievances still I was kept on and instead I was threat that if I do not comply additional restrictions will be placed on my future ability to file grievances including extending the restriction another six months. and the warden at the time defendant ~~Angelina~~ **FAUCHER,** approved it. SHE denied Me Legal call's,

**Claim IX:** Violation of my 8th, 14th, & 1st Amend to my U.S. Const Rights, as to be free from Cruel & Unusual Punishment, Deliberate Indifference to my Serious medical needs, wanton, willful,- malicious, reckless, in a purposely infliction of pain for the very purpose to cause harm to this plaintiff which physical injuries are permanent now, which injuries do required daily medical - treatment to include administration of pain medication on a daily manner for the pinch nevers in the plaintiff spine. **Claim-I thru Claim-IX are incorporated by reference as if fully re-stated** ~~as~~ herein

(7)

### CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

**Supporting Facts:** Defendant **KEITH STACK,** at the time was the commissary operator supervisor for District-3 they sale commissary items to inmates in the corrigan male prison even though they are station inside the woman prison in Niantic, he kept on telling the warden, Attorney Gneral Office, the Dir of medical svs and his assistant at Uconn CMHC, to the Deputy Wardens & to everybody and they mother even to the plaintiff that he will be able through his already authorized vendor to place an special order to order the plaintiff sneakers size 12-C,
making the plaintiff to waited & waited, for the mean time the plaintiff was being subjected to pain & suffering, wlaking aroung the prison with no sneakers or any shoes for months, one of his subordinates **Shannon Cather, who did try to aid the plaintiff with this matter and showed me three difference type of decent sneakers of course special orders that she was able to obtain out of her computer & showed it to the plaintiff in which the plaintiff did agreed to order two out of the three pairs he was showed by her.**
It is the plaintiff believe that the defendants in the prison custody did not agreed, did not want the plaintiff to get those type of sneakers because they want it to punish the plaintiff by taking his sneakers & by allowing the plaintiff to order the ones showed to him by Ms. **Cather,** it would it no different then the ones the defendants did confiscated from the plaintiff, they did not want the plaintiff wearing no **Stylish** sneakers I guess-(?).
then he try to convince me that my sneaker size 12-c do not exist , that,that size is only a toddler shoe.

**Claim X:** Violation of my 8th, 14th, & 1st Amend to my U.S. Const Rights, as to be free from cruel – & Unusual Punishment, Deliberate Indifference to my serious medical needs, wanton, willful and malicious infliction of pain in a reckless manner for the very purpose to cause harm, emotional-distress to this plaintiff and which injuries has cause this plaintiff permanent damages for life the plaintiff required  now daily treatment with pain medication for the pinch nerves in his spine have to be administer daily. **Claim-I thru Claim-X are incorporated by reference as if fully re-stated herein.**
**Supporting Facts:** Defendant **Mikki Plus,** at the time was the manager of the District-3 commissary Dep't at Corrigan that sale items to male prisoners, this items are basic human needs protected by the 8th amend of the U.S. Constitution, she at first keep telling the others defendants as mention in this complaint that the plaintiff size 12-C is available in the commissary through their already authorized vendor'(s) e.g., **Keefe Group Account Manager Laura Palmisano for the Commissary Network** who On December 14, 2015 Informed Plus subordinate Mr. **Keith** that:

> Keefe Supply Company does not stock a size 12-C but I do have the
> the ability to order this size upon request.
> Please note I cannot gurantee style or price. If there is any
> other information you need please let me know.

There this proved at all times the defendants were aware if this shoes was or not available any why it never got to the plaintiff if it was available, or why it was kept in secrect in between defendants if it was not available, that only answer could only being negligent to their duties of providing to the plaintiff since the plaintiff is in their custody ans as such cannot care for himself, the defendant did in fact co-conspired with the defendants as to violated the plaintiff constitutional rights, as to not to comply with that portion of the settlement, as to cause permanent harm & injuries to this plaintiff in the worse way possible . On 2/14/17 at: 5:07 P.M I give defendant L'T Stadalnik a sneaker order form for sneaker's item #9060 size 12-c I never got that size at all.
On May 11, 2016 her subordinate **Ms. S.Cather,** went to speak to me inregard of the sneakers, again On June 20, 2016 at: 1:42 P.M a Jane Doe african american, commissary operator, one of Ms. plus subordinates went to speak to me about the sneakers size as no to be available, On August 8, 2016 Ms. Plus with her subordinate Mr. Stack went to see me in the unit about my sneaker's size not to be available they came with a sneaker flyer for female for me to order from there and try since those were narrow, then the only wide widths' wich only are D, 2E, & 4E, thats it for every body. from November 16, 2015 that the plaintiff was transfer to Corrigan CC, until June 5, 2017 that the plaintiff was transfer out of Corrigan this defendant never got the plaintiff his size 12-c, the plaintiff was forced to wear a regular 12-D size sneakers having to have a out of packet loss,
of $91.oo U.S dollars when all she need it to do was report her findings and she be cover, and I

### CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

might would of got my shoes, I would it be allow to order some new ones from an outside vendor or I would it only have to held liable the warden or attorney general office.

**Claim XI:** Violation of my 8th, 14th, & 1st Amend to my U.S. Const Rights, as to be free from cruel & Unusual punishment, Deliberate Indifference to my serious medical needs, wanton, willful & malicious infliction of pain in a reckless manner for the very purpose to cause harm, emotional-distress to this plaintiff, which injuries cause to this plaintiff by this defendant negligence, are permanent damages for life that required daily medical care treatment with the administer of pain medication for the pinch nerves in his spine. **Claim-I thru Claim-XI are incorporated by reference as if fully re-stated herein.**

**Supporting Facts:** Defendant **Peter J. Murphy**, know the plaintiff for over a decade he was the warden at #137-Macdougall-Corr Inst, he was the warden when the plaintiff was allowed to ordered the pair of Black Nike Hyperfusion that On June-16, 2016 the defendants did consfiscated from the plaintiff at #140-Corrigan CC he could have remedy the wrong that was being done to the plaintiff at the hands of his subordinates instead he allowed the violation to continued.

Mr. Peter had a clear state of mind as to what was being done to the plaintiff & what need it to be done to aid the plaintiff but he decide not to do a thing, he was the warden at Macdougall when Correctional Officer **Mr. Velasquez**, was his property officer subordinate and who did provided a statement on behalf of the plaintiff to help the plaintiff in his disciplinary report class B hearing that the plaintiff was issued by defendant **Mr. Sweet** and **Lt Mr. Stadalnik** for the same sneakers mention here in this claim.

Defendant **Mr. Murphy**, after being informed of the violation through many report,-& appeal filed by the plaintiff, failed to remedy the wrong,see; **Inmate Grievance-Appeal Form- Levels 2/3 IGP No.: 140-16-059 AR**, and **IGP No.:140-16-074 AR.** the defendant was grossly negligent in supervising the subordinates who committed the wrong acts, defendant Murphy also did exhibited deliberate indifference to the rights of the plaintiff after he failed to act on information indicating that unconstitutional acts were occurring. **Colon V. Coughlin**, 58 F.3d 865, 873 (2d Cir-1995). On July 1st, 2016 at 10:05 A.M the defendant was conducting a tour in #140-Corrigan CC, I was housed in Housing unit-A cell #113 and I the plaintiff spoke to the defendant in front of both of his subordinates Defendant's, Warden Mr.-Santiago.A, & Deputy Warden Mr. Martin.R., in regard of my sneakers and medical treatment, plus lift & insoles, he did nothing.

he also denied the plaintiff grievance abused appeal IGP #: **140-16-074A, On 3/16/-2016.**
On March 3, 2016 defendant Murphy did reply to my March 1, 2016 in regard of me being allow to purchase some sneakers from an outside vendor he denied me by saying, all footwear must be ordered by commissary unless a medical certificate is issued for footwear specific to a medical condition. and instead forward a copy of his letter to his subordinate Mr. Santiago.A. and not to medical I did provided Murphy with a Physician's Order dated 10/2/02 for shoes by medical, I provided a clinical record dated 6/9/04, another physician's Order dated 6/28/o5, by podiatry Dr. Henry Fedus for outside shoes, and the above by Timothy Silvis-M.D for outside shoes, and a Utilization Review Request Form HR202 for outside shoe gear with a routine priority of 30-60 days. still the defendant's denied me.

Defendant Mr. Murphy On 12/13/16 did denied my **Inmate Grievance Appeal Form-Cn 9604 IGP No.: 140-17-059 AR** against Correctional Officer **Mr. CASSIDY** , in regard of a custom policy they got On **A-Housing Unit at #140-Corrigan** to denied you access to hygiene items and not being able to used a razor to shave unless you are a permanent party e.i., a worker house there. as a none permanent party you can be house there for a 90-days period more or less. they're prejudice against who they allow or who they don't allow to shave, even when you buy your own razor

### CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

the officer in that unit won't hand you a razor, when you present them your razor card, not even when you go it court can't shave and got to walk around looking like your hygine is low, can't used an eletric razor that you purchase in commissary because only the worker cells there have eletricity.

him with his subordinates e.g., warden Santiago.A, & c/o Mr. Cassidy, did co-conspired to deprived the plaintiff of a basic human need, this is to included **Deputy Warden of Oper Robert Martin-defendant**, who on 7-8-16 wrote to me telling me per Corrigan Razor policy, no razors are distributed in A pod, only to workers and handicapped, also the Unit Manager of that Unit at the time **L't Mickey-Gillete,** told me the same no rezor is only for permanent party and that the policy won't change.

the plaintiff have way to many proof of evidence of many different occasions that will show this court this defendant was pretty aware of what was going on and what the plaintiff has been allowed to get through all this years.

**Claim XII:** Violation of my 14th, 8th, & 1st Amendment to my U.S. Const Rights, as to equal protection of the law, also to be free from cruel and Unusual Punishment, Deliberate Indifference to my serious medical need, wanton, willful, and malicious infliction of pain in a reckless manner for the very purpose of causing harm, emotional stress-disorder, negligence, and permanent damages injuries that required daily medical treatment with the administration of pain medication daily to treat the pinch nerves in my spine. Claim-I thru Claim-XII are incorporated by reference as if fully re-stated herein.

**Supporting Facts:** Defendant **Joseph Iozzia,** knew the plaintiff since 6/16/2009 when he was the property officer there in #140-Corrigan CC and where he himself On the above date at 9:30 P.M did signed an Imate Property Inventory Form (CN - 61001) where he did document that the plaintiff was in possession of a pair of **Jordans-(**which were the same pnes c/o Kudzal did confiscated on 11/11/15**),** Nike,- & New Balance. and could had correct the violation against the plaintiff as a custody supervisor, Unit Manager and former property officer.

On 12-14-15 at 3:51 P.M he sent an email to all of the defendants where he admited that the plaintiff did have authorization from the attorney general office to order sneakers from the outside vendor, but that now commissary was able to order the plaintiff his size through a special order that will give the ability to order and that the special order from the AG's office said nothing about a medical need for the sneakers, just odd size. **and that he was hoping this with that information we can have hiss pass pulled and just make note that he is allowed a special order through our vendor.**

as this court can see from the defendsnts own evidence they did planned at the

same time conspired together to accomplish their objective to harm the plaintiff and not allow him to order his size shoes, when in fact the plaintiff do have medical issues for it, the one issue the defendants make worse by now helping to harm the plaintiff more to the point of having pinch nerves for life.

Iozzia wrote a message to 1st shift propertyoccifer defendant **Christopher Muckle,** stating to muckle that: Lawyer for sosa called in regards to his glasses and - Jordan's I explained our policy as well as why **WE PULLED** his sneaker pass if you get a chance call me so we can go over a few things with this iozzia. this showed clearly their intentions to purposely and deliberately in a deliberative way all the defendants want it to do was to harm the plaintiff.

every single efford by the defendant's was to removed the plaintiff off any treatment confiscated his sneakers, not to allow the plaintiff to order any other more sneakears from an outside vendor, not to honored that portion of the settlement agrrement instead he altered it by writing on it. On 7-25-16 at 10:54 A.M I let this defendant know my sneakers size were Not available in commissory

(10)

**CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"**

**Claim XIII:** Violation of my 14th, 8th, & 1st amendment to my U.S. Const Rights, as to violation of equal protection of the law, also to be free from crueal and unusual punishment, Deliberate-Indifference to my serious medical need, wanton, willful, and malicious infliction of pain in-a reckless manner for the very purpose of causing harm, emotional stress-disorder, negligence, and permanent damages injuries that required daily medical treatment with the administration of daily pain medication to treat the pinch nerves in my spine. **Claim-I thru Claim-XIII are incorpo-rate by reference as if fully re-stated herein.**

**Supporting Facts:** Defendant <u>Christopher Muckle</u> was the 1st shift property officer having seniori-ty over defendants Kudzal, sweet, evan, who had a clear state of mind as to what the plaintiff did own by looking at the plaintiff property file, he was aware of the items the plaintiff used to own back in 2009, he knew that many other inmates were wearing Jordan sneakers in the others general populations pop, he knew that there was no regulation stablish that stated inmates can't wear no Jordans or any of the two pair of sneakers confiscated by his coworker, Muckle had the power and authority to release the plaintiff footwear, but for following the c/o code (that no - other c/o's goes against what another c/o said or do against a prisoner) he decide not to remedy the wrong.

he knew that all of the legal documents brown folders that they took from the plaintiff are allow for the plaintiff to have if anything that was mailed from the plaintiff former attorney to the plaintiff former correctional counselor **Steve Meigs** while the plaintiff was there at corrigan and he give it to the plaintiff cause it is allowed for inmates to have.

~~Muckle is being sub un his official to individual of the lawsuite~~

**Claim XIV:** Violation of my 8th, 14, & 1st amendment to my U.C. COnst, as to be free from cruel &-Unusual punishment, Deliberate Indifference to my serious medical need, wanton, willful, and - malicious infliction of pain in a reckless manner for the very purpose of causing harm, emotional-stress-disorder, negligence, deliberately cause permanent physical injuries that required daily medical treatment with the administration of pain medication on a daily basis every twelte-(12)- hours to treat the pinch nerves in the plaintiff spine. Claim-I thru CLAIM-XIV are INCORPo-rated by Reference as if fully re-stated herein.

**Supporting Facts:** Defendant <u>JEFFREY ZEGARZEWSKI</u> was at the time the Duputy Warden of progarams & treatment for the institution at #140-Corrigan CC, and his area of responsiblities was to make sure that the plaintiff receive the proper medical care need it that satisfiy the community standard. On 12-2-15 at 11:00 A.M I spoke with this defendant about my hand at #140-Corrigan CC F-unit, also on 12-7-15 I spoke to the Defendents; Zegarzewski, Iozzia, & Santiago about my sneakers & hand, I was ignored, I was deprived of having tint glasses, shoes, medical care treatment. The medical unit at #140-Corrigan is inadequate by all means. Estelle V. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976). <u>Aswegan V. Bruhl</u>, 965-F.2d 676, 677-78 (8th Cir. 1992)(Deputy Warden and Security Director held liable for failure to correct known violations of doctors' orders); <u>Hill V. Marshall</u>, 962 F.2d 1209, 1213 (6th Cir. 1992)-(Deputy Warden of Treatment held liable for failure to respond to complaints despite his knowledge of a breakdown in the medical system). as the record show the defendants did failed to carry out their statutory duties see; <u>Meade V. Grubbs</u>, 841 F.2d at 1531.

## CONTINUANCE FROM PAGE-3 SECTION: "D.CAUSE OF ACTION"

CLAIM XV: violation of my 8th, 14th, and 1st amendment to my U.S. Constitutional Right's, as to be free from cruel and unusual punishment, deliberate indifference to my serious medical need, wanton, willful, and malicious infliction of pain in a reckless manner for the very purpose of causing harm, emotional stress-disorder by causing in a negligence manner - permanent damages, injuries that required daily medical treatment with the administration of daily pain medical patch, & pain pill's as well to treat the pinch nerves in my spine.

**Claims-I through claims-XV are incorporated by reference as if fully re-stated herein.**

SUPPORTING FACTS: Defendant SHARONDA CARLOS , was at the time a counselor supervisor assigned

to be the facility active ADA-Coordinator at Corrigan CC, On Sept 27, 2016 the plaintiff did submitted a request for reasonable accommodations form-(CN101902) in regard of his sneakers being confiscated by c/o's Kudzal & Evans to included my left leg lift & Arch Support Insoles I direct her to check my Medical files/records (I) & (J) those files will showed her color pictures of the sneaker's confiscated, plus samples of Motions for contempt, and copy of the agreement-settlement in regard of the same matter. Defendant CARLOS did returned me back my not even process. so I on 11-15-2016 did filed an appeal under the ADA-standard, On Feb 15, - 2016 the appeal was denied.
by stating that there was a lack of proper documentation's when in fact it wasn't that there was no documentation of an approved lift for my leg, nor any request to be accommodate with a lift, and for the plaintiff to resubmitted appropriate request and supporting documentations. see; ADA-appeal IGP#140-17-052A. When in fact the plaintiff did provided & produced every single documentations for every single issue's, also she could had done her job by going to the medical unit to review the plaintiff medical record's with the medical staff assistant but instead did choose to make ease for herself and just denied the plaintiff, not to go against her subordinates and co-worker's even though she took an oath to care for the well-being of inmate's and just like that she denied the plaintiff due process, at the sametime subjecting him to pain & suffering, emotional stress disorder, permanent injuries, pinch nerves in the plaintiff spine.
On 11/6/16 she wrote she was informed by the (CMHC) administrator-? commissary is able to order the sneaker's the plaintiff need it request i.e., size-12c and that medical won't be able to special order my sneaker's , so she returned me back my document's once again un-process. On 9-30-16 I submitted another Reasonable accommodations form-(CN101902) requesting treatment for my skin Dermatitis again it was returned back to the plaintiff unprocess.
On 10-20-16 she wrote to this plaintiff stating she will follow up with the facility medical administrator-?. The plaintiff appeal On 11-15-16, On 12-15-17 she issued a double disposition to one single appeal as to: Denied/Rejected see; ADA-appeal IGP#140-17-053A. stating that my appeal purpose is unclear, documentation of any denial of request is not included. (How can - it be include when she never did process it), denial of accommodation is not articulated, and claim of denial of due process by her is inaccurate she know she didn't process it, all she did was her best to insult the plaintiff intelligent.
On 11/15/16 the plaintiff filed a third-(3rd) ADA-accommodation Form-(CN101902) see; IGP#140-17-051A requesting assistant by medical to apply my skin medication on my back, for my medical laundry bag which was to make my laundry separate due to my skin condition and which bag was taken from me by laundry C/o Mr. WILLIAMS and by defendant KARA PHILLIPS CHNS, I also did attached a 21-pages total documentation to that ADA-Form, it was returned back to me not process. On 11/6/16 the defendant CARLOS wrote to the plaintiff stating that in consultation with the (CMHC) administrator-? I shall speak to who was my unit manager in regard of the mess up mattress that was causing the plaintiff major pain & suffering due to his back/- spine bad condition, and that she was going to follow up with that unit manager-? and nothing

## CONTINUANCE FROM PAGE-3 SECTION: "D.CAUSE OF ACTION"

ever did happen, when as an ADA-coordinator it is within her are of responsibilities to assist the plaintiff, the plaintiff need only to submitted the form CN101902 and it is her duty to process it and to contact the proper other person staff's to arrange for such requested accommodation's , it doesn't rest on the plaintiff to due her job, I can't take care of my own serious medical need the duty of care owe to the plaintiff rest on her, that is why she got her job title as ADA-coordinator is to provide and/or assist in any type of treatment's, assistant that inmate need's.

On 12/12/16 defendant CARLOS wrote to the plaintiff stating that in consultation with defendant GALLAGHER On 12/12/16  there is not a warrant from medical that stated the plaintiff have any disabilities  and/or any need for the size-12c sneaker's the plaintiff need, that there is nothing from custody to warrant a special ordering process the shoes can be ordered through commissary as the plaintiff had been informed by commissary.

The evidence present to the defendant by the plaintiff was overwhelming to showed he have a serious medical needs I produced many physicians and experts diagnosis. the plaintiff condition due to the defendant's negligent are obvious to even a lay person. see; **Roberson V. Goodman**, 293 F.S¹pp.2d 1075 (D.N.D. 2003) **Id.** at 1080. instead the defendant decide to take adverse action's against the plaintiff in a retaliatory manner together with her co-worker's e.g., supervisor's, subordinates, for the plaintiff exercising his first amendment U.S. Constitutional Right. **Espinal V. Goord**, 558 F.3d 119, 128 (2d Cir. 2009)- quoting **Gill V. Pidlypchak**, 389 F.3d 379, 380 (2d Cir. 2004). The defendant with her superior's could had review the plaintiff past & present medical files history which showed clearly all & every of the plaintiff physical disabilities e.g., chronic low back pain, curved Spine.

the defendant own policy Administrative Directive 10.19 title ADA defined on page 1 of 7 section: (3) **Definitions**, (C). **Disable Inmate**. (D). **Major Life Activities**. Per that same directive 10.19 it was defendant ANTONIO SANTIAGO-(warden) duty to make sure defendant Ms. - CARLOS was trained in the requirement of that directive and those ADA requirements that are relevant to the unit ADA coordinator's duties. those duties' shall include, but not limited to the following:

(A). Review proposed and existing unit directives, policies, and procedures to assess compliance with department guidelines regarding ADA-compliance with respect to inmates. - Provide recommendations to the unit administrator-(warden) for potential corrective action.

(B). Receive copies of all inmate appeals which relate to ADA issues and conduct initial processing of CN-101902, Request for Reasonable Accommodation Forms.

(C). In consultation with the unit administrator, the ADA-coordinator shall resolve requests for accommodation by arranging for: 1). evaluation of inmates by qualified experts as - Necessary; 2). Transfer to appropriate correctional facilities; and 3). ADA required - auxiliary aids as required, consistent with the professional evaluation of the disability and much more. see; **Directive 10.19 ADA page 3 of 7 Section's: 5. Unit ADA Coordinator**. (A)-(G). - **Id.**

The defendant did none of the above, failing to follow her own agency regulation's policy procedure, as required per Directive 10.19 ADA page 4 of 7 Section: (C). **Request for Reasonable Accommodations**. she failed to comply with Directive 10.19 page 5 of 7 Section: - **Reasonable Accommodation**. (7). **Reasonable Accommodation Efforts**. per this same section the defendant'(s) was to maintain in section: (6) of the plaintiff Master file, the documentation of the initial determination. That action by the defendant will determined she did not did as required since you will found nothing in regard to such inside the plaintiff master file.

## CONTINUANCE FROM PAGE-3 SECTION: "D.CAUSE OF ACTION"

Pursuant to Directive 10.19 ADA page 5 of 7 Section: (8) **Appeal of an Americans-with Disabilities Act (ADA) Decision.** a copy of all ADA appeal's and its - decisions rendered regarding the appeal shall be maintained by the Department ADA-Coordinator. in that case that will it be defendant'(s) **Colleen Gallagher,-MA, CADAC, CCHP**, which defendant won't be able to produce any appeal's decision since it is all a big joke to them, not to follow procedures, not to obey the law, not to obey the law of the land, not to respect the plaintiff right's.

## "SERIOUS MEDICAL NEEDS"

A medical condition disables the prisoner or interferes with daily activities in assessing seriousness see; **Sprull V. Gillis**, 372 F.3d 218, 236 (3d Cir. 2004)(holding - allegation of back condition causing pain so serious it has caused plaintiff to fall down sufficiently pled a serious need); **Hayes V. Snyder**, 546 F.3d 516, 523 (7th Cir. 2008)(holding-that objective evidence of pain is not necessary; self reporting may be the only evidence).

The seriousness of a medical need is determined by factors including but not limited to: 1). Whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment' 2). Whether the medical condition significantly affects daily activities, and 3). the existence of **chronic** and **substantial pain.'** **Brock V. Wright**, 315 F.3d 158, 162 (2d Cir. 2003)(citations omitted); accord, **Suarez V. Keiser,-** 338 F.Supp.2d 442, 444 (W.D.N.Y.2004).

plaintiff medical record's showed he has been diagnosed with **Mild Sclerosis, Wire on the Spine,** and much more, and still not enough for the defendant who instead did subject the plaintiff to inhumane treatment. **Kaufman V. Carter**, 952 F.Supp.520, 526 (W.D.Mich.1996)(Failure to provide - bilateral amputee with rubbing alcohol to clean his prosthetic and "ace wraps" to maintain the size of his stumps, resulting in inability to use his prostheses and confinement to a wheelchair supported an eight amendment claim); **Candelaria V. Coughlin**, 787 F.Supp.368, 378 (S.D.N.Y.1992)- (denial of orthopedic treatment and dietary supplement to paralyzed prisoner state a claim),- aff'd. 979 F.2d 845 (2d Cir. 1992). expert testimony for medical is not necessary to establish the existence of a disability see; **Colwell V. Suffol County Police Dep't**, 967 F.Supp.1419, - 1425 (E.D.N.Y.1997), rev'd on other grounds, 158 F.3d 635 (2d Cir. 1998).

the plaintiff "major life activity" is prevent and severely restrict from doing activities that are of central importance to most peoples daily life, and the impact is permanent. see; The ADA Amendment Act 42 U.S.C. § 12102(2). (A). **In General:** Walking, Standing, Lifting, - Bending, Reading, Concentrating, and Working. see; **Toyota Motor Manufacturing, Kentucky V.-Williams**, 534 U.S. 184, 197-98, 122 S.Ct. 681 (2002); **Degrafinreid V. Ricks**, 417 F. Supp.2d - 403, 412 (S.D.N.Y. 2006), **Battle V. United Parcel Services, Inc.**, 438 F.3d 856, 861 (8th Cir.- 2006). all the defendant'(s) did was provided me the plaintiff with disparate treatment. see; **Regional Economic Community Action Program, Inc. V. City of Middletown**, 294 F.3d 35, 49 - (2d Cir. 2002).

**CLAIM XVI:** Violation of my 8th, 14th, and 1st amendment U.S. Constitutional right, to equal protection of the law, due process violation, cruel & unusual punishment, negligence, permanent physical injuries-(pinch nerves) requiring daily medical treatment for the rest of my life in my spine, other's g.e., denial of access to my embassy counsel by phone call's. **Claims-I through XVI are incorporated by reference as if fully re-stated herein.**

**SUPPORTING FACTS:** Defendant **STEPHEN FAUCHER,** became the warden/unit adminstrator at Corrigan CC when defendant Antonio Santiago left. On 5/17/17 FAUCHER denied my inmate grievance - IGP#140-17-173AR for denial to a legal call to my Embassy Counsel under plaintiff Right's on consular Relations under the Vienna Convention Article-5 and Article-36. see;

## CONTINUANCE FROM PAGE-3 SECTION: "D.CAUSE OF ACTION"

<u>Sosa V. Alvarez-Machain</u>, 12 S.Ct.2739 (2004). On 5/22/17 I appeal and On 6/22/19 defendant Edaward Maldonado, denied the appeal he agreed with defendant FAUCHER the reason for denial was my embassy counsel general was not an organization providing legal services to inmates. and that they wasn't representing me on an open current case or providing legal services.

their none-sense reason's exactly make no-sense I provide them with my INS Alien No.: - 043-905-894  which case was pending they choose to ignored that. I was trying to call attorney Delia Felix at the counsel office at (212) 768-2480 Ext 1003.

On 4/27/17 I filed a grievance **IGP# 140-17-162AR** since I was denied a legal call to the U.S department of Justice at: (781) 359-7500 by FAUCHER subordinate defendant <u>Kimberly Daly</u>, On 5/12/17 he denied my grievance, On 5/15/17 I appeal it, On 6/15/17 Defendant <u>Eward Maldonado</u>, denied my appeal and agreed with FAUCHER decision.

On 5/17/16 the defendant'(s) in retaliation did placed me on a six's-(6) month's of grievances restriction until 11/17/16 based on the fact that defendant <u>Michelle King</u> told FAUCHER I had filed seven-(7) inmate grievances between 3/21/17 and 5/11/17, when in fact it was not truth since many of those grievance's were withdrawn by the plaintiff prior to any final disposition being issue. On 2/21/17 I filed a grievance **IGP#140-17-127AR** in regard of the defendant using hygiene items as punishment commissary item 805-Ponytail elastic Braided an item available to all level-4 general population facilities they claimed it was safety & security failing to discuss why-? without applying the **TURNER**, test, they don't allow you neither to purchased that item if you're on lost of commissary a most have item for a basic human need protect by the 8th amendment U.S. Const.

On 3/19/17 I filed a level-1 grievance **IGP#140-17-146AR** in the matter of the mixing of security Risk Group Inmates level-5 with inmates level- from general population as a result I had not only being put at risk for failure to protect but I had being denied medical treatment in violation of my 8th amendment U.S. Constitutional right's, it also interfered with the prison daily life activities for the general population inmates at Corrigan CC. while at Corrrigan CC due to this my access to medical care treatment was either terminated, delay, or denied multyple times while me being present in medical cause the c/o's bring the gang's member's up to medical from a gang unit not caring who was at medical first getting treat it.

On 2/17/17 I wrote to defendant <u>Antonio Santiago</u> telling him about the situation going on for over a year, as to how that interfered with the prison daily life activities. On 2/17/17 fisrt shift I was being examine by the prison doctor <u>Ilona Figura M.D</u> I was force to jump off the examination table and exit the examination room & medical area cause the Officer's were bringing a Security Risk Group-(SRG) of inmate's around 9:50 AM-10:30 AM Register Nurse Mr:- **Jeff Sprague** was the Nurse calling the shots rushing me out of the medical area not respecting my right's neither the doctor who was checking me out.

On 1/30/17 at 6:30 PM c/o Mr. <u>EVERY</u>, kick me out of the medical unit while I was waiting for my treatment cause they were bringing inmates there from another facility <u>STANLEY J. RADGOWSKI - CORR INST</u> to be treat it by medical, I was force to go back to my unit un-treat it loosing my turn and my daily treatment. Radgowski is a level 2/3 facility custody bring them there for treatment even inmates from the half way house's with street clothes on. I was a guess at the own level-4 facility I was housed. the facility system at Raymond L. Corrigan CC District-2 do have a Systematic problem that custody & medical staff's have to choose and favor other inmate's in top of the inmates' already housed there.

15

CONTINUANCE FROM PAGE-3 SECTION: "D.CAUSE OF ACTION"

On 3/19/17 I filed a grievance IGP #140-17-146AR defendant FAUCHER, denied it On 4/26/17 I filed an appeal On 4/28/17 and On 5/30/17 Defendant MALDONADO, denied it agreeing with defendant FAUCHER as usual.

a High-Security Level 4/5 prison no cameras work in the main hallways' no metal detector's you find no officer's at all in the main hallway's most on 2nd shift since warden and deputy warden's are gone. the only time you see c/o's in the hallways is during medication call's so they can rush you back to the cell's so they can leave again to hang out at other unit's leaving their post open/enty a real failure to protect, a safety & security violation Farmer V. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970 (1994).

On 1/27/17 i filed a grievance IGP#140-17-104AR due to the unsanitary filthy food services conditions as to present a health risk, stated an 8th amendment claim. Darke Velasco, 207 - F.Supp. 2d 809, 812-13 (N.D.I11. 2002)(allegation that Aramark food services company did not handle food properly and served food so unsanitary as to present a health risk stated an 8th amend claim).

When the food leave the kitchen to be delivered to the 2nd or 3rd floor's housing unit's it be placed inside some brown plastic's cars not suitable for food, the cars can't be plug it doesn't have a heater to keep the food at temperature levels, can't lock it to make sure nothing is place inside any food trait's to harm prisoner's by guards or others inmates around since most of the time you find the food cars un-attended in the hallways.

To send the food up to the units it get placed inside a DUMBWAITER that is also used to send dirty laundry, garbage bags, the beverage be placed right on the filthy dirty Dumbwaiter floor that often have the fluids release by the garbage bags that break licking in there is just inhumane. Palmigiano V. Garrahy, 443 F.Supp. 956, 962-63 (D.R.I.1977)(filthy food-services conditions were unconstitutional). a dangerous practice that presents a serious risk Capps V. Atiyeh, 559 F.Supp. 894, 914 (D.Or.1982)(Unsafe milk pasteurization procedure-found unconstitutional); Robles V. Coughlin, 725 F.2d, 16 (2d Cir. 1983)(allegations of - contaminated food states a Constitutional claim). Caldwell V. Caesar, 150 F.Supp.2d 50, - 62-63 (D.D.C.2001)(holding expert evidence of unsanitary and unsafe food handling practices-by Aramark supported an 8th amend claim).

On 3/1/17 I filed an appeal On my 1/27/17 grievance and defendant MALDONADO denied my appeal agreeing with defendant SANTIAGO as usual. I also did address the low food portion serving On 1/8/16 I filed a grievance IGP#140-16-062AR, On 1/11/16 my grievance disposition was compromise.

CLAIM XVII: violation of my 14th, 8th, and 1st amendment to my U.S. Constitutional Rights, violation of the equal protection of the law resulting in cruel and unusual punishment leaving me with permanent life injuries that required daily medical treatment for the pinch nerves in my spine, in a retaliatory manner for exercising my 1st amend U.S. Const Right. Claim-I through claim-XVII are incorporated by reference as if fully re-stated herein.

SUPPORTING FACTS: Defendant: KRISTINE BARONE, is very familiar with the plaintiff for over a ten-(10) years period in 2009 while housed in CORRIGAN CC, BARONE was a counselor Supervisor and the unit manager for the unit the plaintiff was housed in, she then left to the DOC central office as the administrator for the DOC Freedom of Information office, and at all times until now she always did had a positive attitude toward the plaintiff and his medical need's.

she was very familiar with the plaintiff personal property confiscated by her subordinates, which sneakers, glasses, medical lift, and arch support insoles the plaintiff had when she was his unit manager. On 5/17/17 I wrote defendant BARONE in regard of her subordinates

## CONTINUANCE FROM PAGE-3 SECTION: "D.CAUSE OF ACTION"

evidence "shall" be presented at the hearing, as determined by the investigator, whenever practicable, otherwise, a sample, photograph, laboratory test, or a written description of the evidence "shall" be presented. nothing as stated above was done beside, the two-(2) photographs send to her cellphone making her credibility her worse enemy.

The defendant disciplinary procedure own policy is Unconstitutional since it give the defendant all the power and authority within this prison wall's to control and manipulate the whole defense process on behalf of the plaintiff by limiting all the opportunities for his defense and denied due process. Grillo V. Coughlin, 31 F.3d 53, 56 (2d Cir. 1994)(accused must be - shown the same evidence as the fact finder). Francis V. Coughlin, 891 F.2d 43, 47 (2d Cir. 1989)(evidence must be disclosed at the hearing and not after it).

Defendant Eberle as the DHO should have check the sneaker's herself and/or take any pictures herself rather than relying on a second-hand description of it. Young V. Kann, 926 F.2d 1396-1400-02 (3d Cir. 1991); Young V. Lynch, 846 F.2d 960, 963 (4th Cir. 1988)(due process may - require production of evidence when it is the dispositive item of proof it is critical to the inmate's defense, it is in the custody of prison officials, and it could be produced without impairing institutional concerns).

## "LIBERTY INTEREST"

The defendant's regulations A.D 9.5 created a liberty interest which right at issue is independently protected by the Constitution, imposing atypical and significant hardship on the plaintiff in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 484.

A Statute, Rule, or Regulation creates a liberty or property interest or "Entitlement" if it limits the discretion of Official's see; Connecticut Bd of Pardon V. Dumschat, 452 U.S. - 458, 466-67, 101 S.Ct. 2460 (1981), Hall V. Unknown Agents of New York State Dep't of - Correctional Services, 825 F.2d 642, 645-46 (2d Cir. 1987).

The most common way of limiting discretion is to used "Explicitly Mandatory Language" in connection with requiring substantive predicate. Hewitt V. Helms, 459 U.S. 460, 472, 103 - S.Ct. 864 (1983); accord, Kentucky Dep't of Corrections V. Thompson, 490 U.S. at 462; Board of Pardons V. Allen, 482 U.S. 369, 374-80 107 S.Ct. 2415 (1987). mandatory language often means words like "SHALL", "WILL", or "MOST" Hewitt, at. 471. also Board of Pardons V. Allen, 482 U.S. at 378 (Statutes with "shall" and "if" "when" or "subject to" have the same effects as statutes with "shall" and "Unless"). The Sandin, analysis focuses on atypical and Significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin V. Conner, 515 U.S. at 483-84 (emphasis Supplied).

## "THE RIGHT TO HEAR AND BE HEAR"

as Stated it above and on the plaintiff appeal to his Disciplinary Report filed July 5, - 2016 IGP#140-17-002A defendant Eberle, didn't want to hear what I had to say as the DHO she was prejudice to the plaintiff denying him due process which the most basic due process right is to be heard. McCann V. Coughlin, 698 F.2d 112, 123 (2d Cir. 1983)(Prisoner tried to present a defense to one charge, was interrupted and told that the committee was moving on to the next charge). Mack V. Johson, 430 F.Supp. 1139, 1145 (E.D.Pa.1977)(committee refused to let the prisoner explain why he denied the charges) aff'd, 582 F.2d 1275 (3d Cir. 1978).

## CONTINUANCE FROM PAGE-3 SECTION: "D.CAUSE OF ACTION"

as a DHO defendant **Eberle**, should had known those charges against me with that DR were **"BOGUS"** in a malicious, sadistic way, in retaliation based on the fact the weapon's they were after and couldn't located, and for intentional infliction of false **Orwat V. Maloney**, 360 F.Supp. 2d 146, 165 (D.Mass.2005). and to erroneously subjected me to physical harm punishment to my health.

My process due prior of finding me guilty that process was contaminated by the introduction through the defendants actions of false inculpatory evidence the introduction of false evidence in itself violates the due process clause... **Winston V. Coughlin**, 789 F.Supp. 118, - 120-21 (W.D.N.Y. 1992)(holding allegations that officers filed a fabricated reports to conceal their eighth amendment violation state a claim).

it rise a conflict of interest also it violated the defendants own policy Administrative-Directive 2.17 Employee Conduct, by defendant **STADALNIK** being the custody supervisor who approved the "DR" defendant **SWEET** issued to the plaintiff, since Stadalnik was personally involved in the incident himself, he was biased he was also the same supervisor in charged of the search in plaintiff cell on June 16, 2016 2nd shift when they couldn't located the weapon's so he would be partial, he was also at the time the supervisor for the property area in that prison the overseer of all the officer's working the property. STADALNIK was directly involved in the search and its execution. this is **contra to Madera V. Goord**, 103-F.Supp.2d 536, 540-41 (N.D.N.Y.2000). **People V. Superior Court (Hamilton)**, 230 Cal. App 3d-1592, 281 Cal. Rptr. 900, 903-04 (1991)(holding hearing officer who had previously reviewed and classified the charge had acted in a prosecutorial role and due process required her disqualification). **Francis V. Coughlin**, 891 F.2d 43, 46-47 (2d Cir. 1989)(allegations that-hearing officer suppressed evidence, distorted testimony, and never informed the plaintiff of evidence against him raised a material issue of lack of impartiality).

**Giano V. Sullivan**, 7099 F.Supp. 1209, 1217 (S.D.N.Y.1989)(holding "unacceptable risk of-unfairness" by staff witness and lieutenant who drafted the misbehavior report). There is a strong suspicion that DHO **Eberle** did not have an open mind during the plaintiff hearing date On June 29, 2016, not being impartiality. **Tumminia V. Kuhlman**, 139 Misc.2d 394, 527-N.Y.S.2d 673 (N.Y.Sup.1988). I told DHO-Eberle, that on June 15, 2016 after I proof my sneaker's cost less then $100.oo and that a copy of the purchase receipt with a color picture was placed inside my property and medical file's-(meaning that at all times the defendant's had the evidence in their hands showing the sneaker's were authorized)- defendant Sweet open the cell asking me if I have the receipt of purchase I said yes he then left to return back with defendant STADALNIK with a form for me to sign to dispose of my sneaker's cause to them my sneaker's worth over $100.oo I refused to sign so that is when they both told me they was going to issued me a Disciplinary Report-("DR") which DR **SWEET** issued it on 6-15-16 at 5:15 PM and **STADALNIK** APPROVED IT & signed it On 6-16-16 at 3:15 PM, and delivered to me by c/o Mr. TORRES on 6-16-16 at: 5:00 PM, the dates and time frames also do violated the disciplinary proceedings.

Defendant **SWEET** changed his theory telling me he might won't issue me a DR-(which was false) but that he will make sure I never get my sneaker's, lift, and insoles back, and he did that as promised.

Hours went by and I ask c/o SWEET for my sneakers back he told me that he was going to call Defendant **CAPTAIN DONALD WILLIAMS**, to see what williams want to do with it. time went by, I ask Sweet again what happen he said that Williams was eating that he-(sweet) will call back after a while hours of me being barefoot c/o Sweet did bring me a pair of chinese state issue shoes similar to the ones a person on suicide watch wear, which shoes offer no support on your feet nor the arch. prior to receiving those shoes I was there for hours with no socks

## CONTINUANCE FROM PAGE-3 SECTION: "D.CAUSE OF ACTION"

or sneaker's that showed from the very beginning the defendant's had a desire to inflict pain, suffering and harm to the plaintiff, there is video camera that will show the defendants act. On that same day **SWEET** told me it seen like I won't be getting my sneaker's, that he will hold them until the next day and that he will all call me back on 6-16-16, he never did call me but instead I did received a "DR", they all were just retaliating again the plaintiff who had wrote them up, try to seek outside help.

C/O SWEET did acted in excess of his statutory authority since at the time his job title assignment was admission as to who was just arrest, return back to jail on any type of supervision violation, or was getting release as of EOS or on bail, but not property, when that shift property was present defendant **Kudzal**.

On 11/16/15 Defendant's STADALNIK & KUDZAL were the ones who personally with the help of some inmates did inspected the plaintiff personal property during my transfer there from Garner C.I so why the sneaker's taken from me by Sweet wasn't an issue back then when STADALNIK was the unit manager of the Admission & property area plus a supervisor for custody in general he is their boss.

before I was transfer there on 11/16/16 both of them already knew I filed suit's and are a litigator, that I had just finish a twenty-(21) one days hunger strike with a broken right hand that it was swollen, and black & blue-purples and STADALNIK did nothing no ice, no medical emergency attention, no food, so if he as a custody supervisor of the A&P area who job duties is to take inmates transfer there, court trip's, arrest's, discharge's, and he did nothing didn't care about the pain the plaintiff was going through he could care less about the plaintiff suffering and his sneaker's.

so who on their right mind properly trained accepted a transfer of a prisoner who got there injured with broken bones and on top of that won't get the prisoner to an outside hospital for treatment that is to be consider a crime against humanity under the torture clause. the least he could have done was to open an investigation as to find out how that inmate got there with a recent injury and with no paper-work stating any fact about that injury from the transferring other facility.

I let DHO Eberle, know defendant Stadalnik used his badge,uniform, and authority for personal gain while acting under color of State law by telling me he was going to go and speak with **Lieutenant Jeffrey Conger**, who at the time was the facility Disciplinary Coordinator, the Unit Manager for segregation, punitive and administrative-segreagtion, and the hospital so the "DR" Stadalnik signed against me for the sneaker's goes forward and a guilty finding be executed against me in a malicious manner. so Stadalnik did poison the "DR" whole process so I won't get a fair decision.

The sneaker's were allowed since they were in compliance with the Directive Matrix,Facility-and unit security level-4. see; **Administrative Directive 6.10 Inmate Property page 2 of 18 Section: (K). PROPERTY OFFICER**, and **Section: (4). INMATE PROPERTY MATRIX.**
Upon arrival at or to any State of Conn Facilities during transfer, each inmate **"SHALL"** be allowed to retain personal property in accordance with **Attachment-A Property Matrix** pursuant with A.D 6.10 each item specified Shall be itemized during **admission** and **record on Form CN-61001-Inmate Property Inventory Form.** see; **A.D 6.10 page 3 of 18 Section: (5). ADMISSIONS.**

any retained item which requires inventory by attachment-A "SHALL" be listed using accurate descriptive information including size, color, make or brand and serial or identification Number. see; A.D 6.10 page 3 of 18 Sec: (5)-(A). **INVENTORY DETAILS.**

that was to be Defendant Mr. Kudzal jod to do On 11-16-16 under the supervision of Defendant STADALNIK during my transfer and he did on that date Kudzal came inside the A&P holding cell

### CONTINUANCE FROM PAGE-3 SECTION: "D.CAUSE OF ACTION"

and look at the sneaker's in question, he documented it on the Form-CN61001 allowing me to keep them, and telling me I can't have the Jordans, and when I was already inside the housing unit's in general Population defendant Kudzal did at least three-(3) matrix inspection's and there was never any issue with the sneaker's defendant sweet confiscated from me on 6/15/16 a year later, this showed clearly he was prejudice, act in a retaliatory manner, and did act at the same time in excess of his statutory authority .

A.D 6.10 page 3 of 18 Sec: (5)-(B). Unathorized Property. and Sec; (5)(C). Inmate Signature. do not authorized any of the defendant to give a "DR" to the plaintiff for refusing to sign any Form. that is to mention defendant Sweet admitted there was a color photo of the same sneaker's inside the plaintiff central property file, so how can the plaintiff be punished given a DR not alone be found guilty if it wasn't a personal matter by the defendant's against the plaintiff. DHO-Eberle let all of the above evidence out.

plus prior of becoming a property officer the c/o have to be train.

On 6/29/16 at: 8:31 AM Officer **LUIS-VELASQUEZ**, out of Macdougall C.I. former property officer send an email to defendant **Jason Nemeth**, the disciplinary investigator at Corrigan CC to let Nemeth know that when Velasquez was the property officer at Macdougall C.I. from January 2013 to May 2014, the plaintiff was allowed to order sneaker's from an outside vendor-(eastbay), and that was approved by upper administration due to the plaintiff-(sosa) not being able to purchase his sneakers through commissary. that was enough evidence not to issued a guilty finding and return back the snaeker's but still with all of the evidence favoring the plaintiff the DHO-Eberle choose not to be fair.

### "DISCIPLINARY COMMITTEE"

As opposed to other States Connecticut Disciplinary Prison System procedures do not have a committee that include Non-Correcitonal Officer's they all are Correctional Officer's, in cases the DHO came from who know's where but whether she/he know the c/o's from prior working together as c/o's, or had some source of intimate relationship, live in the same town, is the truth and really complicate it. e.g., lieutenant Jeffrey Conger mother is the staff Radiology tech in that jail a violation of code of ethic's and policy so he is the disciplinary Coordinator his mother issued any inmate's a "DR" you be in a no win situation.

**CLAIM XX:** Violation of my 14th, 1st, and 8th amendment to my U.S. Constitutional Right's to to proper due process, right to express my self, speech, and the right not to be punish or retaliated against, and the right to be free from cruel and unusual punishment. **claim-I through Claim-XX are incorporated as if fully re-stated herein.**

**SUPPORTING FACTS:** I was already housed in the prison segregation housing unit when I did choose defendant: **Ms. T.RAMOS**, to be my advocate so she can assist me in gathering the evidence and witness to aid in my defense since there was staff's, attorney's, and assistant attorney-general at other location's I couldn't contact my self. **Compare Eng V. Coughlin, 858 F.2d - 889, 898 (2d Cir. 1988)**(requiring assistant for prisoners in pre-hearing segregation).

On 6/21/2016 she went to see me in segregation at: 1:35 PM I let her know what happen, how I got the Sneaker's that I was authorized at Macdougall C.I by the warden at the time it was Defendant Peter J. Murphy,

21

CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION."

and the Deputy warden of operations at the time.
WilliaM FENOUFF, and the Sneakers was ship to me in care
of the Property officer MR: VELASQUEZ, and to also contact
attorney MS: JANE STARKOWSKI who at the time was
the attorneys Manager for the Inmate legal assistant
Program who had knowledge and Proof of all of my
Sneakers since 2006.

MS: RAMOS didn't Contact None of my witness. all staff
witness spot in ~~them~~ her ADVOCATE REPORT FORM CN9508. the
only Part she did fill out was the Evidence Review
Section Reviewed on 6-21-16, the same-day she saw
me and her conclusion was that:
After reviewing the evidence and Sneakers, they do
appear to be contraband and appear to pose a safety
and Security issue based on the Pockets and compart-
ments inside the Sneakers.
The Advocate Report DOC FORM CN9508 denied the
Plaintiff Due Process in the Disciplinary Process
Since it limit the witness (es) Testimony to only two-
(2). e.g., two-(2) inmates. and two-(2) Staff's Testimony
She left every single witness testimony sections on her
report Enty.
She failed to at least take Notice of the e-mail Staff
Witness Corr officer MR: VELASQUEZ out of #137-MacDougall
Send to DR-investigator C/O JASON NeNeth at#140 corrigan
on June 29, 2016 8:31 AM. Velasquez Stated: When he was
the Property officer at Macdougall from January 2013 to
May 2014 the Plaintiff was allowed to order Sneakers
From an outside Vendor (EastBay). and that this was
approved by upper administration due to the Plaintiff
not being able to Purchase his sneak From commissa-
ry.
advocate correctional counselor-(CC) MS. RAMOS

(22.)

CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

had enough evidence to request a Dismissal and for the Confiscated Sneakers to be Return back to the Plaintiff with his medical lift. instead she choose to be bias, letting stand the decision of a biased hearing Officer who dishonestly Suppresses evidence of innocence See: Edwards v. Balisok, 520 U.S. 641, 647, 117 S. Ct. 1584 (1997) But all of her concern was to deal with staff's witness against the Plaintiff - (inmate).

on the date of the Hearing 6-29-16 Ms. Ramos didn't even show, Failing to prove the Plaintiff version of the events, taking the opportunity for the DHO to evaluate the credibility and demeanor of the plaintiff defense witnesses which should not be discounted at the time of the hearing See; Whitlock v. Johnson, 153 F.3d at 388. Ms. Ramos as an advocate was to make sure that all the relevant information is brough out. Mahers v. State, 437 N.W.2d at 568-69. Prison Officials May not Refused to hear any witnesses corroborating the accused inmate will denied due Process if the Facts are in dispute, especially when the Plaintiff was Facing a credibility Problem trying to disprove the charges of a Prison guard. Green v. Nelson, 442 F. Supp. 1047, 1057 - (D. Conn. 1977), MS Ramos deny me Due Process to Promote'(s) Cover-ups: When the Plaintiff Named Staff's Members' Prepared to tell the truth.

Defendant Ramos as a staff assistant Failed to Provide her assistance" in good Faith and in the best interests of the Plaintiff. her assistance should include Gathering evidence, obtaining documents and relevant - tapes - (if need it), and interview witnesses. At a Minimum, an assistant should Perform the investiga- tory tasks which the inmate, were he able, could

CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

Perform for himself. ENG V. Coughlin, 858 F.2d 889, 898 (2d Cir. - (1988). Ramos failing to assist the plaintiff denies due- Process. GiaNO V. SUlliVaN, 709 F. SUPP. 1209, 1215 (S.D.N.Y. 1989)- (holding failure of assistant to help the prisoner denied- due Process), also see; WOlff V. McDONNell, 418 U.S. 539, 556-59, 563-71, - 94 S.Ct. 2963 (1974).

CIaiM XXI: ViolATioN OF MY 14th, 8th, and 1st AmeNdMeNt TO MY U.S. CONST Right's, Due PROCESS ViolaTioN, CRUel and uNUSUal PuNishmeNt, RetaliatioN. Claim-I thru Claim XXI are iNcorporated- as if fully re-stated herein.

SUPPORTiNg FacTs:

On the Hearing dated 6-29-16 correctional counselor MR.- DUMAS did showed as my advocate to assist me. I Never did request him to do that since he was the staff who did start the Process of searching my cell on 6-15-16 while the Plaintiff was housed at #140-Corrigan CC H-(Hotel) unit cell #108 I-(Plaintiff) did hand back the unit type- writer to him. So DUMAS wonder how I got the typewrite since he was the only corr counselor Present covering that day. I told him that who was the counselor in that unit the day before allowed me to keep the type- writer inside my cell over Night. So he went BaNaNa start calling who know's to get my cell search because part of the handle of the typewriter where missing. me and my former cell-mate were scort to the Jail A & P area where the C/O's separate us I guess he use as questions and he told the staff's I had shanks, to defense my self from staff's and inmates. So that I was out to get the Jail Property C/O RAUN KUdzal at that Point my cell-mate became state evidence against the Plaintiff

CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

So as a Result Defendant MR. DUMAS was biased at the hearing who dishonestly suppresses evidence of innocence Edwards V. Balisok, 520 U.S. 641, 647, 117 S. Ct. 1584 (1997), he didn't say nothing on behalf of the Plaintiff, there was no explaining as to why the advocate I did choose CC MS. RAMOS was not present at the hearing and he was instead Due Process required his disqualification.

Dumas wouldn't give the Plaintiff a fair hearing assistant he was not "impartial" his mind was already made up as to the Plaintiff guilt see: PATTERSON V. COUGHLIN, 905 F.2d. 564, 570 (2d Cir. 1990).

Someone who was involved in the current incident or the filing of charges, witnessed the incident or investigated it is generally Not Considered impartial.

DIERCKS V. DURHAM, 959 F.2d 710, 713 (8th Cir. 1992); MERRITT V. DE LOS SANTOS, 721 F.2d 598, 600-01 (7th Cir. 1983); Rhodes V. ROBINSON, 612 F.2d 766, 773- (3d Cir. 1979); Willoughby V. Luster, 717 F. SUPP. 1439, 1441-42 (D. Nev. 1989); CZajka V. Moore, 708 F. SUPP. 253, 255 (E.D. Mo. 1989); Staples V. Tyout, 675 F. - SUPP. 460, 464 (W.D. Wis. 1986); Powell V. Ward, 487 F. SUPP. 917, 931 (S.D.N.Y. 1980), aff'd as modified, 643 F.2d 924 (2d Cir. 1981); Brodham V. state, 476 - N.W. 2d 369, 372-73 (Iowa APP. 1991) (holding committee member who - received Warden's statement and Passed it on to the committee was not impartial). as opposed to other states the Disciplinary Hearing Process is Not Made of a Committee that involve staff's From the outside, they all are staff's-Correctional officers- only, the Disciplinary hearing officer-(DHO) be a lieutenant who Comes From another facility the Rest of the Correctional officers are staff's From the same facility the Disciplinary

CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

ClAIM XXII: VIOlATION OF MY 14th, 8th, aND 1st amendment to MY U.S. CONST RightS, to Due Process Violation, CRUel aND-UNUSUal PuNishment, Retaliation. ClAIM- I thru Claim XXII are-incorporated as if fully re-stated herein
SUPPORTING FACTS:

Defendant  JASON NEmeth  was the Disciplinary investigator who conducted the investigation For the Disciplinary Report defendant C/O MR: SWeet issued to the Plaintiff on JUNE 15, 2016 report Number: CRCC 1606061 class "B"-CONTRABAND. in the Matter of the Plaintiff Sneakers and medical left leg lift and arch sole. C/O NEmeth was biased who dishonestly suppresses evidence of innocence. See EdwardS V. Balisok. 520 U.S. 641, 647, 117 S.Ct. 1584 (1997). his action impose "atypical and Significant hardship in relation to the Plaintiff ordinary incidents of prison life. SaNDiN V CoNNer. 515 U.S. 472, 484. 115 S.Ct. 2293 (1995). The condition of disciplinary segregation the plaintiff was subjected to didn't "Mirrored" those in general Population Id at 485-86.

at the hearing on 6-29-16 he didn't Provide the Plaintiff with no Documentary evidence of the witness testimony choose by the Plaintiff e.g., e-mails, Letters, etc there was no disclure of any relevant Documentation on behalf of the Plaintiff WOlFF V. McDONNell, 418 U.S. 539, 566, 94 S.Ct. 2963 (1974). he did held exculpatory evidence on his Possesion that would help determine the Plaintiff was not guilty important documents central to the construction of a defense. See: Piggie V. CottON, 344 F.3d 674, 678 (7th Cir. 2003).
On 6-29-16 at: 8:31 A.M on the Sameday of the hearing DR-investigator NEmeth did received an e-mail – (< JasonNemeth@ ct.gov>). From one of the Plaintiff Selected witnesses C/O MR: VelasqueZ telling Nemeth when Velosquez was the Property C/O at macdougall

CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

From January 2013 to May 2014 the Plaintiff was allowed to order Sneakers from an outside Vendor- (EastBay). This was approved by upper administration if C/o Nemeth would had ask C/o Velosquez who at the time was the upper administration he will discover that ①. PETER J. MURPHY, was the warden and; ②. William FANEUFF, was the Deputy warden of operation the only one's who can approve any incomming Property item's from an outside Vendor.

CLAIM XXIII: VIOLATION OF MY 8th. 14th. and 1st amendment to my U.S. CONSTITUTIONal rights as to be Free From CRUEL and UNUSUAL PUNISHMENT, Pain and SUFFERING, DISCRIMINATION- ~~discrimination~~ unequal treatment Protection of the Law, and retaliation For exercising my right to SPEECH. CLAIM-I thru claim-XXIII are INCORPORATED as if FULLY re-stated herein.

~~DEFENDANTS:~~

SUPPORTING FACTS:
Defendant LAURA PALMiSANO did wrote to defendant Keith STACK on DECEMBER 14, 2015 telling him the Keefe Supply Company does not stock a Size-12C Sneaker, but she do had the ability to order that size upon request Prolonging my Pain and Suffering since the KEEFE COMPANY Know Since the past they dont have my Size-12C Nor will order it From an outside Vender out of their already authorized Vender under Contract since that will also Contributed to a breach of Contract on their Part.
as a result I was denied the opportunity to order my Sneakers From an outside Vendor e.g. (EastBay) as usual. So I was Subjected to a Longer Pain and. Suffering leading to my Permanent Pinch Nerve Injury Since she kept on telling the others defendants She can

→

CONTINUANCE FROM PAGE- 3 SECTION: "D. CAUSE OF ACTION"

Order my Size 12-C For Man. When the truth was
She can't through any of her Vendor's

CLAIM XXIV: VIOLATION OF MY 8th, 14th, and 1st amendments
to MY U.S. CONSTITUTIONAL rights as to be Free From Cruel
and unusual Punishment, Pain and Suffering, Discrimination-
Unequal treatment Protection of the Law, and retaliation For
exercising My right to Speech. Claim-I thru Claim-XXIV are-
incorporated as if fully re-stated herein.

SUPPORTING FACTS:
Defendant: SHANNON CATHER       on MAY 11, 2016 did Showed
me Four- (4) Pictures of different's Models Sneakers to
be order as a special order For me, I selected two-(2)
Sneakers out that I want it to order Side 12-C. She
then told me to order a Pair First to see See how
things go- (which it didn't make any sense to me) well
I choose a Pair and She had me Signed the picture
of the Sneakers I Select. I ask her to give me the
three other Pictures, to Keep She told me not to worry
that those Sneakers pictures are Save in her work
computer.
on 6-1-16 I wrote MS: CATHER to let her Know I did
had $100.00 U.S. dollars to order the Sneakers. on my
inmate account. on 6-2-16 She reply to me telling me
I have money on my account the Commissary ~~warehouse~~
warehouse is going to be Contacting the Vendor and
Start the Process For you- (Plaintiff).

On 6-20-16 I wrote to MS: CATHER again to let her
Know I Should have $200.00 in my inmate
account to please order me the Sneaker which
Page I had already Signed and to order me the
white ones on the last page as well out of the all →

(28)

CONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION

Four Pair she showed me. On 6-24-16 MS: Cather did reply telling me the special shoe order has been submitted and was on order with the shoe vendor we-(meaning they) Purchase From. When they became available She will be delivering them.

On 6-24-16 I wrote to MS: Cather and ask about the Sneakers her Supervisor Defendant: STACK did reply instead not her, on 7-5-16 he told me they was waiting on my sneakers. on 7-14-16 I wrote to MS: Cather about the Sneakers that it arrived and I was not going to get those cose it was a Toddler-Size. I didn't believe it how the vendor was going to Placed an order on a 12-C Size Sneakers knowing it was going to to a Men's Prison. My believe was that when the Corrigan C.I Staff's O.g., warden, D/w's, etc So the sneakers they objected to it once they saw the Style and Quality to be, to Fancy even though it cost less than $100.00 U.S. dollars.

On 7-18-16 her Supervisor MY: STACK reply. Saying the 12-C is a a taddler Size Sneakers, that the Sneakers I Purchase out of EastBay. Company don't came in 12-C. and the Sneakers they confiscated From me are Just a 12, that I need to Select a Pair out of what they have For Sale in their Commissary Form. and that a 12-C is not a Men's Size Sneaker From his- (Stack) research. therefore if he can't Find it.. it doesn't exist.

ONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION

Defendant: Cather did Co-Conspired with all of the
Defendant's to violated my rights, to Not Provide me with
the Sneakers I had already signed. On 2-25-16 Defendant
MS! Daly Put down on the level-1 inmate grievance-
I6P# 140-16-074 AR. that Per commissary operator
Cather a Size 12-C Sneaker might be Special ordered.
and out of the blue the Special order Sneakers never
came.

She know She want it help me to get the Sneakers I
ordered and Signed but She was course in to lying
on 10-31-16 Defendant MS: Daly, & wrote on the level-1
inmate grievance I Filed I6P# 140-17-050 AR. which
Disposition was: COMPROMISED. She Said: it has been
determined that the DOC is Not required to Provide
additional or different treatment regarding shoe order.
Id,

The defendants: were part of a conspiracy, the
Purpose of the conspiracy was to deprived the
Plaintiff-(a Person) of the equal Protection of the
law's, the equal Privileges and immunities under the
constitution and law's; there has being an overt act
taken in Furtherance of the Conspiracy; and injury to
Plaintiff Person and Property had taken Placed; also
the Plaintiff had Suffered a deprivation of rights, and
Privilege. Griffin V. Breckenridge. 403 U.S. 88, 102-03,
91 S. Ct. 1790. 29 L. Ed. 2d 338 (1971).

(30.)

ONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION

CIAIM XXV: Violation of My 8th, 14th, and 1st amendments to My U.S. CONST rights as to be Free From Cruel and Unusual Punishment, pain and Suffering, Discrimination Unequal treatment protection of the Law, retaliation for exercising My right to Speech. Claim-I thru Claim xxV are incorporate as if fully re-stated herein.

SUPPORTING FACTS:

Defendant: DONALD WILLIAMS, is a Captain and the Second Shift Commander, who is the higher Superior Supervisor For all of the above Mention defendants on that Shift. he have the Control and Supervision of that whole Corr-institution, I Wrote Puting him on Notice of Such wrong doing by his Subordinates.

I let Williams Know I had the "JORDANS" at that institu-tion when he was a Lieutenant, back in 2009, I used to be the "Janitor" back then who used to clean his office I used to go around with him taking pictures when he was the Staff in charged of Runing the "LiFER'S Group" So he did saw me with the Sneakers Plenty of times So how Six's-(6) years after is an issue.

back in 2009 Lt Williams was assigned by Former Deputy warden of Operations Mr. "CHRIS COREY" to aid me in any Custody issues I had back then, so he had knowledge I get to order sneakers From an outside Vendor i.e, Eastbay. I even showed him an inmate Proper-ty inventory Form-(MAIC) CN61001 dated 6/16/2009, on-12-4-15 I Spoke to him in regard of the above, his Reply was things had Changed around here.

I told Williams Know there was Many others' inmate Wearing the Same brand of Sneakers, as my, So what's the different and why I being discriminated ~~to cont~~ against, and he Just Failed to remedy the Wrong, Choose to allowed the discrimination to ~~Continue~~ having the power to correct the Violation and the

(31)

CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

duty to act within his area of responsibility but choose not. didn't bring the situation to his Superiors. Choose to discriminated against me by not treating me equal as those inmates Similarly Situated as me in a retaliatory Manner as well.

William did exhibited deliberate indifference as Respondent Superior to my rights by failing to act on information indicating unconstitutional acts' toward me were occuring. COLON V. COUGHLIN, 58 F.3d 865 (2d Cir. 1995); and failed to take action to Prevent Violation's of rights within his areas of responsibilities.
Meriwether V. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989) = (warden and Commissioner could be held liable for foreseeable retaliatory beatings by officers), also see; Lamarca V. Turner, 995 F.2d at 1537-38. (Superintendent could be held liable in Part because he failed to ensure that his direct Subordinates Carried out his Policies)

Williams Know his subordinates did acted in excess of their statutory authority, the deprivation didn't resulted from established State Procedure. LOGAN V. ZIMMERMON-BRUSH CO., 455 U.S. 422, 436, 102 S. Ct. 1148 (1982); Nor the deprivation resulted from established "Policy". - Piatt V. McDougall, 773 F.2d 1032, 1036-37 (1985), instead was a deprivation of constitutional rights by an official (s) abuse of his Position. PARRATT V. TAYLOR, 451 U.S. 527 101 S. Ct 1908 (1981); HUDSON V. PALMER, 468 U.S. 517, 104 S. Ct. 3194 (1984).
The denial of equal Protection and discrimenation toward me by williams, subordinates, and defendants was intentional "DISParate IMPACT" which actions were not Justify Justified by any DOC Policies, business Neresity.

CONTINUANCE FROM PAGE-3 SECTION:"D: CAUSE OF ACTION="

The Plaintiff has showed supervisory liability by facts From which one or more of the following interes can be inferred:

an official (1). Failure to take corrective action of a. learning of a subordinate unlawful conduct (2). Creation of a Policy or custom fostering the unlawful conduct. (3). gross negligence in supervising subordinates who commit unlawful acts; or (4). deliberate indifference to the rights of others by failing to ... act on information Regarding the unlawful conduct of subordinates.

Hayut v. State Univ of New York, 352 F.3d 733, 753 (2d Cir.2003). (citing Morell v. Dept of Soc. Servs. of City of New York, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

There was other similarly situated inmates wearing the same brand over the latest model's of "JORDANS", their was inmates authorized to order sneakers from an outside vendor due to the same team settlement-agreement, sneakers come through the same A.E.P of the Jail once inmates by the Plaintiff himself in the clearances, but the defendants didn't allow the Plaintiff to order his sneakers.

As a result of "William's" Deliberate indifference to my serious medical needs, wanton, willful, reckless, indiscriminate infliction of Pain and suffering, cruel and unusual Punishment, emotional distress, disorder, the Plaintiff have obtain Physical and permanent life injuries to his Spine; the one requiring daily medical Pain medication treatment for Painful injuries; as well as or as others Spinal injuries. Wilson v. Seiter, 501 U.S. 294, 298-99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). These cases.

CONTINUANCE FROM PAGE-3 SECTION: "D. CAUSE OF ACTION"

Mandate, inquiry into a Prison official's state of Mind when it is claimed the officials' state of Mind has inflicted cruel and unusual Punishment. — Id., at 299.

CLAIM XXVI: VIOLATION OF MY 14th, 1st, and 8th AMENDMENT TO MY U.S. CONSTITUTIONAL Rights. UNEQUAL treatment. PROTECTION OF THE LAW. DISCRIMINATION, RETALIATION.
Claim-I thru CLAIM XXVI are INCORPORATE as if FULLY re-stated herein.
SUPPORTING FACTS:
Defendant: EDWARD MALDONADO, did Co-Conspired with the defendants to violated my Constitutional rights he at the time was the District Administrator For the Second District where Corrigan Corr inst is located, he was the Person in charged to Review any and every Single appeal's I, the Plaintiff did Filed to appeal his Subordinates decisions.
On 1-27-17, while housed at #140-CORRIGAN CC, I did Filed a level-1 inmate grievance Form CN9602, IGP#140-17-104AR For the unsanitary conditions under which they be Feeding the housing units located in the 2ND Floors and up. Sending the Food up through the Facility DUMBWAIVER(S), which is used to send down the garbage, dirty laundry, on that Same dirty Dumbwaiver the way of Feeding was unsanitary Not in Compliance with the Public health Department. Not even with their own ADMINISTRATIVE DIRECTIVE (AD) 10.18 FOOD SERVICES. e.g., NO Food Cor that can be plug in the units' so the Food get cold growing Batteria! tables Not clean at all, or Not clean with the Proper germize's. the drinks-cup's were placed on that Floor Full of dirty garbage water defendant KIMBERLY DALY, was the Primary grievance coordinater who claimed to had conducted the

(34.)

CONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION

investigation on 2-27-17 her Disposition was to Denied my grievance based on everything being okay, D-unit was her unit where she work as a corr counselor, her disposition disposition was approved by defendant ANTONIO SANTIAGO who was the warden at the time. On 4-5-17 defendant Maldonado did denied my level 2/3 grievance appeal form CN 9604.

On 4-12-17 defendant Maldonado denied my grievance appeal Form 2/3 IGP#140-17-127 AR. Since defendant MR. Santiago was using hygiene items for Punishment by also Not Saling Commissary items sold at another level-4 Facilities. his Reason For denials was the usual Safety and security. Not applying the TURNER test standard

On 5-30-17 defendant Maldonado denied my appeal grievance level 2/3 IGP#140-17-146 A.R in regard of Security Risk group-(SRG) Members at Corrigan. Most of the time I was at Medical to get my daily treatment and the officers Just keep me out with out getting my treatment after I did waited hours so SRG-Members can be Seen before me For over a year Period the Same Problem On 2-17-17 2ND Shift Dr. ILONA FiBURA M.D Was examining me. So I was Force by the C/O's off the examination table Rush out the Room, and Not get Seen cause the C/o's out of the blue did Show up in Medical with the

ONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION"

SRG-units, inmates un-announce not even the Doctor had any idea the C/O's were coming with SRG-members. it happen on 2-17-17 around 9:50AM-10:30AM the Staff there Make SRG-Members the Priority, instead the inmates in general Population. On 4-28-17 on/or around 10:00A.M C/O MS. BONNEAU once again did kick me out of Medical with-out treatment to Favor SRG-Member.

On 6-15-17 Maldonado denied my appeal level 2/3 grievance IGP #140-17-163 AR he claimed to Concur with warden defendant MR. FAUCHER Saying a call place by the Plaintiff to the U.S. DEPARTMENT OF JUSTICE is not to be Consider a Privileged/legal call. (781)359-7500, they Said Homeland Security and ICE/INS is not a legal call Per their Policy ADMINISTRATIVE DIRECTIVE 10.7-INMATE COMMUNICATION.

On 6-22-17 Maldonado denied my appeal level 2/3 grievance Form (CN 9604.). which I Filed against Defendant, Kimberly Doly who denied me to call my Embassy of the Dominican Republic and to Counselor official's in violation of my VIENNA CONVENTION Right's when ARTICLE-5 of the Vienna Convention Stated the convention was intent to help both individuals and Nations and ARTICLE-36 guarantee the individual right to Private-

CONTINUANCE FROM PAGE-3 SECTION: "D" CAUSE OF ACTION"

Communication with consular officials also ARTICLES'-
5 & 36 create an individual right to consular
Notification. See: SOSA V. ALVAREZ-MACHAIN, 124 S.Ct.-
2739 (2004). My Country was Never Notify by the
U.S. about my arrest Since 11-16-1997. I was 18-year
old. I was trying to call attorney Delia Félix at: -
(212) 768-2480 EXT 1003. On 4-17-17 he denied I6P#140-17-110AR
So I canget my Prescription glasses

CLAIM XXVII: VIOLATION OF MY 14th, 1st, AND 8th AMENDMENT
TO MY U.S. CONSTITUTIONAl Right's, UNEQUAL treatment-
PROTECTION OF THE LAW, DISCRIMINATION, RETALIATION.
Claim-I thru claim XXVII are incorporate as if Fully-
re-Stated herein.
SUPPORTING FACTS: Defendant "KIMBERLY DALY", was the
Administrative Remedy Coordinator- (ARC) while the Plaint-
iff was housed at #140- CORRIGAN CC, she did denied all and
Every (ARC) grievances I did Filed against her co-worker,
Officers and Superiors, and her only Reasons to denied all of
my level ones grievances beside Retaliation, is because to do
so would undermine Prison authority by having one guard
against another guards. therefore She was denying, Rejecting
or Returning without disposition- (RWD) all and every Single
level-1 grievances. Form-(CN9602) I did Filed-

On 2-5-16 MS "DALY" denied me level-1 grievance I6P#140-16-072AR
For Cell-Moved denial, claiming only can be done based on
Safety and Security reasons. a lie since many       others
inmate's get Moved.

CONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION

On 12-1-15 She Returned me back a level-1 grievance Form CN9602. Return Log Number: RWD-072 claiming I shall get informal resolution Prior to filing the lost/Damaged Property investigation Form if Necessary. She want it me to write to Defendant LT BRIAN STODOLNIK the Property supervisor and one of the ones' who commited it the wrote doing to my Property, which I did wrote him and he never did reply.

On 12-12-15 I Filed a level-1 grievance against defendant MR: KUdZAL. I attached a Copy of the inmate request Form CN9601, I mailed on 11-17-15 by Placing it in the U.S. Mail Box and which Request I Never got back a reply on 12-16-15 Defendant MS: "DALY" did Returned me back my grievance See: Return log Number RWD-079 claiming my issue is a Property issue, so for me to complete the attached property investigation Form in order to seek resolution, her comments dont even make sense to seek resolution I did everything right, everything, so she Just deprived me of my right to grieve C/o MR: KUdZAL, which I was grieving his actions Not Property items.

On 12-12-15 I Filed a level-1 grievance Form CN9602 against defendant JOSEPH IOZZIA For Retaliation and Reprisal toward me. Conflict of interest, on 12-16-15 Defendent MS: "DALY" Returned me my grievance See: Return log Number: RWD-080, telling me to write to Captain MR: JAMES ShabeNAS the 1st shift Commander For informal resolution regarding my allegations

CONTINUANCE FROM PAGE-3 SECTION: D "CAUSE OF ACTION"

On 12-16-15 MS. "DALY" did Returned without Disposition- (RWD) a level-1 grievance form I Filed against C/O KUDZAl On 12-13-15 See: Return log Number: RWD-081 claiming For me to write Defendant L'T StadalNik regarding my allegations against Defendant KUDZAl, when both of them were the ones who committed the violations against me On 11-16-15 when I got transfer to Corrigan CC

On 11-23-15 Deputy warden of operations Defendant Robert MartiN wrote back to me telling me he did Forwarded my 11-19-15 inmate request form CN9601 to his Subordinate Defendant BRIAN StadalNik, thats more then enough to put L'T StadalNik on Notice, and he Never did respond back to me. I attached a copy of the same inmate request dated-(11-19-15) with D/W- Martin reply to my grievance Filed on 12-13-15. and Defendant MS. "DALY" still did not Process my grievance Returning it without Disposition.

On 12-12-15 I Filed a level-1 grievance form CN9602 against Defendant L'T Brian Stadalnik. On 12-16-15 Defendant "DALY" she Returned my grievance without disposition claiming I should write to Captain KORCH For informal resolution regarding my allegations against StadalNik See: Return log Number: RWD-082. in which I wrote and nobody did reply back. I wrote and spoke to Everybody on Person everytime I had a chance

On 12-13-15 I Filed a level-1 grievance form CN9602 against Deputy warden defendant Robert MartiN, on 12-16-15 Defendant MS."DALY" did returned it to me with- out disposition See: Return log Number: RWD-083 claiming I should write Defendant ANTONIO SANTIAGO

(39)

ONTINUANCE FROM PAGE-3 SECTION: D." CAUSE OF ACTION".

For informal resolution regarding my allegations against Defendant.: D/W MR: MARTIN. I did wrote to defendant Santiago plenty of times For around two-(2) years in regard of D/W MARTIN-R. and More of his Subordinates.

On 3-19-17 I did Filed a level-1 grievance Form CN9602 against Defendant Michelle King For her Prejudice Not warranted Restriction on me to Filp grievance which only Purpose she did Such was to EXONERATES, all of her Co-Workers. On 3-24-17 Defendant MS. DALY did returned my grievance See: Return Log Number: RWD-084. she claimed in her Commets' that *my
*grievance contains Multiple issues
* my grievance should be stated simply and coherently
* grievance Must be Filed within 30-days of the occurrence or discovery of the cause of the grievance
* appeals Must be Filed within 15 days of Notification of a decision.
what is she talking about Nothing she said, Related to my grievance I get a Space Plus an additional 8½ 11 inch Page to write a grievance I don't have to be Coherently I can write as much I can Fif within the allowed Provide Space and additional Page.

On 2-11-17 I wrote to the warden in regard of defendant MS. DALY and he Reply back on 3-6-17 which Reply I did attached to that grievance So it didn't Matter how good I did and Follow the Procedure if a single coma was to be Missing she will look and Make up her own excuse to Not Process my grievance.

CONTINUANCE FROM PAGE-3 SECTION: D: CAUSE OF ACTION:

"Daly" denied on 11-2-16 my level-1 grievance Form CN9602 16P#140-17-059 AR against defendant C/O MR: CASSIDY For denying me a razor to shave while house in A-(Alfa)-unit. and denied by C/O MR: BAUER on 7-1-16

On 2-22-16 "Daly" denied my level-1 grievance Form CN9602 16P#140-16-074 AR against defendant Warden Santiago denial of Proper Footwear Size due to Retaliation.

On 2-5-16 "Daly" denied my level-1 grievance Form CN9602 16P#140-16-072 AR in the matter of cell-move denial by C/O MR: FLORES, Counselor Steve Meigs, defendant MR: Iozzia, to a cell where I could sleep, Since at the time when I had a cell-mate who was diabetic used to wake me up at 5:00AM - 5:30AM to get Ready to go up to medical. but they did Plenty others Convenience Moves.

On 3-24-17 "Daly" denied my level-1 grievance form CN9602 16P#140-17-110 AR against Defendant MICKEY Gillette For deprivation of ~~my~~ Prescription eyes, glasses or Permit by the Commissioner of DOC Administrating-Directive 6-10 inmate Property male-matrix which do allowed me to own two-(2) Pair of eyes glasses

On 4-26-17 "Daly" denied my level-1 grievance Form CN9602 16P#140-17-146 AR in regard of ~~Security~~ Security Risk group member's operations interfering with the Prison inmates general Population Daily life activities, e.g, denying me medical care or interfering with the care while it was taking Place inside the medical examination Room

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION".

On 3-24-17 Defendant "DALY" denied me, my leve-1 grievance FoRM CN9602 16P# 140-17-127-AR. Filed against Not Saling Hygiene items as Punishment Sold at all others level-4 Facility. they excuse Not to Sale it, it's safety and Security. the excuse they always used without any TURNER, test.

On 2-27-17 "DALY" denied my level-1 grievance Form CN 9602 16P# 140-17-104 AR in regard of unsanitary Prison conditions as to how the Feeding was conduct and the Staff lack of training (when it came to c/o's), to feed inmates in the units whether inside the units or the inmates cell's.

On 8-26-16 I filed a level-1 grievance FoRM CN9602 - in regard of C/O MT. TIEDE. Sexual Mis- Conduct on 8-19-16 at 3:30PM he did , exposed my cell-Mate at the time who was NaKed in the toilet the c/o came inside the cell to take down the sheet my cell-Mate was using to block the View of him Naked on the toilet. on 9-15-16 she did returned back my grievance without disposition See: Return- log Number: RWD-016 claiming only, the inmate who was Personally effected by the Subject "Shall" be who Filed the grievance. Not be Filed by an inmate on behalf of another.

that's wrong I was Personally effect since C/O TIEDE had me View my cell-Mate Naked. Now if I wasn't inside the cell Present it be different. also their on Prison Regulation/Policy ADMINISTRATIVE DIRECTIVE 6.12 INMATE SEXUAL ABUSE/SEXUAL HARASSMENT-

CONTINUANCE FROM PAGE-3 SECTION: D: CAUSE OF ACTION.

PREVENTION AND INTERVENTION. allow for a third Party to Report any sexual harass harassment incident. the grievance she Returned was to address that C/O un-Professional Conduct.

"under § 1997e(a), the exhaustion Requirement hinges on the "availab[ility]" of administrative Remedies" An inmate, that is, Must exhaust available Remedies, but Need Not exhaust unavailable ones:" ROSS V. BLAKE, ___ U.S. ___ 136 S. Ct. 1850, 1858, 195 L.Ed. 2d 117 (2016).

"An administrative Procedure is unavailable when: — (1) "it Operates as a simple dead end-with officers unable or Consistently unwilling to Provide any relief to aggrieved inmates"; (2) "it is "So Opaque that is becomes,— Practically speaking, incapable of use"; or (3) "Prison administrators thwart inmates From taking advantage of a grievance Process through Machination, Misrepresentation, or intimidation"" RILES V. BUCHANAN. SUPRa. 656 Fed. APPX.— 580 (QUOTING FROM ROSS V. Blake, SUPra, 1859-60).

"The [E]qual [P]rotection [C]lause of the [F]ourteenth [A]mendment commands that no [S]tate shall deny to any Person within its Jurisdiction the equal Protection of the laws, which is essentially a direction that all Persons similarly Situated should be treated alike:" CLEBURNE V. CLEBURNE LIVING CENTER, INC. 473 U.S. 432, 439. (1985).

The Plaintiff Selective treatment was based on impermissible considerations such as intent to inhibit and Punish the

(43)

CONTINUANCE FROM PAGE-3 SECTION: V. CAUSE OF ACTION."

exercise of Constitutional rights, done in a Malicious, and bad faith intent to injure the Plaintiff, which act by the defendants had left the plaintiff with irreparable harms. (citations omitted; internal quotation marks omitted.)

The Plaintiff claims' allege facts permit a finding that his treatment was not reasonably related to any legitimate-Penalogical interest." See Phillips V. Girdich 408 F. 3d 124-129 (2d Cir. 2005). instead it was the "tangible connection between the acts of the defendants' that let to the Plaintiff irreparable harm and of the injuries suffered." Bass V. Jackson, 790 F. 2d 260, 263 (2d Cir. 1986). on 5-7-17 MS: "Daly" denied me a call to my Embassy general counsel Offices' in New yorks. on 4-19-17 "Daly" denied me a legal call to the U.S. Dept-of Justice; and denied me to Filed a PREA-complaint

CLAIM XXVIII: VIOLATION OF MY 8th, 14th, and 1st AMEND-MENT TO MY U.S. CONSTITUTIONAl Right's. Claim-I thru-Claim-XXVII are incorporate as if Fully re-stated herein.

SUPPORTING FACTS: Decendant: Mickey Gillette, is a custody lieutenant-Superviser, who at the time was assigned as a unit Manager For A-(AlPha) unit, in Corrigan, who did employed a unconstitutional custom-policy, which Policy is Discriminatory, and at the Same-time it deprived the Plaintiff of a basic human Need a hygiene item. while the Plaintiff was housed in this unit, he was not allow to Shave, because the →

CONTINUANCE FROM PAGE'S SECTION

defendant Policy only allowed his Subordinates, CO's who work the unit to only allow the Permanent Parties inmates inside that unit to Shave. on 7-5-16 this defendant did reply back to my request Form CN9601 dated 7-1-16 were he Stated that Policy will remain as it is. only the Permanent Parties can Shave, will "NOT" chance. he did created a Policy-custom under which unconstitutio-nal Practices occurred, and ~~things~~ after the Plaintiff did wrote him. "Gillette" allowed the continuance of Such a Policy. in the area he Supervised. SPENCER V. BOUCHARD, 449 F.3d-721, 729-30 (6th Cir. 2006)( Captain and Lieutenant could be held liable For failing to act to correct cold and wet conditions in area they Supervised).

a reasonable Person in the supervisors Position would have Known that his conduct infringed the Constitutional rights of the Plaintiff, .... and his conduct was Causually related to the Constitutional Violation committed by his Subordinates. ASHCROFT V. Iqbal, ___ U.S. ___ 129 S.ct. 1937, 1949 (2009).

this supervisor custom results in deliberate indifference to constitutional rights. and Knew his Subordinates was acting unlawfully, since they were direct by him, the ~~unconstit~~ unconstitutional deprivation occurs at his direction with his Knowledge and consent. he intentionally did Subject the Plaintiff to discrimination based on Plaintiff Not being a Permanent party in his unit but still was similarly Situated as those others Permanent Parties inmates in his unit.

I was housed in A-unit on November 16, 2015 to 11-17-15

(45)

ONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION.

rom 6-30-16 to 7-13-16.

An 5-19-17 I wrote to Defendant "Gillette" since he was the
unit manager of D-(Delta) unit, in regard of lack of staffs,
enied to court access. since it was a week the unit
didn't have no correctional counselor to provide legal
call's and I was already waiting Five-(5) business
days. On 5-24-17 he reply telling me to write to
a Counselor Supervisor, when as unit Manager it is
within his area of responsibility to make sure
his unit have a complete staff to provide the inmates
under his custody with the CARE required.

He did acted in excess of his statutory authority since
part of his JOB SPECIFICATIONS Detail / DUTIES, as to what he
is hired to performed as a DOC custody Lieutenant. by
the state of Connecticut Department of Administrative
Services, doesn't require MR. "Gillette" to act in the
capacity as unit Manager, this is why he don't
know Nothing, can't do Nothing on behalf of the
inmates housed in his unit's. He doesn't have the
knowledge nor the Professional experience
he can't authorized Nothing.
Lieutenant's are Not authorized by the Commissioner
of Connecticut DOC to operate as unit
Managers, only CAPTAIN'S and COUNSELOR-
SUPERVISOR'S can do it as part of their Job title
that is why that Practice have to STOP!

On 4-15-17 during a shake down inside my cell whi
being housed in COTTIGAN CC D-(Delta) UNIT CELL-#101
two-(2) of his subordinates officers' MR. MARKOVITZ

(46.)

and C/O MR. MCNICHOLS were send by the Defendant to Search my cell and in the Process they did broke my SONY Portable CD-Player and refused to Remedy the wrong, he didn't allow me to Send it out For repair Neither For the Property C/O.S to give me and replace the broken Part.

On 7-10-16 I wrote this defendant about my Sneakers. I had ordered out of their commissary even though it wasn't my Side. (I had no choice) he Refused to assist telling I have to write commissary my Self.

On 2-6-17 this defendant denied me to have my 2Nd Pair of Prescription glasse, (which was the New Pair) because I still had the old Pair when the D.O.C own Policy 6.10 INmate PROPERTY allowed For me to Keep two-(2) Pair of glasse, Per the DOC commissione who authorized inmate, to do that. this clearly showed the defendant acted in excess of his statutory authority reaching the level Necessary to be consider wanton, reckless, maliciously and sadistically For the Very only Purpose to cause harm to this Plaintiff

I wrote on 1-1-17 requesting a Job in the unit or Just to allow me to Volunteer, to clean the Nasty conditions on 1-10-17 he wrote back denying my request.
On 3-9-17 I wrote to this defendant as unit manager to let him Know. Something he already shall had Know that For the Past week's there haven't being No counselor in that unit so I can't make no legal call's legal copies, can't send legal mail out he on 5-24-17 wrote back telling to write the counselor Supervisor address that

(47)

CONTINUANCE FROM PAGE-3 SECTION. D. CAUSE OF ACTION.

When that was his Job as unit Manager MaKe sure he gat a complete Staff in the unit. Gillette Left me to Live in cell with no Lights, Plumbing, no electricity and didn't move when I request. on 2-15-17 t: 11:06 A.m he came to my cell to tell me I get a 12-size shoes of commissary or nothing walk barefoot.

CLAIM XXIX: VIOLATION OF MY. 8th. 14th, and 1st amendments to MY U.S CONSTITUTIONAL Rights. CLAIM-I thru CLAIM-XXIX are incorporate as if FUIIY re-stated herein.


SUPPORTING FACTS: Defendant Custody supervisor- lieutenant MR: CHRONIN on December 28. 2016 did placed me inside a cell which living condictions were uncon- stitutional, the ones that Violates contemporary standards of decency to expose anyone and it is not one that today's Society chooses to tolerate. On the above day I was Released From Segregation/Restrictive Housing unit (RHU) I went to the A&P to get what was left of my Personal Property item's, then the A&P officers told me I was going to be housed in D. (Delta) unit cell-# 215. once I got there the Officers' Runing the unit was MR: PUDVAH and MR: Griggs send me to cell D-215 as I was un-parking the Same C/O's told me to waited Not to Finish un-Parking because I was Moving to another cell Per the defendant.

I witness the defendant came inside the unit and was conducting his tour as I was un-parking my property item's in cell D-215. I was then Moved to cell # D-101 once I went there I check the cell, the cell was in deplorable living condictions, the wall's had dirty whiting, drawings, it was dirt, there was no LiGHT'S, no- electric ELECTRiCiTY, no working PIUMBiNG, the water that was inside the sink's already wasn't going down the drain, this did denied the Plaintiff the "MiNiMal Civilized- measure of life's necessities".

no Cleaning Materials was Provide, the defendant did acted

CONTINUANCE FROM PAGE-3 SECTION: D." CAUSE OF ACTION:

with deliberate indifference, he did Possessed a sufficiently culpable state of mind as to the conditions that cell was WILSON V. Seiter, 501 U.S. 297-98, 111 S.Ct. 2321 (1991). ACCORD,- FARMER V. BRENNAN, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). This defendant actual Malice was obvious from the start Id at. — 835-36.

The Defendant Knew the conditions in that cell was objectively cruel and fail to act as a custody supervisor within his area of responsibilitie, to remedy them. the two- (2) White inmates that were inside that cell were Just Moving out of that cell to another unit cause of the conditions in that cell were bad.

On 12-30-16 by using a toilet plunger (which of course have to had Feces and Bacteria on it) I managed to push down most of the water down inside the sink I was using to wash my face, mouth, or dishes, and drinks water ~~xxxxxxxxxxxx~~ ~~xxxxxxxxxxx~~ On 1-15-17 the Maintenance staff Fixed the electricity but refused to Fix the Main thing the lights, Plumbing, until 1-25-17 ten-(10) days later that was when the lights was Fix.

On 1-15-17 I filed a level-1 inmate grievance which Disposition was Compromised on 2-1-17 by defendant Antonio Santiago and his ARC defendant KIMBERLY DALY. See: I6P # 140-17-094 AR.

The defendant failed to Protect me as Permit by the equal Protection of the law and didn't Place me in to a better living conditions. and all I-(the Plaintiff) Can think this was due to any type of retaliatory manner For all the writing, Suing, and threating by the plaintiff to do to the defendants Co-workers to the point it was to a point the Plaintiff was Facing 40-years For weapons and Planing against some of the defendant's.

A Prisoner Must be Provided with "Shelter which does Not cause his degeneration or threaten his Mental and

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION"

Physical well being: <u>RAMOS V. LAMM</u>, 639 F.2d 559, 568 — (10th Cir. 1980). of the two-(2) white inmates inside that cell that were moved due to the condictions, one was move to- C-(Charlie) unit, the other did stay in the Same unit but was moved to cell D-217.
this was an Extreme conduct by custodians that Causes Severe emotional distress, is evidence of Fear, Mental-anguish and Misery Sufficient to establish the requisite injury For an 8th amendment claim.

this is Not to mention that I was the Prisoner inside that unit who was serving the most time For a double Murder the rest inmates in. there were Pretrial detainers not even Sentence. a serious inhumane Constitutional violation For both Side's me the Sentence one and For all of the un-Sentence inmates

claim:
   XXX: VIOLATION OF MY 8th, 14th, and 1st amendments to MY U.S. CONSTITUTIONAL Right's. Claim- I thru Claim-XXX are incorporate as if Fully re-stated herein.

SUPPORTING FACTS: Defendant Officer MR. <u>BAUER</u>   on 7-1-16 while I was housed in A-(Alpha) unit he denied me a Razor a Hygiene item. a basic human Need Protect by the 8th amend, he deprivated me of equal Protection of the law by treating different as those others inmates Similarly - Situated like me his only excuse that the Policy was Razors For only Permanent Parties. then once I wrote it up he retaliated and got me moved to another unit the usual thing done in CORRIGAN CC when you Proage Proved they wrong. Package your S*it you're moving. he deprived me of a basic human Need Protect by the 8th amendment

ONTINUANCE FROM PAGE-3 SECTION: D." CAUSE OF ACTION:

LAIM:
XXXI: VIOLATION OF MY 8th AND 14th AMENDMENT to MY
U.S. CONSTITUTIONAL Rights. CLAIM- I thru CLAIM-XXXI-
are incorporate as if fully re-stated herein.

SUPPORTING FACTS: Defendant Correctional counselor MS: COLLINS ; title is: CSAC. She at the time was one of the addiction Services Counselor I used to go to NARCOTIC and ALCOHOLISM-ANONYMOUS. while at #140-Corrigan C.I. until 10-21-16 I was placed in Segregation For a Class-A Disciplinary Report I was issued Class-A Report NO: CRCCI610087. in which I Received the Following Penalties:

Seven-(7)-days Punitive Segregation. 10-21-16 Thru 10-27-16
thirty-(30)-days loss of Mail. 10-27-16 Thru 11-25-16
thirty-(30)-days loss of Visits. 10-27-16 Thru 11-25-16
Plus an additional two-(2) years of Non-Contact Visitation.

On a Monday after my Released from Punitive Segregation the N/A-AA Programs were call I try to go and the John doe unit C/O Present told me I Can't go, that he was told Not to let me go even though I Showed him my inmate-Pass for it.

On that Sameday 11-14-16 I wrote the addiction Services Counselor on 11-21-16 this defendant Reply Saying until 2-21-17 I Can't attend NA/AA meeting until my Disciplinary Report Clear. She, Said it was Per Defendant MR. J. Zegarzewski.-(which to the best of my Knowledge they're some how Relative)(that is Prohibited by Policy to work at the Same Facility level if they don't have the Same Rank).

When there was other inmates similarly situate

CONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION:

Who was allowed to go to the NA/AA-meetings who were Just Released out of Punitive Segregation at the Sametime with Class-A Disciplinary Reports as well. On 11-19-16 I Filed a level-1 inmate grievance Form CN 9602 See: 16P#140-17-070AR, and:

On 12-12-16 Defendant Mr. A. Santiago did Compromised my grievance telling me ADMINISTRATIVE DIRECTIVE 4.2 allowed for me to go back to the Program if I did received a Disciplinary Report outside the Program. and I was still Not allow to go, to my Rehabilitation Programs.

and it cause any ~~bodyme~~ Personal fear they didn't want it me there they will need to apply th TURNER, Standard.

going to NA/AA is Part of my offender accountability Programs - (OCP). under the Rehabilitation act I was qualified for the Programs she denied me See; ~~5 C~~ 29 U.S.C. 794 (a).

THe depARTMENT OF CORRECTION FALL UNDER TITLE II OF the ADA, the "PUBLIC ENTITY". 42 U.S.C. §12132 (i)(B)- also see; THOMPSON V. DaViS, 295 F.3d 890, 897-98 (9th Cir. 2002); Parker V. Michigan Dep't OF CORR, 2001 WL 1736637, *1-2 (W. D. Mich. 2001)(injunctive relief claim pursuant to ADA stated for denial of access to treatment for alcoholism). Similarly, another court held that the Failure to provid Drug and alcohol treatment" contributes to the totality of conditions which make degeneration Probable and Self-improvement unlikely: RAMOS V. LAMM, 485 F.

(52)

CONTINUANCE FROM PAGE-3 SECTION: "D." CAUSE OF ACTION:

SUPP. 122, 146 (D. COLO. 1980), aff'd in part, vacated in part on other grounds, 639 F. 2d 559 (10th Cir. 1980).

Claim:

XXXII: VIOLATION OF MY 8th and 14th AMENDMENT TO MY U.S. CONST RIGHTS. CLAIM-I thru CLAIM-XXXII are incorporate as if FULLY re-stated herein.

SUPPORTING FACTS: Defendant TIMOTHY HALLORAN, at the time was a lieutenant custody supervisor and the unit manager of the unit I was housed in on 11-14-16 I send him, a request about being denied going to the NA/AA Meetings. Who instead of giving a direct order for me to be allow going to the Rehabilitation Programs he co-conspired with them Not to let me go. Until my latest DR clears on 11-25-16. Not on 2-21-17. I told him that C/O Mr. Wright can't tell me I can't go to the NA/AA Meeting

HALLORAN stated it was per the defendant Ms. COLLINS I couldn't attend.

On 11-6-16 I wrote to the defendant in regard of Not having enough tables nor chairs to sit down and eat inside the unit and I as well as others inmates have to eat standing, also it was dirty and unsanitary. On 11-15-16 he wrote me a bugs reply saying he did forward my request to the kitchen where it is not the kitchen supervisor duty. Since feeding was being conduct in the units Not chow hall he was deliberate indifferent in managing issues whithin within his areas of responsibilities of unit manager and custodial supervisor I filed a level-1 and a level-2 grievances both were denied see: IGP #140-17-104.

CONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION:

Claim:

XXXIII: VIOLATION OF MY 14th amend TO MY U.S.
CONST RIGHTS. CLAIM-I thru CLAIM XXXIII are incorporate
as if fully re-stated herein.


SUPPORTING FACTS: Defendant C/O MY: MARKOVITZ
On 4-15-17 Went inside my cell #D-101 to conduct
a shake-down with C/O MY: MCNichols. during that
shake-down he broke my CD-PlaYer-(SONY) Model
D-FJ003FP Serial NO: 5036319 the part where you place
the CD. So it can spend-around and Rest on there
while it play.
On 4-26-17 I wrote to defendant L'T MY. Gillette
who was my unit Manager so he can allow me
to send it out to the company for repair that I didn't
mind Paying or he can ask the Property C/O's to get
me one of the broken Part he said no.
On 5-10-17 I Filed a Damaged Property investigation
Form CN9609. on 7-18-17 defendant CC MS: D. CRANE
denied it, stating Per A.D 6.10 all inmate Property is
retained at the inmate own Risk. also
denying me to file a Property claim saying I was
not eligible is she Croze.


the C/O's went inside my cell and broke my
Property who is her to blame me for what her
Co-Worker did when I wasn't even Present she
was the one who Previde the Names of the C/O's
who was touching my stuff.
I Need for them to allow me to purchase a new-one
or send it out to the company since Commissary don't
sale CD-Players no More I own CD's and my things
discharged date is: 1-6-2041 So I Need my

(54)

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION."

Claim:

XXXIV: VIOLATION OF MY 8th and 14th amendments to MY U.S. CONSTITUTIONAL RightS. Claim-I thru Claim:-XXXIV are incorporate as if fully re-stated herein.

SUPPORTING FACTS: Defendant <u>ANETA DHillON RN</u>, She lie and Falsify an incident Report on June 21,-2016 at: 3:30PM, She claim that the other Defendants ask her to review my charts/Medical Files to upon Request by custody inquiring if the Plaintiff has any special order for Foot-Ware. She stated to having Reviewed my Files back to MAY OF 2015, no Current order Noted for special Foot-Ware

She was wrong there was no need for current order when my issue is Permanent and I have a permanent agreement- Settlement if she will check my charts/Medical Files: (I) and (J), She will saw orders of sneakers pictures, Copies of MOTION's For CONTEMPTS Samples of affidavits, amount other's Relate documents, by assistant attorney general and the district Federal Court.

She Failed to have and use the Knowledge, Skill and Care ordinarily Possessed and employed by Members of the Profession in good Standing, by doing So allowing my Serious Medical need for my Sneaker and life to deteriorated Causing Future life term harm to the plaintiff in Violation of his 8th - amendment as to be free from cruel and unusual Punishment.

On 12-7-16 at: 11:00AM this Nurse then wrote on a PATIENT ENCOUNTER/NURSE SICK CALL Form HR401 J 09/14 the Plaintiff worsen Medical Condiction i.e.,

(55)

CONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION?

Continues Pain to his lower back Pain, Pinched Nerves, Needs lift For his ① Foot (states was taken away by Custody) she knew all alone it was taken by the c/os- it was brought to the Plaintiff attention that MS: A.-DHillon hold Some Source of Romantic Personal Relationship with defendant c/o Mr. Bauer). She was Deliberate ~~endless~~ indifference to my Serious Medical Needs.

Claim:

XXXV: VIOLATION OF MY 8th AND 14th AMENDMENTS to MY U.S. CONSTITUTIONAL RIGHTS. Claim-I thru Claim-XXXV are incorporate as if Fully re-stated herein.

SUPPORTING FACTS: Defendant: <u>DONNA ADAMS CONAHA</u><sup>RN</sup>, is the 2ND Shift Head Nurse-correctional, at: Corrigan Corr Center. Who several times did denied me Medical Care on 7-17-16 2ND Shift I was exhibiting Signs of life-threating Symptom's as Defined on the Defendant own Policy A.D 3.12, I had chest Pain, Rapid Palpitations I have a heart issues Medical History. She Just look at me and told me Nothing is wrong with me From a distance no EKG, Nothing.

The Same on 6-17-16 I went to medical with a strong Pain in my groin. so strong it was waking me up my sleep. which is a cyst and I had been at UCONN Health before who was, who diagnose me with that and it was to be Monitor to check Size if it was growing. MRS: CONAHAN only said to me that the Pain in my groin wasn't an issue.

I Filed a grievance against ~~again~~ the defendant on 7-16-16, on 7-20-16 the Medical grievance coordi-nator Defendant Ms: J. Brennan RN did Return →

CONTINUANCE FROM PAGE-3 SECTION:D. "CAUSE OF ACTION":

Without Disposition-(RWD). Which it was Vagues Since She wrote a Disposition stating:
This is a Sick Call issue No attempt at internal-resolution. Seen 7-17-16- Chest Pain was due to Muscular Pain Not Cardiac. See: I&P#:10965.

How the defendants are going to know. it was or Not Cardiac when no examination was conduct no EKG, Nor Physical touch. and how it was (RWD) when defendant MS. J. Brennan wrote on the form as stated above.
On 10-4-16 I Filed an APPeal of Health Service Review FORM CN8901 On 11-18-16 the Director of ~~xxxxx~~ Nursing denied my appeal and upheld the Defendants decision which was a wrong decision. Not only that it was answer a month and two-(2) weeks lated since the defendants are to do it within ten-(10) days.

Defendant MS. CONAha did also Violated my Medical Privacy Since on 6-17-16 when I went to Medical I waited for over an hour on agony for her to finished with the diabetic's insulin Shots, to then came out ~~xxxx~~ asking me would you the one with the Pain it seen to me you're fine Right out in the Medical waiting area she start to discuss my Medical Problem in front of an inmate-(TIM) CNA who was Present I told her to wait until I be inside the examination Room to speak in Private so she could ask me Questions, but she kept on talking about my Medical Problems once I got inside the examination Room without conducting any test she told me I seen fine is Not an Emergency for me to Put a Request for Sick call.
I try to Explain her the situation of my Pain

CONTINUANCE FROM PAGE-3 SECTION: "D" CAUSE OF ACTION:

She only Respond telling me there is Nothing she will do for me. I said I don't Know why there is Nurses. She got Mad and charged me $3.00 in top of that when her own policy Said Not to do that if the C/O was who initiated the Call.

all I can't think is that she want it me out of there to have any type of Sexual encounter with the CNA inmate that was Present since over five- (5) of them Nurses and doctors had been fired over Sexualy Relationship's with inmates at corrigan that included a Psychology Doctor, they're more in to Keeping their Pantys down at work, then to Provide care acting hostile toward the Plaintiff Serious Medical need's. Some Nurses had even face Prison time over (at least one I heard the statistics) at #140- corrigan C.I, in the town of uncasville CT.

I left real upset back to my Housing unit, there I believe C/O Mr. Morin. who ask me what happen I told him I was feeling like slapping somebody after how she did treat me.
it wasn't until Few days after I was accused of having two-(2) weapons on my Person to defend my self from the staff's abused as well as inmates around me, that the ~~defendend~~ defendant after word got around and she was Notified. Pictures were showed and she saw the type of weapon's it was and her as a Nurse Know the type of Damages those weapons could have deliver that, then she want it to look at me as if I was a human, she start to address me with Respect!

(.58.)

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION:

Because the Plaintiff lose the ability to obtain Medical Care on his own while in Prison. I cannot visit a doctor, medical clinic, or hospital on his own, officials have a duty to Provide Care to the Plaintiff. See: DeShaney v. Winnebago County Dep't of - Social Servs., 489 U.S. 189, 199-200, 109 S.Ct. 998 (1989); - Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)("it is but just- that the Public be required to care for the Prisoner, who cannot by reason of the deprivation of his liberty, care for himself." (citation omitted)).

Serious Medical Need: is defined serious when it "has been diagnosed by a Physician as Mandating treatment or... is so obvious that even lay Person would easily recognise the Necessity For a doctor's attention. Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 18- (1st Cir. 1995). and/or when the failure to treat a Prisoner condition could result in further significant injury or the unnecessary and wanton infliction of Pain. See; - Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000).

The defendant on 7-17-16 also did Violated my right to medical Privacy by having a C/O Present there at the Sametime my Medical issues were being address by me and Question by the defendant which is Not only a Konst & federal law Violation by but it Violated their own Policy of Privacy by UCONN HEALTH CMHC - Policy & Procedures NO: A9.01 PRIVACY OF CARE. On 7-26-16 I Filed a grievance on this ~~one~~ 16P#11276, on 8-31-16 ~~respond~~ Defendant Ms. J. BRENNAN RN denied it

CONTINUANCE FROM PAGE-3 SECTION:D. CAUSE OF ACTION=

On 9-2-16 I appeal her denial on 9-26-16 Defendant RONALD J. LABONTE, HSA, CCHP, telling me the C/O-S may be present where care is performed. On 10-4-16 I filed a APPEAL OF Health Services Review form CN8901 and on 11-18-16 my appeal was denied by the director of Nursing.

Claim:

XXXVI: VIOLATION OF MY 1st, 8th, and 14th AMENDMENTS to MY U.S. CONSTITUTIONAL Right's. Claim-I thru Claim-XXXVI are incorporate as if Fully re-stated herein.

SUPPORTING FACTS: Defendant: KARA Phillips was Deliberate indifferent to my serious Medical Needs. She is a Low level line Nurse who in ritaliation Failed to Provide me with Care, by delaying, denying, Providing grossly inadequate care and also she did interfered with the already Prescribed treatment.

I believe at the time she was the Correctional Head Nurse Supervisor on First Shift She always did acted Hostile toward all and every of my serious Medical Needs, and in doing so decide to Play the Role of "gatekeeper= in order to Punish me. Archer V. Dutcher, 733 F.-2d 14, 17 (2d Cir. 1984).

On July 6, 2016 while housed in A-unit cell #A-113 She went to see me to signed a Paper as to go up to UCONN Health outside Hospital. I ask her if I could get my medical special laundry bag so I can continued getting my laundry wash in a special Manner since I have a chronic skin care condition in where I be bleeding and Pus be on my skin due to my contact dermatitis. She said NO! to me that I will never get a damn thing front medical, specially her. I ask what happen

CONTINUANCE FROM Page-3 SECTION: D. "CAUSE OF ACTION-

She went on telling me. oh you SOSA want to be
Making WeaPONS to used it against staff's that is
Why, and Just like that she Retaliated against me
denying me Medical Care. treatment.
She was referring to the Criminal charged case of the
State OF CONN. V. ANDRES SOSA DOCKET NO.: K21N-CRI6-130721-S
in where I Received a 1-(one) year consecutive Sentence
For two-(2) count OF Violation of CONN. GEN. Stat.-
§53A-174A date OF offense 6-17-2016 incident report-
NO: CRCC2016-06-092 in where my Former cellmate
ROLAND EVELL DOB 4-14-1993, told them I had two
Shanks to defend my self of the defendants in this
claim abused that left me injure for life due to
the C/o-s and Medical staff's mistreatment and
lack of Medical Care, e-g, lift, Sneakers, it was
only Fair I have to Protect my self I at no time said
I was going to attack. but defend my self and whats
mine. the U.S. constitution give me a right to
Protect/Defend my self from any bodily harm
done to my Person and/or Property.
Still thats Not a reason for her to discontinued
my on going treatment

on 7-7-16 I wrote to her Supervisor Defendant
RONALD J. LABONTE, HSA, CCHP, who HAPPen to be
Just another Nurse Just like her with a
Prison wall Jail in house tittle i.e. Health
Service administrator-(HSA)(that tittle is not an
official Recognize tittle by the public Health-
Department of the State of Connecticut, but Just
a tittle to collect more tax payers Money in a

(61)   →

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION=

Frivolous way). he reply back on 7-14-16 telling me to discuss his subordinates action about my medical laundry bag with my unit correctional counselor and/or unit Manager, (what an idiot he doesn't even know his duties around his area of responsibilities).

On 5-31-17-(wednesday) I ~~brushed~~ spoke with RN CICILY- ATHENIAN about me Not receiving my lidocaine. Neither my skin care treatment's For three (3) days. She told me, she did handed my request over to Her Boss the DEFENDANT KARA PHILIPS, I saw MS. PHILIPS on 6-1-17 by Mistake while being in the medical area for something else, and MS. PHILIPS told me her self She Fix my care schedule on the computer and that I be call on 6-2-17, I was call but by 6-3-17 LPN-NURSES LAURA WOODS STINNEY, with another JANE doe Nurse, did confirmed to me that the defendant. Must had Removed me out my daily medical care treatment, cause I was not on the care treatment sheet.

On 6-4-17 Nurse- correction LARISSA ANISIMOV told me the same that the defendant PHILIPS, didn't put me on the daily treatment sheet, but then another JANE DOE (DP) LPN-Nurse, did find my treatment sheet inside the Medication-Car ~~Record~~ Record log

my treatment was done For couples of days on the row and then discontinue for days or weeks what good is that going to be. and it is still going on. on 7-14-17 I Filed a medical grievance, against the defendant See: 16P#14851 and the defendant subordinate, (who happen to be defendant JANNINO BRENNAN RN did

(-62)

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION"

Return without Disposition on 7-14-17. denying my due Process, and equal Protection of the law, and medical care treatment.

Defendant Philips Conduct indicates a reckless disregard of the Just rights involving an extreme departure from ordinary care.

Facts Produce by the Plaintiff are evidence in which a reasonable Person Could infer that the defendant's acted with the requisite Mental State of recklessness and Malice. Reaching the level of egregiousness Necessary to be consider "WANTON, reckless, and Malicious clearly violating established Constitutional rights of which a reasonable Person would have Known. Harlow V. Fitzgerald, 457 U.S. 800, 818-819 (1982).

There is no way in this planet the defendants Philips Can say She didn't acted with the requisite Mental State of recklessness and Malice, wanton bad Faith intent to injure the Plaintiff, She as a Correctional Head Nurse Supervisor Knew what She was doing. and I was Not going to let them kill me at #140 corrigan C.I, Nor Slow, Nor Fast!

CLAIM:
XXXVII: VIOLATION OF MY 8th, AND 14th AMENDMENT'S TO MY U.S. CONSTITUTIONAL Rights. Claim I thru Claim-XXXVII are INCORPORATE as IF FULLY re-Stated herein.

SUPPORTING FACTS: Defendant: JENNIFER BENJAMIN, RN, MSN, DPN, CLNC. is the Person in charged of the CORRECTIONAL-Health Services program as the Director of Health and addition Services Unit IN CENTRAL OFFICE For the whole entire DOC.

On 9-4-16 I wrote to the defendants about the defendants at #140-corrigan. Not following A.D 8.9 due to the

(63)

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION".

incorrect handling of the remedy process. On 9-19-17 MRS:- Benjamin wrote to me telling me she will Consult with Defendant MRS: Gallagher regarding my Concerns since it was MRS: Gallagher the one responsible for the A.D 8.9 at the Central Office level. For the mean-time I Just will had to waited while Suffering.

On 8-3-16 I wrote to her who reply on 8-25-16 only to tell me that my medical needs are being addressed as indicated to her by her Subordinates and that this plaintiff have received Continued Support. yeah OK! if I would had received Continued Support I wouldn't had to write to her, I won't have a worse spinal-Cord. I wouldn't got an extra - Criminal Charged. add to my sentence.

at the sametime she Confirmed her Subordinates were aware that I was lacking the lift for my Shoes? So why it took years for them to Fix that. it expired and I am still wearing an old wear-out lift that was mean to be change every six's months, to eight months. She also Confirmed that assistant atty-General Neil Parille indicated that the Court-(meaning this same Court), denied my Special request to order the Shoes on Eastbay. but she failed to do and Conduct her duties within her areas of responsibility and that was to used, what she had failed to have and use the Knowledge Skills and care ordinary ordinarily Possessed and employed by members of the [MEDICAL] Profession in good Standing. W. PAGE KEETON ET. AL PROSSER AND KEETON ON THE LAW OF TORTS. § 32. AT-187 (5th Ed. 1984).

She Don't go listening to a 3rd Party, specially to lawyers as to what is the medical care I need if need it, when is need it. these Peoples operated like if HITLER were Still guiving orders to perform their duties and care

CONTINUANCE FROM PAGE'S SECTION B. CAUSE OF ACTION.

to does entrust to their care under their custody. the defendant were deliberate, indifferent to the Plaintiff Serious Medical needs, were ~~reckless~~ reckless, Wantom and malicious toward the Plaintiff only for the very purpose to inflict intentional emotional distress. She knew the Plaintiff tremendous emotional distress and Physical Pain, and Suffering, including humiliation embarrassment, isolation from fellow Prisoners, loss of sleep, appetite, her extreme and outrageous conduct was done to satisfy their SADISTIC egos.

her Foreseeable and unreasonable risk to the plaintiff Health created bodily harm and economic loss. Cause Mental anguish, Pain and Suffering. this defendant did acted with the requisite Mental state of recklessness and Malice to Plaintiff Necessities to his Medical needs. The law has long accepted that PRISON'S Must Provide for your medical care. SPICER V. WILLIAMSON, 191 N.C. 487 490, 132 S.E. 291, 293 (1926) ("it is but Just that the Public be Required to care for the Prisoner who cannot by Reason of the deprivation of his liberty care for himself").
When the State takes a Person into custody and hold him/her there against his/her will the Constitution imposes upon the States and it's AGENT'S a – "responsibility for his Safety and general well-being DeSHaney V. WINNebago county DEP't OF SOC Serv. – 489 U.S. 189, 103 L.Ed. 2d 249, 109 S. Ct 998 (1989) Id. at 197-200.

On 9-4-16 I wrote to this defendant again regarding medical issues. On 9-19-16 She reply that additionally, your letter identified Some concerns/complaints about Sneakers

→

CONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION.

that May Not be available in the CONN-DOC Commissary
Dept. and that the warden-(at the time defendant ANTONIO-
SANTIago) of the Facility has "Revealed" to her that my
Sneakers-(Size) are available in commissary, and that
I Need to Follow up with my counselor to have them
ordered. a straight-up lie. OK what did he
Revealed to her, where are the damn shoes, she Just
didn't care. She Never call me to follow up.
She went on saying that she have Spoken with the nursing
Supervisor-(who happen to be defendant Kara Philips to be
best of my knowledge) in the Facility who assured the
defendant that this Plaintiff medical needs are being
addressed, and if I am having pain to sign up for
SICK call or have the C/O call medical. and that the
defendant MRS: Gallagher is the person responsible for
A.D 8.9 issues at the central office level.
and with that she did wash her hands with me.


On 10-6-16 she claim to had received in the Health-
Services unit on this dated. So on 10-18-16 she did
Reply back that my undated-correspondence and Inmate
Request Form regarding my Sneakers-Size and medical/-
mental health concerns. So For me to please sign up
For Sick call to discuss your medical concerns with
the medical department. that I was scheduled to see
the mental health practitioner in the "FUTURE". According-
to the scheduler-(who happen to be defendant MS: Jenning-
Brannan RN).
And that MRS: Gallagher is responsible For ADA-issues
at the central office level

(66.)

CONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION:

Since the State of Conn government did eliminated all and every single outside DOC agencies to watch over the DOC actions and to protect inmates Rights e.g. OMBUDSMEN, OFFICE OF PROTECTION and ADVOCACY FOR PERSONS with Disabilities, it is also gone they said there is No-budget So I don't thinks or believe the Federal government stop funding at least the ADA-Office agencies at State level. So; the Defendant's doesn't have to report back to nobody outside of their own chain of command, inmates don't have a Concrete inmate legal aid Program, Nor access to law library, therefore the Defendant abused their Power of authority and the Plaintiff lack of legal Knowledge and outside agencies aid.

the last time I wrote to this defendant was on 6-5-18 about the Chaos with her Subordinates, the lack of Medical/Mental health, Staff's, my medical needs and Pain and Suffering, etc, etc, this defendant Just didn't care no reply!

CLAIM:

XXXVIII: VIOLATION OF MY 8th, and 14th AMENDMENTS to MY U.S. CONSTITUTIONAL RIGHTS. Claim-I thru Claim-XXXVIII are incorporate as if FULLY re-stated herein.

SUPPORTING FACTS: Defendant: COLLEEN GALLAGHER, MA, CADAC, CCHP, The defendant is employed as the Director For Correctional Health Services Program, Quality-improvement Health Services, ADA-issues coordinator at DOC-Central Office and For Facilities of DOC State-wide, She Run the Administrative Directive 8.9 →

CONTINUANCE FROM PAGE 3 SECTION: D- CAUSE OF ACTION:

For inmate's health Services administrative-
Remedy, Prison's, Jail's, and Counties ADA-
Coordinators. DOC/Staff's are her Subordinates and
report to her, she Failed to Protect me and Provide me
with the medical care and treatment I need it she
acted with deliberate indifference to my serious
medical needs, and failed to respond reasonably by not
Providing me with adequate treatment. her deliberate
indifference caused ~~and~~ me a permanent life injuries,
injuries that are going to get worse in the future.

her denial of medical care result in plaintiff suffering for
No Penological Purpose reasons. She is Just evil. See;
ESTELLE V. GAMBLE, 429 U.S. 97, 97 S. Ct. 285 (1976). Lower courts
have defined "serious", the 2ND definition state, that a
serious medical need exists when "the failure to treat a
Prisoner's condition could result in further significant
injury or the unnecessary and wanton infliction of
Pain HARRISON V. BARKLEY, 219 F.3d 132, 136 (2d Cir. 2000). see, e.g.,
CHANCE V. ARMSTRONG, 143 F.3d 698, 702 (2d Cir. 1998).

On 9-27-16 I Filed a ADA-Request For Reasonable-
Accommodations Form CN101902 while at Corrigan C.I
it Never got Process by her Subordinate DEFENDANT
MS. CARLOS (Since she didn't know what in heaven to-
do with my request). On 11-6-16 "CARLOS" Just send me a
reply on an inmate request Form CN9604 saying in
consultation the Former CMHC-administrator she was
informed DOC-Commissary is able to order my Sneakers
size. So cause of that. (which Never happen) my ADA-
request wont be Process. Enclosed Please find the

(68)

CONTINUANCE FROM PAGE-3 SECTION: D. CAUSE OF ACTION:

Documents that you Forwarded to me. I appeal See: 16P#140-17-052A it was Denied on 2-15-17 claiming Lack of appropriate documentation, there is no stated Denial of an accomodation request to appeal, they is no documentation of approved lift, nor request to accomodate with lift, to resumit appropriate request and supporting documentation.

when, all alone it was all and everything properly submitted & the evidence being in my medical records Files since 2000 what this animals are doing to me is a clear crime to humanity.

On 9-30-16 I filed an ADA-Request For Reasonable Accommodations in regard of my skin lack of treatment on 10-20-16 her Subordinate MS. "CARLOS" again do Not process my request & only told me she was going to follow up with medical. I appeal the due process failure See: 16P#140-17-053A on 2-15-17 I did Received a Disposition a double Disposition on one Same Form. that is Not legal the disposition was Denied/REJECTED. Yeah I have no idea as to who hired this Monsters! On 11-25-16 I Filed another ADA-request again the same Nothing.

On 12-29-16 This Defendant "Gallagher" choose to, try to Cover her tracks wrote to me telling me that my ADA appeals (#1738, & #1739) have been received and logged, then on 2-16-2017 She Filed her disposition to my appeals by stating:

Regarding #1738 there is no denial of an accommodation request presented to appeal-(I don't know what type of degree of education she have, on what she was reading From), She blame me instead saying the appeal

(69)

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION"

Process is being misused in this instance. She continued Just saying the Same stupidities as the ones her Subordinates had told me. that There is no disability status that would warrant you - (Plaintiff) to use the ADA request Process nor the appeal Process. (Can you believe that lady - are we from the same planet), She goes on to said: if there is a Program or daily living activity that you feel you cannot engage in with this Shoe then Please "repeat" the Process with appropriate Documentation.

if your doctor has ordered a lift for your house and you have been denied a replacement Please provide that evidence including a Property grievance, so I can address this on your behalf with the facility Physician. (Please in the Name of god what is this lady talking about I mean her Subordinates didn't forward her my - documentation She didn't See all the request, grievance against Property Staff, to the point I was facing an extra - 40-years Sentence due to a New Criminal charged cause of their abused toward me).

On appeal #173g. the Same if does Not Contain the Necessary Paperwork to Process. etc, etc more lies on top of lies, She is talking to me like, if I was a third Party Not the victim who doesn't know what was being and are still being done to me. I mean She was blaming me For every Process failure, Violations, lack of Papers, etc. (everybody and their mothers). that there was no denial of accommodation Sought. She see no denial of services Just the Statement From her Subordinate Defendant MS: CARLOS Stating She would Seek response From Medical, She also ignore my lack of Skin medical treatment, I mean what else would Defendant MS: "CARLOS" Seek response

PAGE- 71 OF 102

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION"

From medical if there wouldn't being no issues, THEN! Finally on May 15th, 2017, She decide to open her eyes, that the Process as Shown in the documents I Provided to her process by her Subordinates Defendants MS: BRENNAN,- and others at #140-Corrigan C.I, reflects incorrect-handling of the remedy process. That the exhaustion of the process is NOT Marked off Nor is the appeal Box, this indeed leaves you to wonder What to do.

then the defendant goes on playing "Naive", oh the disposition is correct and as such you must begin the process over. (over is she insane they mess up not me- she was to granted me my Request Relief and Rule on my favor), then she goes on by saying. This is a training issue that I-(Gallagher) will and have recently taken up with the Quality Resource Management team at UCONN-CMHC and they have agreed to Provide uddated training for staff.

the defendant is lying through her teeths as to shift her responsibilities of failure to properly train her Subordinates the directive 8-9 she is in charged is all about DOC Not UCONN She Knew it is all her & Subordinates Negligent.

What they did to try making me to let things go was transfered me to Cheshire. So on 7-16-17 I did filed a grievance against her 5-15-17 reply on 8-18-17 it was Returned without disposition to be by her Subordinate-(STEPHANIE McCLAIN LPN). See: IGP#-15135.

(51)

CONTINUANCE FROM PAGE-3 SECTION: D "CAUSE OF ACTION:"

instead what the defendant MS "Gallagher" did was to Dismantle the Administrative Directive 8.9, by telling her Subordinate's, when an inmate File any grievance or medical remedies based on the A.D 8.9 to disregard the inmate Remedy exhaustion and Just Placed the inmate on the Prison Doctor list.

this action is to Precluded inmates from complying with the PLRA-Exhaustion requirement. there is no more UCONN CMHC-URC as the Defendants end their contract So it only Mean the plaintiff had hit a dead-end since the Defendant's don't have any duty to answer to nobody outside the CONNECTICUT DOC-SYSTEM. they're Free to denied medical Care and Kill Patients intrust to their care. the Plaintiff is only at the Mercy of this Court.

CLAIM XXXIX: VIOLATION OF MY 8th and 14th AMENDMENTS to MY U.S. CONSTITUTIONAL Rights. Claim-I thru Claim-XXXIX are incorporate as if Fully re-Stated herein.

SUPPORTING FACTS: Defendant: MARY ELLEN CASTRO, DNP, APRN,

is the assistant Director of clinical Services with UCONN-CMHU/URC. who did inter-acted with AAG "Neil PaVille" in regard of Plaintiff Serious Medical Needs. e.g, 12-C Shoes/Sneakers Size etc, as the record Showed She still did acted with Deliberate indifference toward this Plaintiff. serious Medical Needs resulting in the Plaintiff Health getting worse

She Failed to have and use the Knowledge, skill's, and care ordinary possessed and employed by Member

(72.)

CONTINUANCE FROM PAGE-3  SECTION: D. "CAUSE OF ACTION."

of the [Medical] Profession in good standing. W. PAGE
KEETON ET. AL PROSSER AND KEETON ON THE LAW OF TORTS
§32 At 187 (5th Ed. 1984).
this defendant did Nothing to Remedy the wrong being
done to the plaintiff by her Subordinates, Neither did
assist the plaintiff in getting the treatment he Needs
e.g., Sneakers Size 12-C, his lift, and disregard the
duty of Care owe to the Plaintiff. See:
RiCHARD V. McKNIGHT, 521 U.S. 399 (1997), RAMOS V. LAMM,
639 F.2d 559 (10th Cir. 1990).

the defendant acted against the Plaintiff make MS.:-
CASTRO liable under §1983, §1985 (3). there is a
genuine issue (s) of Material Fact as to whether the
Plaintiff Selective treatment was "based on...Malicious
or bad Faith intent to injure a Person, Since her
actions were Not "rationally related to a
legitimate government Purpose. CHAMPION V. ARTUZ,-
76 F.3d 483, 486 (2d Cir. 1996)(Quoting Seberal-Perez V.-
HECKler, 717 F.2d 36, 41 (2d Cir. 1983).
The defendant actions is Consider an adverse
action. She kept ignoring the Plaintiff aid and medical
call's for medical treatment, telling the Plaintiff to
write to her Subordinates, Not to her. She lie to the
attorney general Office telling AAG- defendant NEIL-
PaTillo. Plaintiff Sneaker Size was available it was
order, when in Fact it Never was, it was Never order
Since their Vendor Never Sale Such Size 12-C. as a
Result the Plaintiff had Suffered Permanent-
life long term, injuries the ones he will Suffer
From such Pain For the Rest of his life on a
daily basis

(73)

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION".

CLAIM XXXX: VIOLATION OF MY 8th AND 14th AMENDMENT to MY U.S. CONST Rights CLAIMS I thru CLAIM XXXX are incorporate as if FULLY re-stated herein.

SUPPORTING FACTS: Defendant NEIL PAVILLE, is an assistant attorney general. Who at all times was Pretty aware of the Plaintiff Needs, e.g. Sneakers Size 12-C being unavailable at the Prison Commissary he was ~~example~~ aware of the settlement agreement language terms, as a public secety officer, as a commissioner of the court's. Instead of doing whats right he failed to Remedy the wrong, and choose to go along with the Rest of the Defendants co-conspired and aid the already mention defendant's in depriv-ing the plaintiff of his serious medical Needs, he did acted with deliberate indifference, willfully in a wantan-hostile Manner only For the Very Purpose of causing harm to the plaintiff in which he was Successful since the plaintiff Not only it is still suffering from the Emotinal stress disorder cause by the single acted of his Negligent's. but the plaintiff also obtain Permanent life term Physical injuries that required daily treatment

his actions were done to the plaintiff only for the

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION."

Very purpose to cause harm and pain, including Future harm. at all time Mr. Parille was on power had the Full legal authority as Not only an assistant atty-gen. but also as a Commissioner of the Court to order the prison authorities, to allow the plaintiff to order his sneakers from an outside vendor, in the same way he and other assistant atty-general had done in the Past, ~~also~~ also as this record Reflect.

Parille could had at least order the defendants at Corrigan to Release the plaintiff sneakers and like they ~~have~~ Confiscated. Since parille himself know the plaintiff while house at MacDougall C-I was allowed to Purchased the sneakers the defendants took from him and instead he Maliciously & willfully choose back up the others defendants lies, by lying himself to the tribunal by Providing the courts with 3rs-parties hearsay False statements that couldn't be maintained by substantial evidence. and he Just went along with it he instead went as far as to filed motions in this same U.S. Dist Court For the Dist of Conn in the case of SOSA V. GREEN et al as to limit this Court Power by stating this court didn't

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION"

had continual continuing Jurisdiction over the Plaintiff settlement-agreement. when in the Past he didn't had no Problem with this court ordering the Defendant's-DOC to Provide for the Plaintiff. Sneakers & Medical Needs.
but NOT this time MR. Parille took every effort to make sure the plaintiff gets, nothing beside Pain and the suffering he have to live with every-day to the end of his life. e.g., see; Blouin V. Spitzer, 356 F.3d 248 (2d Cir.-2004)(B.D.Parker, J., with Sack and Pooler Concurring). The attorney general and an Assistant AG are not absolutely immune for their actions in intervening in the treatment of an incompetent terminally ill patient and requiring life-prolonging treatment over the relatives' and hospital's objection. There is no historical or common-law support for the claim of immunity.  Id at. 357.

CLAIM XXXXI: VIOLATION OF MY 8th and 14th AMENDMENTS TO MY U.S. CONST Right's Claim's I thru CLAIM XXXXI are incorporate, as if FULLY re-stated herein.

SUPPORTING FACTS: Defendant JOHNNY WU M.D. was at the time the Director For UCONN CMHC/URC clinical services who make the last call, /approval decisions For any treatments Recommendations From any of his subordinates Prison Doctors and/or Specialist MR. WU after learning by E-mail about my situati-on, he acted with deliberate indifference toward my serious medical needs' failed to Remedy the wrong as supervisory official he was Personally liable, he was grossly Negligent in Managing his subordinates causing the unlawful conditions

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION"

that would had allow me to receive the need it medical care treatment to my serious medical needs i.e., sneakers 12-C, leg lift. he was put on notice even by his own subordinates, and still failed to remedy the wrong.
as a result the plaintiff have substain permanent physical injuries for life, the ones that are still inflicting emotinal stress disorder on the plaintiff as well.

he failed to approve the order for my skin soap- (HIBICLENS) ANTISEPTIC SKIN CLEANSER to treat my SUPPURATIVE & GRANULOMATOS DERMATITIS I was diagnosed since JULY 13, 2004. which treatment I had been receiving due to the same settlement-agreement he deviate off the course treatment I was getting and the only reason and/or one of the reasons is that in the state of CT inmates on going treatment change depending the correctional institution you be transfer to as a prisoner. going from one prison to another is like steping in to another country the condictions change(S), but no-matter where I went WU had the power to make it right. he acted with deliberate indifference toward my serious medical needs I have pus, pimples with blood all over. & he failed to remedy the wrong as supervisory official. he was grossly negligent in managing →

(i.4)

CONTINUANCE FROM PAGE-3 SECTION: D." CAUSE OF ACTION"

Subordinates Causing the unlawful conditions

CLAIM XXXXII : VIOLATION OF MY 8th & 14th amendments to MY U.S. CONST Right's Claims I thru Claim XXXXII are incorporate as if Fully re-stated herein.

SUPPORTING FACTS: Defendant MONICA J. FARINELLA DO. Dr. this defendant at all time acted with malicious and Sadistic intent, her desires is to see another person suffer, to denied Medical-Care or to, if provide it will be Inadequate as "gatekeer" in deciding which inmates receive Medical attention and which do Not, in the past this evil lady had seen the plaintiff with a broken wrist and had left the plaintiff like that cause as a doctor at Corrigan C. I. back in 2010 her shift was over & she was going home! I sued her back in 2004 For the Same- She always does denied access to Medical Care See SOSA V. BUDLONG ET. AL. DOCKET 3:04-CV-01496 RNC U.S. DIST COURT, DIST OF CONN. She took over the position as the Director of Medical Services For UCONN CORRECTIONAL Managed Health Care-URC, So She still op Operate as gatekeeper she was who decide whether my treatment Recommendations From prison doctors, outside Doctors - Specialist on the treatment Call to be exercise due to the Dog Diagnosed get approved.

(78)

CONTINUANCE FROM PAGE-3 SECTION: D." CAUSE OF ACTION"

but instead She became a Co-Conspirator and decide to acted with Deliberate indifference toward this plaintiff Serious Medical needs She went along with the officials and her Subordinates who did interfere with plaintiff Prescribed treatment an, act that Not only shocks the Conscience, but is intolerable to Fundamental Fairness. ESTELLE V. GAMBLE, 429 U.S. at 104-05 (emphasis-added).

She intentionally denied and delayed access to Medical care as a result I Suffered pain and decreased health I got Permanent to Pinch-Nerves in my Spine my Right knee loss its Reflects, I am in Constant Pain everyday. e.g. See; HEMMINGS V. GORCZYK, 134 F.3d 104, 109 (2d Cir. 1998)("if symptoms-Plainly called For a particular Medical treatment - i.e., the leg is broken, So it Must be Set; the Person is Not breathing, So CPR must be administered - a doctor's deliberate decision Not to Furnish the treatment - might be actionable..." Steele V. Choi, 82 F.3d 175, 179 - (7th Cir. 1996).

The deprivation had lead to extreme Pain, to include degeneration of plaintiff Health-condition, and the defendant'(s) did it For the very purpose to created intentional infliction of emotional distress, Punish, humilate, & harass the Plaintiff. The plaintiff at the hands of said defendants; did

(79)

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION."

Experienced illness, bodily harm, and economic-loss. The defendant(s) failed to have an use the knowledge, skills, and care ordinarily possessed and employed by members of the [Medical] Profession in good standing. W. PAGE KEETON ET-AL PROSSER and KEETON ON THE LAW OF TORTS - § 32. AT 187 (5th Ed. 1984).

Their actions were wanton, willful, and malicious to inflict pain, & future harm to the plaintiff. One court has held that "deliberate indifference may be ~~inferred~~ inferred. only when the Medical Professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment. TAYLOR V. ADAMS, 221 F.3d 1254, 1259 (11th Cir. 2000). also See: COOPER V. CASEY, 97 F.3d 914, 919 (7th Cir. 1996).

all she need it to do was order the Release of the sneakers ~~wrong~~ wrongfully confiscate by custody & the left leg lift, or give the order, so a new one was order & sneakers be allow

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION."

CLAIM XXXXII: VIOLATION OF MY 8th & 14th amendment to my U.S. CONSt Right's. Claims I thru Claim XXXXII are incorporate as if fully re-stated herein

SUPPORTING FACTS: Defendant Richard Fisher, DDS
after I brake my teeth I went to see the Prison Dentist Dr on 11-17-16 I had swollen gum, inability to chew, loose-tooth, I was in need of a ~~break~~ ROOT CANAL but instead of doing the restoration he want to extract the tooth, he didn't fill a cavity he found, I was bleeding & the swelling were a serious needs, which need would have been obvious to a lay person. See; HORRISON V. BARKLEY, 219 F.3d 132, 138 (2d Cir 2000)- refusal to fill a cavity unless the plaintiff consent to extraction of the other teeth state a claim). MATZER V. HERR, 748 F.2d of 1147-48. also CHANCE V. ARMSTRONG, 143 F.3d of 703-04. (holding allegation that dentist Proposed extraction, rather than saving teeth, for financial reasons stated an 8th amend claims). the Pain was more that I can handle so on 12-14-16 I had to let the teeth be ~~taken~~ taken out. he used excessive force extracting the tooth to the point the tooth blow up destroy every where the floor, a Piece was left inside that had to be taken after a later date.

CONTINUANCE FROM PAGE-3 SECTION: D." CAUSE OF ACTION."

Claim XXXXII : VIOLATION OF MY 8th & 14 amendment to MY U.S. CONST Right's. Claims I thru Claim XXXXII are incorporate as if fully re-stated herein.

SUPPORTING FACTS: Defendant Richard P. Benoit- D.M.D, was at the time the Director Dental- Services for the Correctional Managed Health- Care at UCONN Health care who I wrote to in regard of his subordinate Defendant Fisher. R Wrong doing, and on DEC 7, 2016 he reply telling me Root-canals are not a service Provide by them CMHC/DOC, and are rarely in the Community will Medicaid allow them. Extraction is Consistent with Community standards, and will eliminate all Pain associated with this tooth. Defendant Benoit was Not only Negligent in Providing me Care the or Proper Care in Saving my tooth, but was a Prejudice person by believing Since I am a "LATINO" I be in Medicaid I couldn't have private insurance, his actions Show Causation, he acted with deliberate indifference to my dental needs he had actual knowledge Prior of his subordinate also extracting my tooth, failed to respond- reasonably, instead he Personally Participated in the violation, he aid to established the Policy that led to the action of his subordinate taking my tooth out.

(82.)

CONTINUANCE FROM PaGe-3 SECTION: D." CauSe OF ACTION-

Claim XXXXI: ViolATioN OF MY 8th & 14th amendment to MY u.S. CONST RightS. Claims I thru Claim - XXXXI are iNCorporate as iF Fully re-Stated hereiN.

SUPPORTING FACTS: DeFendant: BARCELONA NUT - COMPANY. was the company who manufactur, the Barrelona Honey Peanuts I was eating the Night I bit the unknown hard plastic object in the peanuts that lead to the loss of the tooth I had Extracted by DeFendants' Richard Fisher, DDS, I did Send the Nut company a letter, Demand letter about the hard Silicon hard Plastic and where I only ask for the amount of $5.000. they Never Reply to me the only thing they did was STOP the Sale of their product in the prison commissary. that Make them liable for Saling a defect product that Couse me a tooth.

CONTINUANCE FROM PAGE-3 OF SECTION: D. "CAUSE OF ACTION"

CLAIM XXXXVI: VIOLATION OF MY 8th & 14th amendment to MY U.S. CONST Right's. Claims I thru Claim - XXXXVI are incorporate as if FULLY re-stated herein

SUPPORTING FACTS: Defendant: Keefe DISTRIBUTOR GROUP-COMPANY is the Major Retailers who carry the defective Product BARCELONA NUT, HONEY Roasted - PEANUTS, that was sold in the Prison's Commissary Manufacture by BARCELONA NUT Company, that let to me damaging my tooth, the Same tooth extracted by Defendant Richard Fisher, DDS

CLAIM XXXXVII: VIOLATION OF MY 8th & 14th amendment to MY U.S. CONST Right's Claims I thru Claim XXXXVII are incorporate as if FULLY re-stated herein.

SUPPORTING FACTS: Defendant corr officer MR. CASSIDY on 9-29-16 2:30AM denied me a Razor to Shave before I go to court depriving me of a basic human Need protect by the 8th amendment he went against his own Regulation and deprived me of Such hygiene item, only because I was Not a permanent party in that unit, A-(unit) but I was similarly situate I was there for a month period. the Policy tell the C/O to give a Shower and allow the inmate to Shave prior of going to court.

(84)                                          →

CONTINUANCE FROM PAGE-3 OF SECTION: D. "CAUSE OF ACTION"

he went on to denied me that right based on the same custom policy C/O-Defendant Bauer did used in the unit Run by defendant lieutenant MICKEY Gillette.

**CLAIM XXXXVIII:** violation of my 8th & 14th Amendment's to my U.S. Constitutional Rights'. claims-I thru claim-XXXXVIII, are incorporate as if fully re-stated herein.

DEFENDANT'S: MOHEGAN Tribes for -

**SUPPORTING FACTS:** failure to train, to supervise and discipline staff's with respect to treatment of inmates supported county liability and since the prison is inside the reservation they're acting as city, or county government ..g., if a public utility company that provides streetlights owe a duty to the general public to properly maintain the streetlights and can be held liable for injuries caused by a non-functioning light. "[t]he existence of a duty is a question of law... If the court determines, as a matter of law, that a defendant owes no duty to a plaintiff, a verdict should be directed because it is merely reaching more speedily and directly a result which would inevitably be reached in the end." Unless some relationship exists between the person injured and the defendant by which the latter owes a duty to the former.

the types of policies & treatments used by the staff's at Corrigan C.I on the plaintiff was so grassly inadequate, that it amount to deliberate indifference to his rights. which actions reflect a deliberate or conscious choice by the municipality. See; CITY OF CANTON V. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197 - (1989); See also; Board of COUNTY COMMRS V. BROWN, 520 U.S. at 407-08.

a Pattern of unconstitutional behavior by staff's is showing which violation of plaintiff rights was "Highly Predictable" or "Plainly Obvious" Id at - 408-10; City OF CANTON, 489 U.S. at 390 & N.10

CONTINUANCE FROM PAGE-3 OF SECTION: D. "CAUSE OF ACTION"

the Violation of Plaintiff rights involved issues as basic to an officials' duties as to make the need for training obvious. e.g.,

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES Local 1 V. STONE, - 502 F.3d 1027, 1038 (9th Cir 2007) "the Power of the Federal courts to grant equitable relief for constitutional violations has long been established. Thus... there is a 'Presumed availability of Federal equitable relief against threatened - INVASIONS of constitutional interest'" (citation omitted); See also DOTSON V. briesa, 398 F.3d 156, 180 (2d Cir. 2005).

The tribes shall have known there is a corr inst in their back yard, where, was design only to be a County Jail but instead they housed Prisoners like the Plaintiff with NON-Sentence Pre-trail detainers So they had the Plaintiff who being Sentence for Since 2001 on a double Murder charges inside a County Jail design & Run Not with a Prison setting for Convicts

(86.)

CONTINUANCE FROM PAGE-3 SECTION: D "CAUSE OF ACTION"

CLAIM XXXXIX: VIOLATION OF MY 8th & 14th AMENDMENTS to MY U.S. CONSTITUTIONAL Rights. Claims- I thru Claim-XXXXIX, are incorporate as if fully re-stated herein.

SUPPORTING FACTS: Defendants is the MUNICIPALITY OF-the TOWN OF UNCASVILLE CT. who have their Prison guards are working as state government officials inside an indian-tribes reservation, and the Correctional officers are aware that the Connecticut Dep't of Corr does not have legal Jurisdiction over the CORRIGAN-RADOWSKI CORR-CENTER, that is why the corrections CENTRAL TRANSPORTATION UNIT are not obligate to transporte any inmate on inmates they don't like e.g, the Plaintiff himself. in where the Plaintiff had being left behind after having an altercation with the transportation c/o·s, this is why the Plaintiff was denied the Duty of care owe to him by the Same who did violated his constitutional rights. the town how failed to Properly train their officers, the lower Rank c/o·s do not follow nor obey their higher Superior officers because they have a full knowledge that No-matter what the state government it self cant Press the c/o·s since the c/o·s have a full knowledge they're Not on state government land

(87.)

CONTINUANCE FROM PAGE-3 OF SECTION: D. "Cause of ACTION"

So what they do when they do it is at the CID'(S)
own will they're all always willing to do whatever
against a Prisoner but not, never willing to
Provide for a Prisoner as required by the law of
the land it is so gross to the point it when a
inmate need outside Medical care it is a Rear
very Rear it the inmate be ~~that~~ taken to to an
outside Hospital directly From corrigan cc, it it is
an inmate like the Plaintiff who they don't like
that inmate have to First be transfer to the
Near Prison or County that Fall'S under the
Conn DOC - Commissioner Jurisdiction blue
Print so that UCONN - Health Hospital under their
Former Contract Can treat the inmate because
it that that inmate to the best of the Plaintiff
Knowledge will fall outside that contract. So

First the inmate will get transfer to trick UCONN -
Health in to believing that Patient came from
that Jail.
at one Point when the Plaintiff was transfer in to
Corrigan cc I went there with two-(2) broken
bones in my right hand I didn't get no treatment
For a month not even a lower level nurse by
the time I was send to see a doctor From corrigan-
cc, to MacDougall C.I a month had Past by

(88)

CONTINUANCE FROM PAGE-3 OF SECTION: D. "Couse OF ACTION"

a Pattern of unconstitutional behavior by the C/O's. & medical staff's including their superiors e.g, wardens & Deputy wardens have been established For a long time. what the defendants did to the Plaintiff at Corrigan CC is better known as: CRUELTY — ~~the treatment~~ aGaiNST HUMANITY.

MONELL V. Department OF Social Servs. 436 U.S. 658, 98 S.-Ct. 2018 (1978). A Practice May Constitute ~~municiepeck~~ ~~municepower~~ Such a custom or usage if it is "Persistent & widespread" SORlUCCO V. New YORK City — POLICE Dept. 971 F.2d 864, 870 (2d cir. 1992). "long-Standing" ANela V. City of Wildwood, 790 F.2d 1063, -1069 (3d cir. 1986)(long-Standing jail Conditions Constituted a municipal custom or usage), cert. -denied, 479 U.S. 949 (1986). or "deeply embedded". KNight V. COYISON, 478 F. SUPP. 55, 59 (E.D. Cal. 1979) the town of uncasnville has the Final authority to make Final Policy under State law i.e, ~~the~~ the Know's corrigan CC is there on what grounds and how they're operating the State ~~board~~ low doesn't give their authority to ~~them~~ Fiscal Court. Jett V. Dallas independent school Dist, 491 U.S. 701, -736-38, 109 S.Ct. 2702 (1989). PEMbOUr V. City of -Cincinnati, 475 U.S. 469, 480, 106 S.Ct. 1292 (1986)-(Plurality opinion). FaRMer V. BreNNaN, — U.S. —, 114-S.Ct. 1970 (1994).

( 89 )

CONTINUANCE FROM PAGE-3 SECTION: D. "CAUSE OF ACTION"

CLAIM L: VIOLATION OF MY 8th & 14th AMENDMENTS to MY U.S. CONSTITUTIONAL Right's. Claim-I thru Claim-L. are INCORPORATE, as if FULLY RE-Stated herein.

SUPPORTING FACTS: Defendant Neil Kline, is an investigator For the State of CONN CHRO-agency on February 7, 2018 he did issued his Findings RE: DRAFT FINDING OF NO REASONABLE CAUSE his Determination was that:
After reviewing all of the evidence on Files in the Commission, he concludes that there is NO reasonable Cause for believing that a discrimatory Practice has been Committed or is being Committed as alleged in the Complaint.

the Plaintiff did raised a Selective treatment claims and Showed to the CHRO he was treated differently From other similarly-Situated individuals and that the the differential treatment was based on impermissible Considerations. SKEHAN V. Village-OF MamaroNeck, 465 F.3d 96, 110 (2d Cir. 2006), - overruled on other grounds by APPEl V. SPiridon, 531 F.3d 138 (2d Cir. 2008). I didn't Failed to Plead that Plaintiff Selective treatment was based on impermissible Considerations such as RACE, intent to inhibit or Punish the exercise of Constitutional right's, Malicious, and bad Faith-

(90)

CONTINUANCE FROM PAGE-3 OF SECTION: D. "CAUSE OF ACTION"

intent to injure the Plaintiff. I Present the existant
of evidence that if review by the defendant would
Permit a finding that Plaintiff treatment was not
reasonably related to any legitimate penological
interests. Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir.
2005).

I Provide the Names of eyes-witness. I let the
defendant know of the existance of camera preservat-
ion. the defendant didn't even bother to talk to my
witness Nor watch the videos. Plaintiff did more than
set forth speculating claims. the defendant failed
to hold Plaintiff Pro-se claims to less stringent
standards than formal pleadings drafted by lawyers
Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173 (1980), citing-
Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594 (1972)
the Plaintiff also did outline the facts constituting the
alleged violation. the minimum required by courts on
complaints based on civil rights statute. see:
Smith v. Meachum, 764 F. SUPP. 260, 261 (D. CONN. 1991)

a complaint need only "outline"... a violation
of the statute or constitutional provision upon
which the plaintiff relies... and connect the
violation to the Named defendants.") Lawler v. Marshall,
898 F.2d 1196, 1199 (6th Cir. 1990); accord, Brownlee v. Conine,-
957 F.2d 353, 354 (7th Cir. 1992) (citation omitted).

(91)

CONTINUANCE FROM PAGE-3 OF SECTION:D." CAUSE OR ACTION"

So what else need it to be show to defendant Mr Kline, who instead of founding a Judgment on behalf of the Plaintiff he decided to Co-Conspired with his other brothers agency-agency (DOC) against the Plaintiff he was Prejudice to the Plaintiff who he treat as "NUISANCE" because this the Plaintiff is a Prisoner.

Mr. Kline as a State employe Refuced Not to Rule against the other's defendants who are State employees officials as well.

On February 7, 2018 he issued his Draft Finding of no reasonable Cause. but on February 22, 2017 Plaintiff received a NOTICE OF FACT FINDING CONFERENCE for 10:0 am on June 1, 2017. on May 26, 2017, another letter was send to Plaintiff to notify me the Conference was Postponed. and that I will receive Notification of his next steps regarding my complaint short.

After that he Just got cold feet, a conference Never happen.

Human right's attorney ROBIN S. KINSTLER FOX on June 27, 2016 spoke to me regarding mediation for my case with the CHRO, no settlement took Place because the DOC Never want to admit their wrong doing the attorney general office don't want to admit DOC-Staff's acted wrong

( 92 )

CONTINUANCE FROM PAGE-3 OF SECTION: D: CAUSE OF ACTION:

So instead they did what they always do dismissed the Complaint. as usual Not to encourage inmates, Such as the Plaintiff, to keep filing this type of Claims with their agency and that is the type of advise the CHRO-agency gets from the DOC legal Affair unit or the AG-Office. forcing the inmate(s) to having to go to the Federal U.S. Dist Court to get Relief.

and the Plaintiff have plenty of evidence to show to this court in regard of the Violation of his U.S. Const Rights, and the defendant un-Professional Misconduct. to the defendants litigation is counterproductive to the correctional - Process creating the atmosphere of confrontation. i.e., "US VERSUS THEM" Mentality. and except in those circumstances when a federal judge takes complete control of a Prison System and governs the Prison by Judicial Fiat, the Plaintiff won't be granted no relief at any state level court's or agencies.

Continuance from page-3 of Section:D. "Cause of Action"

**CLAIM LI:** Violation of my 8th & 14th Amendments to my U.S. Constitutional  —
Right's. Claim-I thru Claim-LI, are incorporate as if fully re-stated
herein:

**Supporting Facts: DEFENDANT.** Corr Officer SHANNON BOWER                   , On October 21,-
2016 I was placed in Restrictive Housing Unit I was issued a class A disciplin-
ary Report  Report Number: **CRCC1610087,** by Reporting Employee Correctional —
Officer **SHANNON BOWER,** the charde was: Public Indecency all of my new street
Christmas  clothing package's, five bottles of fragance oils, e.g.s T-shirts,
towels' I mean all of my stuff's that I was allowed to get send in by family
that you can't get no more send in it was thrown away on purpose that night
it was no mistake everything was pack and inside my locker in a plastic bag
a blind person was able to see that was not garbage, On November 14, 2016 I
filed a Lost/Damaged Property Investigation Form CN 9609, Property Investiga-
tion No.: **140-17-16 (P),** On 11/18/16 it was process by the defendant KIMBERLY-
DALY, and On 1/20/17 it was signed by defendant A.SANTIAGO, who at the time
was the warden of that jail, they admitted that my personal property were-
**accidentally disposed,** so they only offer to replace my stuff not even with
commissary purchase sold by a private vendor that the prison deal with BUT
NOT instead I was only offer to give me state issued T-Shirts & few Boxer's
I was like are they for real & yes they was so I denied that state issued
clothes over things my love's/family send me, I told them that they can let
my family send me the items that it was accidentally disposed of, as usual
I will pay for it all they have to do is allow my clothes & five bottles of
oils that they don't allow no more, so I was taking care of my little things
to make it last me plus it have sentimental values, so they told me I have
the option to file a property claim with the defendant's own board, which
is another one of their jokes, that board can't **NOT** offer me no remedy at
law, since I don't want money I need for me to be allow to replace my
property that is what is going to make me & help me serve my sentence a
little bit more comfortable and the defendant **Kimberly Daly** failed to do
that that is handled at the facility level since she was the administrative-
remedy coordinator at the time therefore her own policy give her that power
to do that the power she shall know she had, and the defendant **ROBERT MARTIN,**
who at the time was the deputy warden of operations,

Continuance from page-3 of Section: D. "Cause of Action"

as such he job title is: **Facility Incoming Property Review Coordinator (FIPRC)**

which is defined as: The unit Administrator at the facility shall designate a facility Incoming property Review Coordinator. The Facility Incoming Property Review Coordinator shall be at the rank of Deputy Warden and be responsible for the authorizing or denying of all requests for incoming property items, including but not limited to, outside tapes and compact discs (CDs). see; **Administrative Directive 6.10 Inmate Property page 1 of 18 Section: (C).**

But instead they choose not to remedy the wrong having the power to do so, as a matter of fact the plaintiff was allowed to get his last christmas clothing package at that same facility years prior to the incident.


**CLAIM LII:** Violation of my 8th & 14th Amendments to my U.S. Constitutional - Right's Claim-I thru Claim-LII, are incorporate as if fully re-stated herein:

**Supporting Facts: DEFENDANT:  Corr Officer Mr. John Doe                    ,** On Oct 21, 2016 did aid in packing my personal property out of my cell during 3rd shift when his co-worker put me in segregation due to a Disciplinary Report C/O Ms. Shannon Bower issued to this plaintiff accused of a class-A offense charge Public Indecency while I was inside my cell report Number: CRCC1610087, he did admit to the plaintiff that he did was there and help packing my property and either him or her throw my personal new clothes by mistake in the garbage, oil's etc, a Lost/Damaged Property Investigation Form-(CN 9609) was completed by the plaintiff, property investigation No.: **140-17-16 (P)** , but they didn't want to allow the plaintiff to get his property replace with the same type of value & quality of personal propery NOT instead they want it to provide the plaintiff with state issue items those items are not provide by a private vendor instead it said clearly it is own by the state since it is made by the state so what is the purpose, in fact I was not getting nothing, at any given time any other c/o could have just take it from me or if damage, or thrown away again I can't file no claim since it was free state cheap issue items make by inmates for inmate's that my personal property was replaced with, & that was the only thing they only offer to the plaintiff there was more things in the Lost/Damaged Property - Investigation Form E.G., Oil's etc , that they didn't even mention to replaced it was all a big joke to them all.

Continuance from page-3 of Section: D. "Cause of Action"

**CLAIM LIII:** Violation of my 8th & 14th Amendment to my U.S. Constitutional Rights.
         Claim-I thru Claim-LIII, are incorporate as if fully re-stated herein:

**Supporting Facts: DEFENDANT: Corr Officer Mr. MORIN**, On June 17, 2016 he did packed my
personal property out of unit-H cell-108 after the plaintiff was placed in segregation
incident report No.: **CRCC2016-06-092** , pending the outcome of criminal charges for two-(2)
counts of violation of Conn. Gen. Stat. §53A-174A criminal Docket No.: K21N-CR16-130721-S,
after my former cellmate ROLAND EUELL #377356 told them the plainitt was in possession of
of those weapons to defend himself from the staff's & inmate's. defendant MORIN in
retaliation when he got to the facility A&P area in the present of property inmate worker
**TONE PUPA** did savage the plaintiff property and trow away all of the plaintiff personal
brown legal folder's, On 7-8-2016 defendant Robert Martin, wrote back to the plaintiff to
cover the wrong action of his coke-head subordinate c/o morin telling the plaintiff that
the folder's were not authorize, the plaintiff have evidence that does legal folder's were
authorized by the facility counselor prior of the plaintiff attorney mailing a large volume
of the plaintiff legal files to the plaintiff at that facility the plaintiff will provide this
court with direct clear evidence of such lie, on 7-11-2016 the plaintiff did filed a Lost/-
Damaged Property Investigation Form (CN9609) the one it was never process by the defendant
and since the plaintiff was placed on Grievance Restriction by defendant correctional -
counselor Ms. Michelle King, he couldn't file no grievance on the issue, nor could the
plaintiff get any injunctive relief by filing a claim with the defendant property board,
nor with the claims commissioner office, since what the plaintiff needs is his folder's
to keep his legal documents in there, and the defendants don't want to provide the folder's
don't want to allow the plaintiff to order it from and outside vendor, neither they don't
sale it in the defendant's prison commissary.

CONTINUANCE FROM PAGE-3 OF SECTION: D. "CAUSE OF ACTION"

**CLAIM LIV:** Violation of my 8th and 14th Amendment to my United States Constitutional Right's Claim-I thru Claim-LIV, are incorporate as if fully re-stated herein:

**Supporting Facts: DEFENDANT: Christina Carole Wright,** On October 26, 2016 did discontinued the plaintiff psychiatry medication treatment I was put on by Psychiatric Doctor **Henry Crabbe** which was 450mg of Wellbutrin, and 150mg of Zoloft, the plaintiff doesn't have an idea as to why the defendant deliberately removed the plaintiff off his on going care treatment, beside doing it in a maliciously and sadistically way for the very purpose to cause harm and mental anguish to the plaintiff, her conduct was wanton, reckless and malicious bad faith intent to injure the plaintiff, her selective treatment toward the plaintiff was based on impermissible consideration, bad faith intent to injure the plaintiff. see; **Skehan V. Village of Mamaroneck,- 465 F.3d 96, 110 (2d Cir. 2006),** overruled on other grounds by **Appel V. Spirion, 531 F.3d 138- (2d Cir. 2008).** in which treatment by the defendant against the plaintiff was not reasonably related to any legitimate penological interest. See; **Phillips V. Girdich, 408 F.3d 124, 129 - (2d Cir. 2005).**

at the time the plaintiff was diagnosed with: 1). Recurrent Major Depression, 2). Paranoid Tendencies, 3). Generalized Anxiety Disorder, 4). PTSD, 5). Severe Attachment- Disorder, 6). Attention Deficit Disorder, 7). Mood Disorder NOS, 8). Intermittent Explosive- Disorder NOS, 9). Impulsive Control Disoder, 10). Antisocial Personality disorder, 11). Self Imposed Hunger Strike.. There are triable issue's on the subjective prong of the plaintiff's claim'(s) for deliberate indifference, due to the absence of written notes to support APRN MS. Wright decision to STOP! medication therapy. e.g., see; **Raudell Mercado V. Dep't of Corr., U.S.D.C. (D.Conn.), Case No. 3:16-cv-01622; 2018 U.S. Dist- LEXIS 87681.** **OLSEN V. LAYTON HILLS MALL, 312 F.3d 1304, 1316 (10th Cir. 2002)**(holding - obsessive-compulsive disorder can be a serious need). **Langley V. Coughlin, 888 F.2d 252, 254- (2d Cir. 1989).**("we think it plain that from the legal standpoint psychiatric or mental health- care is an integral part of medical care.").

On her written medical notes-(10/26/16 at 2PM) she put that there was no evidence of psychosis presents as calm & cooperative, even with medication down discontinued-(D/C) discuss labs & D/C Wellbutrin- he (meaning me the plaintiff) disagrees plus-(+) insists on more medication- (meds), but I-(meaning her) want to evaluate labs off meds, thyroid- (?) (A) ASPD generally- stable (tcket for masturbating) (P) D/C wellbutrin obtain labs, RTC-(I guess this mean return- to care) 6-weeks (after labs done), time went by the labs were done and she didn't return me back to my regular care I did object to her decision in terminating my care also in thyroid testing but I still did the test, which test she never told me the result till this date I don't know it. she refused to put me back on the medication's I was on but that she want to try me

## CONTINUANCE FROM PAGE-3 OF SECTION: D. "CAUSE OF ACTION"

On another medication instead call **CYMBALTA,** which medication it is also good for pain, when any of my physical conditions doesn't professionally are of her concern's plus I was already getting **Gabapentin & a patch,** I then decide not to became her guinea pig, why is she trying a new medication on me when I never did complaint to her in a bad way of the care I was getting when she find me, that medication work fine for me.

She is an Advanced Practice Registered-Nurse license # 6513, which license was issued on-04/01/2016, and expired on 08/31/2017, she got a Registered Nurse License # 79713, she was certified             in silver Spring, MD 20910-3492 as a <u>Clinical nurse Specialist in-Child and Adolescent Mental Health,</u> the certification dates are March 14, 2012 to March 13, -2017 with the clinician's certification # 2011018476.

But she is not certified in the State of Connecticut to work as a **Psychiatric APRN,** she is not even license for that in this state prior or her being hired by DOC and Uconn Health - Correctional Managed Health Care-(CMHC), there is not record by the State of Connecticut Verification of Licensure at the time the plaintiff did request the defendant credential's who so ever, therefore it can be say that at all times she did interact with the plaintiff in a professional manner she did act in excess of her statutory authority, she did not know what she was doing, the plaintiff is a grown men not an adolescent, not a child, how could she have be permit to practice in this state in top of that treat patient's in a prison, how cruel could this be.

As a result of the defendant taking me off my medication psychiatry care I start to feel paranoid tendencies, antisocial, something start to happen to me that I start to make weapon's to defense me self from inmate's & staff's I got in trouble was facing to count of criminal charge that carry one-(1) to twenty-(20) year's so I was facing a total of 40-year sentence on top of the time I am serving for a double murder, the judge recommend a one year sentence to be serve consecutive to the murder charges adding to a total of 43-year sentence the judge also did order for DOC to do a psychiatry evaluation on the plaintiff the one still to this day DOC haven't conduct one, I guess maybe cause the defendant is not license to perform one

also since the prison at the time Corrigan Corr Center didn't have a Psychiatry PhD, MD could have been the reason why the court psychiatry evaluation recommendation was not follow or just only cause they don't care as usual.-the plaintiff have been incarcerated for a 25-year period in which most of his time was spend in lock up not general population, His DOC prison record include many other thing's e.g, stabbing; threat's, causing disturbance, public indecency, the plaintiff had spend lot's of time in segregation which time if add together add up to year's, so how is the defendant going to STOP! my medical psychiatry care treatment cold turkey the duty of care owed to prisoner's is the same as that owed to private patients. see; <u>Bowers V. County of Essex,</u> **118 Misc.2d 943, 461 N.Y.Sup. 1983)**(doctor must prescribe appropriate care even if the sheriff refuses to approve it).

The defendant erroneous treatment decision was made in the absence of professional judgment leading to deliberate indifference liability. **Johnson V. Doughty, 433 F.3d 1001, 1013 (7th -2006).** she was grossly incompetent to my mental care, was inadequate, and so excessive as to shock the conscience, so inappropriate as to evidence intentional maltreatment in violation of plaintiff 8th amendment  Const Right.

CONTINUANCE FROM PAGE-3 OF SECTION: D. "CAUSE OF ACTION"

**Claim LV:** Violation of my 8th and 14th Amendment to my United States Constitutional Right's
        Claim-I thru Claim-LV, are incorporate as if fully re-stated herein:

**Supporting Facts: Defendant:** Andrea C. Reischerl , did co-conspired with defendant Christina-
Carole Wright, to violated the plaintiff Const Right and by doing so depriving him of the
psychiatry medical care her-(Reischerl) self did treat it the plaintiff for many year's, ON
March 17, 2017 she send the plaintiff a letter in response to the plaintiff concern regarding
defendant Ms. Wright , denial of mental health care treatment, she also inform the plaintiff
that she was aware I had contact the State of Connecticut former office of protection and
advocacy persons with disabilities-(this office was put out of services year's ago by the state-
government him self therefore there is no more office to protect disable people in this state)

on this letter she stated that her office does not provide the direct care for persons who are
incarcerated. The  office provides oversight to ensure persons incarcerated receive appropriate
care from the contracted health care vendor, (i.e., Uconn Health Care) correctional Managed-
Health Care-(CMHC), so her duty was to make sure defendant Ms. Wright provide me with medical
psychiatry medication care.

in her letter she goes on by stating she have reviewed my clinical record and have discussed
your case with the current psychiatric provider at Corrigan, Christina Wright APRN, and that
Wright informed her that during my last appointment wright did reviewed my history of
treatment with psychiatry medications and the plaintiff response to those medications. and
that Wright also mentioned offering the plaintiff two different antidepressants that can
address not only depressive symptoms but also address your **chronic pain issues..** that it is
very common when people have comorbid medical issues to choose a medication that can help with
both. that Wright also informed Reischerl that I the plaintiff declined those options and
wanted only **Wellbutrin.**

she then went on avoiding the responsibility by stating her office cannot direct CMHC employee
to prescribe a medication if they feel it is not an appropriate medication,  for the plaintiff
to work with the mental health clinician-(Ms.Wright) at the facility or for me to do her duties
and write to Ms. Wright supervisor at Uconn Health Mr. Dr. Robert Berger. Ms. Reischerl, did
choose to disregard her duty of care owe to the plaintiff since she was working at the central
office for DOC in the DOC Commissioner office in the office in charge to look over such denial
or lack of care but instead she decide to act with deliberate indifference to the plaintiff
serious psychiatry care need's.

When this defendant her self for year's at corrigan did treat the plaintiff with the same
medication prior of her leaving that job a corrigan Corr Center to her new job that is when
defendant Ms. wright, went there to work on that open position  defendant Reischerl left the
plaintiff on that psychiatry care treatment since she was the first one who did prescribed it
her self so she went against her own care treatment.
CODE OF SILENCE: Ms. Reischerl just want it to adhere to the DOC code of silence  Indeed, it
is the standard operating procedure of the Department of Correction to adhere to a strict code
of silence whenever complaints are made against fellow department staff;

Upon information and belief, no employee of the department has ever been disciplined, internally
for unlawful act'(s) for deliberate indifference and/or negligence, for obstruction of an
official investigation or otherwise. she know that untreated mental illnesses can lead to
outbreaks of violence, making conditions less safe and secure a reason as to why the plaintiff
was acting out and was criminally charged.

### CONTINUANCE FROM PAGE-3 OF SECTION: D. "CAUSE OF ACTION"

and the defendant could see that what defendant Ms. Wright was trying to do was to save money by trying to give the plaintiff **Cymbalta** a medication that according to them also can target pain, when the plaintiff was already taking medication for his back injury pain nor is any of my physical medical injury problem mental health staff's concern from a professional point.

defendant Reischerl, was aware of the plaintiff medical & mental health needs not being meet since 2015, she wrote back answer to the plaintiff letter's to her office On October 22, 2015, January 5, 2016, and March 17, 2017, so it is only appear to the plaintiff that he was removed off his psychiatry medical care medication to save money or for punishment, against the ruling in **Estelle V. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976).**

Now seeing that the plaintiff was having no help with the defendant office he went and On January 12, 2017 contact the former State of Conn Office of protection and advocacy for persons with disabilities in regard to the lack of mental health care and the defendant's changing the plaintiff medication by stopping it cold turkey On May 22, 2017 the Human - Services Advocate for this office Maria V. Cruz, did contact the plaintiff who then did open an investigation .

Ms. Cruz contact defendant Reischerl, office who then told Ms. Cruz that the reason'(s) the plaintiff was removed of the welbutrin medication was due to fact in was contraindicated in the plaintiff case given his chronic pain and self-reported treatment resistant depression, so that the plaintiff was offered **ELAVIL or CYMBALTA** which are clinically appropriate. the plaintiff have no idea from where the defendant Ms. Wright got that information from when the plaintiff never did complaint to her about his on going Wellbutrin medication is anything that have been the one medication that have work for him, her statement was not supported by written medical notes which make it more of a third party hearsay statement.

she goes on to tell Ms. Maria that an Advance Practice Registered Nurse (APRN) or doctor have the discretion to change a person's medication regime as long as there is **informed consent,** (and that is the problem the plaintiff never did give Ms. Wright any consent if anything wright wrote that the plaintiff disagree). In terms of discontinuation, a prescriber may decide to discontinue a medication when there is clear and convincing evidence that the medication is: either not beneficial to the person, or the risk outweighs the benefit. now this is a main triable issue of material fact's to be determine by a jury trial.

Then On March 22, 2017 5:09 PM defendant Reischerl send an email to Ms. Maria Cruz stating: the plaintiff has reported multiple times over his DOC history that it did not work for him and/or requested to be taken off for side-effects. **that the plaintiff has a history of documented hoarding of the Wellbutrin medication by te nurses.** Also given that the plaintiff was endorsing hopelessness and passive suicidality on the Wellbutrin. given that it is clinically appropriate to seek alternatives not trialed  and not restart the wellbutrin at this time., and that that was what she think, not what it was the professional thing to do also if the plaintiff was hoarding the medication where it is the disciplinary report or any documentation's at all times the plaintiff went to get his medication it was at the medical unit window where not only the nurse do a mouth check but there is also a Correctional Officer present, so where is the documentation to support those allegation's.

as she said if the plaintiff was feeling suicidal why take him off his medication when he didn't consent to STOP! his care all those false allegations by defendant Reischerl APRN was done only to aid defendant Ms. Wright in covering up her wrongful act, remember they're APRN not Doctor's. on this same above date defendant Reischerl did via email send notice to defendant's **Craig Burns,** her supervisor and to **Robert Berger,** defendant Ms. Wright supervisor at the time.

## CONTINUANCE FROM PAGE-3 OF SECTION: D. "CAUSE OF ACTION"

It wasn't until the plaintiff was transfer back to Cheshire Corr Inst that sometime in June of 2017 Psychiatrist Doctor Ms. MAXINE CARTWRIGHT, MD. did start the plaintiff back on the Wellbutrin-(Bupropion-XL) that when she saw the plaintiff the plaintiff was in so much mental anguish that she start the plaintiff a 300mg of Welbutrin after around two-(2) year's Dr. Ms. Cartwright was transfer to Brigetport Corr Center. so on July 05, 2019 defendant Andrea -

Reischerl, came to the facility the plaintiff is housed Cheshire Corr Inst since the prison at the time didn't have any Psychiatrist Doctor or APRN to cover and this same defendant did renew the plaintiff Wellbutrin medication treatment that show clearly how she did contradict her self how it is all a lie all she did told Maria Cruz, and it also show how it doesn't really matter to then as to what is wrong or right they as staff won't go against theyir DOC co-worker's, because why she didn't object if the plaintiff was hoarding, or the medication was not beneficial or the risk outweighs the benefit.

Defendant Reischerl action of Fraudulent Concealment at the time Ms. Maria Cruz was conducting her investigation in to Defendant Christina Carole Wright, was an acted of practicing the DOC code of silence, failing to have and use the knowledge, skill and care ordinarily possessed and employed by members of the profession in good standing. **W. Page Keeton et al., Prosser and Keeton on the law of Torts § 32, at 187 (5th ed. 1984).**

The defendant failed to utilize ordinary knowledge, skill and care both in diagnosis and in treatment. **Yosuf V. United States, 642 F.Supp. at 428.**

**Claim LVI:** Violation of my 8th and 14th Amendment to my U.S. Constitutional Right's **Claim-I thru Claim-LVI, are incorporate as if fully re-stated herein:**

**Supporting Facts: Defendant: Craig Burns, Psychiatrist Doctor,** is the chief of Psychiatric Services for the whole DOC in the State of Connecticut his duties and responsibilities is to oversee the care provided to inmates in prison general population, he is also the primary supervisor for all & every psychiatrist doctor's or APRN, and psychologist who work within the DOC prison wall's in the Conn prison system.

I wrote to him several times to let him know about the wrong done to me by defendant christina-carole Wright within the last time October 13, 2016 but he never did reply back to my letter/-request, instead who appear to reply back to my letter is his assistant defendant Andrea C. -Reischerl, the defendant duties is to ensure prisoner's receive appropriate care from the contracted health care vendor in this case from the Uconn Health Care Center Correctional Managed Health Care (CMHC) so he is there to make sure that the duty of care owe to the plaintiff by the commissioner of DOC is fulfill. see, e.g., **Satchell V. Dilworth, 745 F.2d 781, 786 (2d Cir. - 1984)**(holding correction and parole commissioners could be named as parties "at least for - purposes of discovery aimed at identifying those of their subordinates who are personally - responsible for the departmental actions complained of").

Nonetheless the defendant is liable under the respondeat superior doctrine citing; **Ashcroft V. Iqbal, ___ U.S. ___ ,129 S.Ct. 1937, 1949 (2009).** also see; **Harvey V. Lavalley, 2009 WL 5219027, *3 (N.D.N.Y., Dec. 31, 2009)**(restating rule permitting - discovery after Iqbal).

The defendant was put on notice of the plaintiff denial of medication via email's by his own subordinate defendant Andrea C. Reischerl, so he failed knowingly to terminate a series of acts by others, which he knew or reasonably should have known would cause other's to inflict constitutional injuries, he is liable for culpable action or inaction in supervision, and

## CONTINUANCE FROM PAGE-3 OF SECTION: D. "CAUSE OF ACTION"

control of subordinates , for acquiescence in the constitutional deprivation by subordinates;
or for conduct that shows a "reckless or callous indifference to the rights of others."

**Claim LVII:** Violation of my 8th and 14th Amendment to my U.S. Constitutional Right's
       **Claim-I throu Claim-LVII, are incorporate as if fully re-stated herein:**

**Supporting Facts: Defendant: Robert Berger, Psychiatric Doctor,** at the time was or it still
the director of psychiatric services the contracted health care vendor at Uconn health Care
for the Correctional Managed Health Care-(CMHC), therefore he at all time had direct
supervision of defendant christina carole Wright APRN, the plaintiff did wrote to this
defendant several times, in which no reply was ever send back to the plaintiff,

On March 22, 2017 at 5:49 PM this defendant was put on notice via email by defendant
Andrea C. Reischerl, in regard  of his subordinate christina carole wright stoping the plaintiff
Wellbutrin medication, but still as a respondeat superior he knowingly failed to terminate a
series of acts by other's, which he knew or reasonably should have known would cause other's
to inflict constitutional injuries, he decide to become an acquiescence in the constitutional
deprivation of the plaintiff right to his treatment by his subordinate, defendant christina -
Wright, he did exhibited conduct that shows a "reckless or callous indifference to the rights-
of the plaintiff.
This defendant is liable as well under the respondeat superior doctrine. see;
**Ashcroft V. Iqbal,** _____ **U.S.** _____ **,129 S.Ct. 1937, 1949 (2009).** by doing so allowing the
continuance of such policy or custom..

## E. PREVIOUS LAWSUITS

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?
___✓___ Yes _____ No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS.")

a. Parties to previous lawsuit:

Plaintiff(s): ANDRÉS SOSA

Defendant(s): SCOTT SEMPLE COMMISSIONER OF CT DOC, ET. AL

b. Name and location of court and docket number HHB-CV-5017848-S SUPERIOR COURT 20 FRANKLIN SQUARE NEW BRITAIN, CT. 06051.

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)
WITHDRAW WITHOUT PREJUDICE, TO BE FILE IN THIS COURT

d. Issues raised: THE SAME AS IN THIS §1983

e. Approximate date of filing lawsuit: JULY 25, 2016

f. Approximate date of disposition: SOMETIME AFTER 3-30-2017.

2. If you have filed other lawsuits in this court in the last ten (10) years that are not related to the acts complained of in Part D, please list them. (If you need additional space, use a blank sheet which you should label "E. PREVIOUS LAWSUITS.")

ANDRÉS SOSA V. THERESA LANTZ DKT NO: 3:09CV0869 (JBA)
ANDRES R. SOSA V. SCOTT SEMPLE, COMMISSIONER OF CORRECTIONS-
ET AL. DKT NO: 3:14-CV-00318 (SRU).

5

CONTINUANCE FROM REQUEST FOR RELIEF PAGE-6 Sec:-F.

The plaintiff pray this honorable court for the request relief:

A. Issue a declaratory Judgment stating:

1. The deprivation of plaintiff sneakers, medical lift, arch support soles is a clear interfering with plaintiff medical treatment in violation of his 8th amend rights.

2. By the defendants not providing the with the proper footwear size & medical lift they willfully have deprived the plaintiff of a basic human need.

3. By the defendant's not allowing, nor honoring the portion of the settlement agreement that allowed for the plaintiff to order his sneakers size 12-c they deprived the plaintiff of a human needs protected by the 8th amend U.S. CONST.

4. By the defendant's treating the plaintiff differently as those similarly situated like him e.g., allowing other's inmates to keep the same brand of sneakers that were confiscated from the plaintiff is a clear equal protection violation protected by the 14th amend U.S. Const at teh same time prohibited by the 8th amend U.S. Const as to be free from cruel and unusual punishment.

5. The defendants restrictions on the plaintiff to not be allow to order the proper footwear size from an outside vendor leaving the plaintiff with no proper size shoes and at the present time leaving the plaintiff with no footwear at all beside state-issue shoes is a clear deprivation of a basic human need protected by the 8th amend, and a violation of the state and its agent's duty of care  as those responsible to the plaintiff safety and well-being.

B. Issue an injunction ordering the defendants to:

1. allow the plaintiff to order his proper footwear size from an outside vendor as he always did.

2. To honor the portion of the settlement agreement that allowed the plaintiff to order his 12-c size sneakers from an outside vendor as permit by that portion of the settlement.

3. Prohibit the defendants by way of permanent injunction from interfering with the plaintiff-settlement/agreement rights to or his sneakers from an outside vendor.

4. To order defendant assistant attorney general Neil Parille, or the A.G-offices to make sure the Conn Department of Correction & its agents to comply with the portion of the settlement/agreement allowing the plaintiff to order his sneakers from and outside vendor and to by allowed to retain those sneakers at any level correctional facility he is housed in the state of Conn.

5. For the defendant's Medical Dept's clinical director's, DOC & its agents by way of permanent injunction to provide the plaintiff with a left leg lift and a podiatry doctor consultation to treat the plaintiff conditions, & to ensured the DOC agents do not interfere again with the plaintiff medical treatment and proper footwear size 12-c.

6. For the Commissioner of Corr Mr. Rollin Cook, and its agent's to immediately arrange for the plaintiff to order his proper size footwear, be seen & treat it by a podiatry Dr. so the plaintiff by provide with a left leg lift.

7. For the Commissioner of DOC by way of permanent injunction provide for the plaintiff basic human needs.

8. For the defendant's DOC and its agents to be order by this court as a remedy of an injunction to "[allowed] the plaintiff to order [his] shoes/sneakers as usual, to return back to the plaintiff the sneakers the defendant's are still holding at corrigan CC that they confiscated, including all other of the plaintiff personal property, to allow for the plaintiff to replace all of his clothing property the defendants did admitted throwing away on Oct 21, 2016, there is outside vendor the plaintiff can purchase the same type of clothes they throw away.

For the defendant's to allowed for the plaintiff to replace all of the brown folder they did confiscated and throw away to place his legal document's in there the plaintiff had suffered an Irreparable harm since the type of legal property, clothes, and many items the defendants had confiscated, destroy, or throw-away, there is a lack of an adequate remedy at law since the property claims board offer by the defendant's and by the Claims – Commissioner in accordance with Conn. Gen. Stat. §18-81y only will provide the plaintiff if so with money and the plaintiff need his personal property instead to finish his sentence.

9. Issue a declaratory Judgment stating also that Administrative Directive-6.10 Inmate Property (hereinafter A.D 6.10) to guide officers in the DOC in selecting the property inmates may posses if authorized for retention upon admission to the facility, issued while in custody, purchased in the facility-commissary, or approved at the facility in accordance with (A.D. 6.10).

That (A.D. 6.10) is discriminatory upon the whole Conn DOC inmates population in custody of the DOC since every level facility-(in the plaintiff case level-4 facilities) have a facility Incoming Property Review Coordinator – (hereinafter FIPRC) who is at the rank of deputy warden responsible for the authorization or denying of all request for incoming property items such power in denying incoming property item's in to the facility is discriminatory in nature, it do created disparities between the inmates similarity situated at the same level facilities, whether at another town within the same state limits and under the same Commissioner of Corrections Custody Jurisdiction

The same power granted to the (FIPRC) created confusion, aggravations, – Unlawful deprivation of property, economic loss, **litigation cost, time consuming, is against the inmates constitutional right as to keeping his personal property, it coerced the Officer's to act in excess of their statutory authority in violation of plaintiff's 1st, 8th, & 14th U.S. Const rights, in this case including pain & suffering, deprivation of the plaintiff basic human needs while having a clear state of mind.**

2

**C. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMUNTS:**

   **1.** $350,000 jointly and severally against each defendant's for pain & suffering, interfering with the medical treatment once prescribed, unlawful deprivation of basic human needs, emotional injuries sustained as a result of plaintiff lift, soles, and proper size sneakers deprivation, for unnecessary infliction of pain and suffering to include physical injuries sustained as a result of failure to properly train their's officer's and agent's by the town and/or indian reservation authorities, & as a result of all of the above mention.

   **2.** $350,000 jointly and severally against each defendant's for the deprivation of plaintiff sneakers, lift & economic loss that lead to his permanent life injuries.

   **3.** $1,000,000 on future damages for pain & sufferings'.

**D.** Award Punitive Damage in the following:

   **1.** $250,000 against the defendant's due to the every single day the plaintiff was without his sneakers, leg lift, & the lot of proper footwear size, & due to the interference of the on going medical treatment.

**F. Award the plaintiff any other amount of compensatory damages against the defendant's for the present & future harm as it may appear to this Honorable Curt that the already injured plaintiff is entitled.**

**G. Award of cost and expenses;**

**H. Award of attorneys' fees;**

<div align="center">

**DEMAND FOR JURY TRIAL**

</div>

   plaintiffs demand a jury trial as to all issues triable by a jury.

## F. REQUEST FOR RELIEF

I request the following relief:

**2,000,000.oo**

<p align="center">SEE; ATTACHED</p>

## G. JURY DEMAND

Do you wish to have a jury trial?  Yes __✓__   No _____

_____      _____
Original signature of attorney (if any)      **Plaintiff's Original Signature**

ANDRES SOSA #260589 PRO-SE
_____      _____
Printed Name **ANDRES SOSA.#260589**      Printed Name

CHEShire CORr INST
_____
900 Highland ave cheshire ct. 06410-1668
_____
( )                                    (203) 651-6066
Attorney's full address and telephone   Plaintiff's full address and telephone

_____      _____
Email address if available              Email address if available

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __CHEShire_____ on __6-3-2019_____.
              (location)                    (date)

_____
                              **Plaintiff's Original Signature**

(Rev. 9/22/09)