UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDRES R. SOSA,<br>    Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:20cv382(VLB) |
| | : |
| CORRECTIONAL OFFICER<br>CHRISTOPHER SWEET, ET AL.,<br>    Defendants. | :<br>:<br>:<br>: |

RULING ON MOTION FOR RECONSIDERATION
AND MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff, Andres R. Sosa ("Sosa"), is currently incarcerated at Cheshire Correctional Institution. He initiated this action by filing a complaint against forty-eight employees of the State of Connecticut Department of Correction, the Barcelona Nut Company, the Keefe Distribution Company, State of Connecticut Assistant Attorney General Neil Parille, Connecticut Commission on Human Rights and Opportunities ("CHRO") Attorney Neil Kline, Uncasville Mayor Ronald McDaniel, and the Mohegan Tribes Reservation. *See* Compl., Doc. 1. He subsequently filed an amended complaint that named five new Department of Correction employees in addition to the forty-eight employees named in the complaint.[1] *See* Am. Compl., Doc. No. 10. On February 3, 2021, the Court

---

[1] The Amended Complaint named the following Department of Correction employees: Correctional Officers Sweet, Evans, Bower, Markovitz, Bauer, Cassidy, Morin, and Doe; Lieutenants Stadalnik, Kudzal, Iozzia, Gillette, Halloran, Eberle, and Chronin; Director of Security Santiago; Deputy Commissioner Quiros; District Administrators Murphy and Maldonado; Wardens Carlos, Faucher, Barone, and Martin; Deputy Warden Zegarzewski; Property Officer Muckle; Correctional Counselors Ramos, King, Collins, Crane, and Dumas; Correctional Counselor/Administrative Remedies Coordinator Daly; Captain Williams; Disciplinary Officer Investigator Nemeth; Commissary Account Manager Palmisano; Commissary Lead Operator Stack; Commissary Manager Supervisor Plus; Commissary Operator Cather; Health Services

dismissed in part allegations asserted in the amended complaint.  *See* Ruling and Order, Doc. No. 15.  Sosa moves for reconsideration of the dismissal of claims against thirty-six defendants and for the appointment of *pro bono* counsel.  For the reasons set forth below, the Court will deny the motion for appointment of counsel and deny the motion for reconsideration, but explain why Plaintiff is not entitled to the relief requested.

I.      Motion for Reconsideration [Doc. No. 25]

Sosa requests that the Court reconsider the dismissal without prejudice of Eighth and Fourteenth Amendment claims asserted in the amended complaint against Correctional Officers Sweet and Evans; Lieutenants Stadalnik, Kudzal, Iozzia, and Eberle; Director of Security Santiago; Deputy Commissioner Quiros; District Administrators Murphy and Maldonado; Wardens Carlos, Faucher, Barone, and Martin; Deputy Warden Zegarzewski; Property Officer Muckle; Correctional Counselors Ramos, King, Collins, Crane, and Dumas; Correctional Counselor/Administrative Remedies Coordinator Daly; Captain Williams; Disciplinary Officer Investigator Nemeth; Commissary Account Manager Palmisano; Commissary Lead Operator Stack; Commissary Manager Supervisor Plus; Health Services Administrator Labonte; Registered Nurse Dhillon, Health

---

Administrator Labonte; Advanced Practice Registered Nurses ("APRN") Wright and Reischerl; Registered Nurses Dhillon, Conahan, and Phillips, Health Services Program Director Benjamin; Nurse/Medical Remedies Coordinator Brennan; Director of Correctional Managed Health Care ("CMHC") Clinical Services Wu; Assistant Director of CMHC Clinical Services Castro; Health Services Program Director Quality Improvement Gallagher; Drs. Dr. Farinella, Burns; Berger; and Fisher; and Director of Dental Services Benoit.  *See* Am. Compl., Doc. No. 10, at 1-26.  Sosa also re-named the Barcelona Nut Company, the Keefe Distribution Company, Assistant Attorney General Parille, CHRO Attorney Kline, Mayor McDaniel, and the Mohegan Tribes Reservation as defendants.  *Id.* at 17-18, 22-23.

2

Services Program Director Benjamin; Nurse/Medical Remedies Coordinator Brennan; Director of CMHC Clinical Services Wu; Assistant Director of CMHC Clinical Services Castro; Dr. Farinella; Health Services Program Director Quality Improvement Gallagher; and Assistant Attorney General Parille.  The Court severed and dismissed the claims asserted against these defendants as improperly joined under Rules 20 and 21, Fed. R. Civ. P.  *See* Doc. No. 15 at 5-8, 12.

Generally, reconsideration will be granted only if the moving party can identify "controlling decisions or data that the court overlooked" and that would reasonably be expected to alter the court's decision.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. L.R. 7(c).  A party's identification of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" may also constitute sufficient reasons to grant a motion for reconsideration.  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted).  A party may not, however, use a motion for reconsideration to re-argue prior issues that have already been decided, present "new theories" or arguments that could have been raised earlier, seek a new hearing "on the merits, or [to] otherwise tak[e] a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). "[W]here litigants have once battled for the court's decision, they should neither be required, nor

3

without good reason permitted, to battle for it again." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d at 1255; Advisory Committee on Rules - 1983 Amendments, citing *RoadwayExpress Inc. v. Piper,* 447 U. S. 752 (1980); *Hall v. Cole,* 412 U. S. 1, 5 (1973).

A party who disagrees with a court's decision may file a timely appeal and a motion for reconsideration should not be allowed to be deployed as a strategic tool for extending an appeal deadline. This principle applies equally where a party seeks to advance an argument previously made on the same grounds rejected by the court, and where a party seeks to advance a new argument it could have but failed to advance in the first instance.

To meet this standard, a motion for re-consideration must be accompanied by "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked." D. Conn. L. Civil R. 7(c).

Under Rule 7(c), D. Conn. L. Civ. R., a motion for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which relief is sought." The Court ruled on the allegations asserted in the amended complaint on February 3, 2021. *See* Doc. No. 15. The motion for reconsideration is dated February 11, 2021 and was filed on February 22, 2021. As such, the motion is not timely.

In addition, the "law of the case" doctrine counsels that, when a court has ruled on an issue, that decision should be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons

4


militate otherwise." *Johnson v. Holder*, 564 F.2d 95, 99 (2d. Cir. 2009) (internal quotation marks omitted).

Even if the Court overlooks the fact that the motion was not filed in a timely manner, the argument raised in the motion does not meet the strict standard applicable to motions for reconsideration. The amended complaint asserted First, Eighth, and Fourteenth Amendment claims that arose during Sosa's confinement at Corrigan-Radgowski from November 2015 to May 2017. *See* Am. Compl., Doc. No. 10, at 28-128. Sosa included allegations regarding: the confiscation of a pair of his Michael Jordan sneakers with an orthotic lift and insoles on November 16, 2015, the confiscation of a second pair of his Nike sneakers with an orthotic lift and insoles seven months later on June 16, 2016, the disposition of a disciplinary report issued to him on June 15, 2016, his placement in various housing units under unconstitutional conditions of confinement in 2016 and early 2017, the loss of various personal property items in June and October 2016, the destruction of his CD player in April 2017, the denial of treatment for his serious mental health needs from October 2016 to June 2017, lack of access to legal materials and telephone calls in 2016 and 2017, pain that he experienced during an inadequate dental procedure performed in December 2016, his tooth that broke as he ate a bag of nuts, the denial of medical treatment for a skin condition and back, chest and groin pain, the improper processing of grievances and grievances appeals in 2016 and 2017, the February 2018 disposition of a CHRO matter, and the failure of Assistant Attorney

General Parille to enforce a settlement agreement entered in another case authorizing Sosa to purchase sneakers through an outside vendor. *Id.*

The Court concluded that the First, Eighth, and Fourteenth Amendment claims arising from the confiscation of items of Sosa's personal property, including two pairs of sneakers with orthotic lifts, the issuance of a disciplinary report, various restrictive conditions of confinement, the denial of medical treatment for several medical conditions, lack of access to legal materials and telephone calls, inadequate dental treatment, a broken tooth, the improper processing of grievances and grievances appeals, the disposition of CHRO matter, and the lack of enforcement of a settlement agreement reached in another federal case, were improperly joined in the amended complaint because those claims were unrelated to the claim that Dr. Burns, Dr. Berger, APRN Reischerl and APRN Wright failed to provide him with treatment for his serious mental health conditions from October 2016 through May 2017 in violation of his Eighth Amendment rights. *See* Doc. No. 15 at 5-8. Pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure, the Court severed and dismissed the First, Eighth, and Fourteenth Amendment claims, other than the Eighth Amendment deliberate indifference to mental health needs claim, without prejudice and informed Sosa that he could pursue the claims in separately filed actions. *Id.* at 12.

Sosa contends without explanation that the Court erred in dismissing the Eighth and Fourteenth Amendment claims asserted against defendants Sweet,

Evans, Stadalnik, Kudzal, Iozzia, Eberle; Santiago, Quiros; Murphy, Maldonado, Carlos, Faucher, Barone, Martin; Zegarzewski, Muckle, Ramos, King, Collins, Crane, Dumas, Daly, Williams, Nemeth; Palmisano, Stack, Plus; Labonte; Dhillon, Benjamin, Brennan; Wu; Castro, Farinella, Gallagher, and Parille (the "Dismissed Defendants") because all of the claims relate to each other.

Sosa has not identified any information attached to or facts alleged in the amended complaint, or anything else in the record that the Court overlooked in determining that the Eighth and Fourteenth Amendment claims asserted against the Dismissed Defendants are related and thus were properly joined in the amended complaint. Rather, he simply disagrees with the Court's finding, asserting they are related without explanation.

Accordingly, the motion for reconsideration of the Court's ruling dismissing Eighth and Fourteenth Amendment claims against thirty-six defendants as unrelated to and improperly joined with the Eighth Amendment claim of deliberate indifference to Sosa's mental health needs is denied.

The Court trusts that the explanation provided will guide Plaintiff's litigation of this case and that he will not file motions in the future seeking to set aside the Court's rulings, whether through reconsideration or otherwise, unless his motion is accompanied by a memorandum of law which meets the stringent applicable standard. It is an abuse of the judicial process to knowingly file a frivolous motion; and abuse of the judicial process is sanctionable.

.

7

**Motion for Appointment of Counsel [Doc. No. 27]**

Sosa seeks the appointment of *pro bono* counsel. Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68-69 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case."). Thus, in a civil case, the decision to appoint *pro bono* counsel for an indigent litigant is discretionary. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).

In considering whether to exercise its discretion, a district court must initially determine whether the *pro se* litigant's claim "seems likely to be of substance." *Id.* at 61. Even if the claim "'is not frivolous, [appointment of] counsel is often unwarranted where the [litigant's] chances of success are extremely slim[.]'" *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003) (quoting *Hodge*, 802 F.2d at 60). Although the Court has determined that the Eighth Amendment deliberate indifference to mental health needs claim is plausible, the Court cannot conclude at this time that Sosa is likely to succeed on the merits of that claim. *See, e.g., Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989) (reiterating the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit.")

Additionally, a litigant must show that he attempted to secure legal representation and assistance independently before a district court will consider the appointment of *pro bono* counsel. *See Hodge*, 802 F.2d at 62. Sosa states

8

that he contacted one law firm and two solo practitioners in November 2020, but neither the attorneys who worked for the firm, nor the solo practitioners were interested in representing him.  Sosa acknowledges that on an unspecified date, he contacted the Inmates' Legal Aid Program ("ILAP") seeking assistance and copies of or information about this Court's Local Rules of Civil Procedure.  He states that in response to his request, he received a copy of the table of contents describing the Local Rules of Civil Procedure.  The Court attaches the table of contents of the Federal Rules of Civil Procedure to this ruling ("Exhibit A") , and notes that this Court's chambers practices are included in the docket of this case [Doc. No. 21]. He does not indicate whether he sought copies of specific local rules after reviewing the table of contents.  He states that he is waiting to receive materials from an Attorney named Nicole Gagnon who works at ILAP.  Sosa has not demonstrated that he is unable to secure the assistance of counsel in litigating this case.

Sosa references an earlier settlement and has not filed his inmate account statement for the period beginning six months prior to the date he file the case to and including the reporting period next preceding the date the statement was filed.  As a consequence, he has not established that he is unable to afford an attorney

Accordingly, the motion for appointment of counsel is denied without prejudice.

9

**Conclusion**

The Motion for Reconsideration, [Doc. No. 25], of the Ruling, [Doc. No. 15], dismissing in part claims asserted in the amended complaint is DENIED with a thorough explanation of the applicable legal standard for Sosa's future reference.

The Motion for Appointment of Counsel, [Doc. No. 27], is DENIED without prejudice. Sosa may file a new motion at a later stage of the litigation of the case, after he has made additional attempts to secure legal assistance independently without success, establishes that he has been and is still indigent, and establishes that his case has likely merit.

SO ORDERED.

Dated at Hartford, Connecticut: September 27, 2021.

                                            /s/
                                **Vanessa L. Bryant**
                                **United States District Judge**

# EXHIBIT A

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Foreword | III |
| Authority for promulgation of rules | V |
| Historical note | VII |

## RULES

| | Page |
|---|---|
| **TITLE I. SCOPE OF RULES; FORM OF ACTION** | |
| Rule 1. Scope and Purpose | 1 |
| Rule 2. One Form of Action | 1 |
| **TITLE II. COMMENCING AN ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS** | |
| Rule 3. Commencing an Action | 1 |
| Rule 4. Summons | 1 |
| Rule 4.1. Serving Other Process | 8 |
| Rule 5. Serving and Filing Pleadings and Other Papers | 8 |
| Rule 5.1. Constitutional Challenge to a Statute—Notice, Certification, and Intervention | 11 |
| Rule 5.2. Privacy Protection For Filings Made with the Court | 11 |
| Rule 6. Computing and Extending Time; Time for Motion Papers | 12 |
| **TITLE III. PLEADINGS AND MOTIONS** | |
| Rule 7. Pleadings Allowed; Form of Motions and Other Papers | 14 |
| Rule 7.1. Disclosure Statement | 14 |
| Rule 8. General Rules of Pleading | 15 |
| Rule 9. Pleading Special Matters | 16 |
| Rule 10. Form of Pleadings | 17 |
| Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions | 17 |
| Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing | 19 |
| Rule 13. Counterclaim and Crossclaim | 21 |
| Rule 14. Third-Party Practice | 22 |
| Rule 15. Amended and Supplemental Pleadings | 23 |
| Rule 16. Pretrial Conferences; Scheduling; Management | 25 |
| **TITLE IV. PARTIES** | |
| Rule 17. Plaintiff and Defendant; Capacity; Public Officers | 27 |
| Rule 18. Joinder of Claims | 28 |
| Rule 19. Required Joinder of Parties | 28 |
| Rule 20. Permissive Joinder of Parties | 29 |
| Rule 21. Misjoinder and Nonjoinder of Parties | 30 |
| Rule 22. Interpleader | 30 |
| Rule 23. Class Actions | 30 |
| Rule 23.1. Derivative Actions | 35 |
| Rule 23.2. Actions Relating to Unincorporated Associations | 35 |
| Rule 24. Intervention | 36 |
| Rule 25. Substitution of Parties | 36 |
| **TITLE V. DISCLOSURES AND DISCOVERY** | |
| Rule 26. Duty to Disclose; General Provisions Governing Discovery | 37 |
| Rule 27. Depositions to Perpetuate Testimony | 46 |
| Rule 28. Persons Before Whom Depositions May Be Taken | 47 |
| Rule 29. Stipulations About Discovery Procedure | 48 |
| Rule 30. Depositions by Oral Examination | 48 |
| Rule 31. Depositions by Written Questions | 52 |
| Rule 32. Using Depositions in Court Proceedings | 53 |
| Rule 33. Interrogatories to Parties | 55 |
| Rule 34. Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes | 56 |

XVI      CONTENTS

**TITLE V. DISCLOSURES AND DISCOVERY—Continued**   Page

- Rule 35. Physical and Mental Examinations ... 58
- Rule 36. Requests for Admission ... 59
- Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions ... 60

**TITLE VI. TRIALS**

- Rule 38. Right to a Jury Trial; Demand ... 63
- Rule 39. Trial by Jury or by the Court ... 64
- Rule 40. Scheduling Cases for Trial ... 64
- Rule 41. Dismissal of Actions ... 64
- Rule 42. Consolidation; Separate Trials ... 65
- Rule 43. Taking Testimony ... 66
- Rule 44. Proving an Official Record ... 66
- Rule 44.1. Determining Foreign Law ... 67
- Rule 45. Subpoena ... 67
- Rule 46. Objecting to a Ruling or Order ... 71
- Rule 47. Selecting Jurors ... 72
- Rule 48. Number of Jurors; Verdict; Polling ... 72
- Rule 49. Special Verdict; General Verdict and Questions ... 72
- Rule 50. Judgment as a Matter of Law in a Jury Trial; Related Motion for a New Trial; Conditional Ruling ... 73
- Rule 51. Instructions to the Jury; Objections; Preserving a Claim of Error .. 74
- Rule 52. Findings and Conclusions by the Court; Judgment on Partial Findings ... 75
- Rule 53. Masters ... 76

**TITLE VII. JUDGMENT**

- Rule 54. Judgment; Costs ... 78
- Rule 55. Default; Default Judgment ... 80
- Rule 56. Summary Judgment ... 80
- Rule 57. Declaratory Judgment ... 82
- Rule 58. Entering Judgment ... 82
- Rule 59. New Trial; Altering or Amending a Judgment ... 83
- Rule 60. Relief from a Judgment or Order ... 83
- Rule 61. Harmless Error ... 84
- Rule 62. Stay of Proceedings to Enforce a Judgment ... 84
- Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal ... 85
- Rule 63. Judge's Inability to Proceed ... 86

**TITLE VIII. PROVISIONAL AND FINAL REMEDIES**

- Rule 64. Seizing a Person or Property ... 86
- Rule 65. Injunctions and Restraining Orders ... 86
- Rule 65.1. Proceedings Against a Security Provider ... 88
- Rule 66. Receivers ... 88
- Rule 67. Deposit into Court ... 88
- Rule 68. Offer of Judgment ... 89
- Rule 69. Execution ... 89
- Rule 70. Enforcing a Judgment for a Specific Act ... 90
- Rule 71. Enforcing Relief For or Against a Nonparty ... 90

**TITLE IX. SPECIAL PROCEEDINGS**

- Rule 71.1. Condemning Real or Personal Property ... 90
- Rule 72. Magistrate Judges: Pretrial Order ... 94
- Rule 73. Magistrate Judges: Trial by Consent; Appeal ... 95
- Rule 74. [Abrogated.]
- Rule 75. [Abrogated.]
- Rule 76. [Abrogated.]

**TITLE X. DISTRICT COURTS AND CLERKS: CONDUCTING BUSINESS; ISSUING ORDERS**

- Rule 77. Conducting Business; Clerk's Authority; Notice of an Order or Judgment ... 96
- Rule 78. Hearing Motions; Submission on Briefs ... 97
- Rule 79. Records Kept by the Clerk ... 97
- Rule 80. Stenographic Transcript as Evidence ... 98

**TITLE XI. GENERAL PROVISIONS**

- Rule 81. Applicability of the Rules in General; Removed Actions ... 98
- Rule 82. Jurisdiction and Venue Unaffected ... 100
- Rule 83. Rules by District Courts; Judge's Directives ... 100
- Rule 84. [Abrogated.]

CONTENTS      XVII

TITLE XI. GENERAL PROVISIONS—Continued    Page
    Rule 85. Title .................................................................................................. 100
    Rule 86. Effective Dates ................................................................................. 101

## APPENDIX OF FORMS

[Abrogated.]

## SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS

    Rule A. Scope of Rules ................................................................................... 104
    Rule B. In Personam Actions: Attachment and Garnishment ........................... 104
    Rule C. In Rem Actions: Special Provisions ...................................................... 105
    Rule D. Possessory, Petitory, and Partition Actions .......................................... 107
    Rule E. Actions in Rem and Quasi in Rem: General Provisions ........................ 108
    Rule F. Limitation of Liability ........................................................................ 111
    Rule G. Forfeiture Actions In Rem .................................................................. 114